| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-2436 B | Trial Court of Massachusetts Superior Court Department County: WORCESTER |
|---|---|---|
| **PLAINTIFF(S)** J.J. REIDY & CO., INC. | **DEFENDANT(S)** AIRWATER CORPORATION | |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Daniel P. Flynn, Bowditch & Dewey, LLP 311 Main Street, P.O. Box 15156, Worcester, MA 01615-0156 Board of Bar Overseers number: 655180 | ATTORNEY (if Known) | |

**Original code and track designation**

Place an x in one box only:
- ☒ 1. F01 Original Complaint
- ☐ 2. F02 Removal to Sup.Ct. C.231,s.104
- ☐ 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- ☐ 4. F04 District Court Appeal c. 231, s. 97 & 104 (after trial) (X)
- ☐ 5. F05 Reactivated after rescript; relief from judgement/Order (Mass.R.Civ.P. 60) (X)
- ☐ 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Breach of Contract | (F) | (X) YES   ( ) NO |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses                                      $_____
  2. Total Doctor expenses                                        $_____
  3. Total chiropractic expenses                                  $_____
  4. Total physical therapy expenses                              $_____
  5. Total other expenses (describe)                              $_____
                                                        Subtotal  $_____
B. Documented lost wages and compensation to date                 $_____
C. Documented property damages to date                            $_____
D. Reasonably anticipated future medical and hospital expenses    $_____
E. Reasonably anticipated lost wages                              $_____
F. Other documented items of damages (describe)                   $_____

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                  $_____
                                                         TOTAL    $_____

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Defendant breached the contract between Plaintiff and Defendant.

                                                         TOTAL   $ 250,000 +

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 12/16/04

AOTC-6 mtc005-11/99
a.o.s.c. 1-2000

A true copy by photostatic process
Attest: _____
Ass't Clerk

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

WORCESTER, SS.                                          CIVIL ACTION NO.

J.J. REIDY & CO., INC.,                )
                                       )          04-2436
                    PLAINTIFF,         )
                                       )
V.                                     )
                                       )
AIRWATER CORPORATION,                  )          **FILED**
                                       )
                    DEFENDANT.         )          DEC 1 8 2004
                                                  ATTEST:
                    **COMPLAINT**
                                                              CLERK
                    **PARTIES**

1.      Plaintiff, J.J. Reidy & Company, Inc. ("J.J. Reidy") is a Massachusetts corporation with a principal place of business at 1260 Main Street, Holden, Massachusetts.

2.      Defendant AirWater Corporation ("AirWater") is a Florida corporation with a principal place of business at 407 Lincoln Road, Suite 12F, Miami Beach, Florida.

                    **FACTS**

3.      On March 21, 2003 J.J. Reidy and AirWater made and entered into a Global Manufacturing and Marketing Licensing Agreement (the "License") wherein J.J. Reidy granted a license to use all of its United States Patents relating to a water production/generation system.

4.      Under the terms of the License, AirWater is required to pay J.J. Reidy a minimum monthly royalty payment of $10,000 per month for a minimum of ten years, or until its last patent expires, whichever is longer.

5.      Under the terms of the License, AirWater promised to commit resources and put

forth best efforts in accomplishing, completing and fulfilling its overall objective to establish and maintain the awareness and exposure of products manufactured by AirWater based on the patents licensed by J.J. Reidy and to enhance sales and future growth of such products.

6. AirWater has failed to make its required monthly royalty payments to J.J. Reidy under the License.

7. AirWater has failed to commit the resources and put forth best efforts in accomplishing, completing, and fulfilling its promise to establish and maintain the awareness and exposure of products manufactured by AirWater based on the patents licensed by J.J. Reidy and to enhance sales and future growth.

### (COUNT I)
### (Breach of Contract)

8. J.J. Reidy repeats and incorporates by reference the allegations contained in paragraph 1 through 7 of the Complaint as if expressly set forth herein.

9. In failing to abide by its obligations under the License concerning royalty payments to J.J. Reidy and efforts to market products based on J.J. Reidy's licensed patents, AirWater has breached the parties' agreement.

10. J.J. Reidy has fulfilled all of its obligations under the License.

11. As a result of AirWater's conduct, J.J. Reidy has suffered damages in an amount to be determined at trial.

WHEREFORE, Plaintiff J.J. Reidy & Co., Inc. respectfully requests that this Court award it damages in an amount to be determined at trial and order such other relief, including reasonable attorneys' fees and costs, as this Court deems equitable and just.

J.J. REIDY & COMPANY, INC.

By its attorneys

_____
Thomas J. Conte (BBO #566092)
Daniel P. Flynn (BBO #655180)
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511

Dated: December 16, 2004

A true copy by photostatic process
Attest: _____
        Asst. Clerk

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

| | |
|---|---|
| WORCESTER, SS. | CIVIL ACTION NO. 04-2436 |

J.J. REIDY & CO., INC., )
)
PLAINTIFF, )
)
V. )
)
AIRWATER CORPORATION )
)
and )
)
AIRWATER PATENTS CORPORATION, )
)
DEFENDANTS. )

FILED FEB 1 6 2005
ATTEST

## FIRST AMENDED COMPLAINT

### PARTIES

1.  Plaintiff J.J. Reidy & Company, Inc. ("J.J. Reidy") is a Massachusetts corporation with a principal place of business at 1260 Main Street, Holden, Massachusetts.

2.  Defendant AirWater Corporation ("AirWater Corp.") is a Florida corporation with a principal place of business at 407 Lincoln Road, Suite 12F, Miami Beach, Florida.

3.  Defendant AirWater Patents Corporation ("AirWater Patents") is a Florida corporation with a principal place of business at 407 Lincoln Road, Suite 12F, Miami Beach, Florida.

### FACTS

4.  On March 21, 2003, Plaintiff J.J. Reidy and AirWater Corp., the predecessor-in-interest to Defendant AirWater Patents, made and entered into a Global Manufacturing and Marketing Licensing Agreement (the "License") wherein J.J. Reidy granted to Defendant

2

AirWater Corp. a license to use all of its United States Patents relating to a water production/generation system.

5. AirWater Corp. assigned its rights and obligations under the License to AirWater Patents on June 25, 2003.

6. Under the terms of the License, Defendants were required to pay J.J. Reidy a minimum monthly royalty payment of $10,000 per month for a minimum of ten years, or until its last patent expires, whichever is longer.

7. Under the terms of the License, Defendants promised to commit resources and put forth best efforts in accomplishing, completing and fulfilling their overall objective to establish and maintain the awareness and exposure of products manufactured by Defendants based on the patents licensed by J.J. Reidy and to enhance sales and future growth of such products.

8. AirWater Patents has failed to make its required monthly royalty payments to J.J. Reidy under the License.

9. Defendants failed to commit the resources and put forth best efforts in accomplishing, completing, and fulfilling their promises to establish and maintain the awareness and exposure of products manufactured by Defendants based on the patents licensed by J.J. Reidy and to enhance sales and future growth.

### (COUNT I)
### (Breach of Contract)

10. J.J. Reidy repeats and incorporates by reference the allegations contained in paragraph 1 through 9 of the Complaint as if expressly set forth herein.

11. In failing to abide by its obligations under the License concerning royalty payments to J.J. Reidy, AirWater Patents has breached the parties' agreement.

12. In failing to abide by their obligations concerning their efforts to market products based on J.J. Reidy's licensed patents, AirWater Patents and AirWater Corp. have breached the parties' agreement.

13. J.J. Reidy has fulfilled all of its obligations under the License.

14. As a result of Defendants' conduct, J.J. Reidy has suffered damages in an amount to be determined at trial.

WHEREFORE, Plaintiff J.J. Reidy & Co., Inc. respectfully requests that this Court award it damages in an amount to be determined at trial and order such other relief, including reasonable attorneys' fees and costs, as this Court deems equitable and just.

J.J. REIDY & COMPANY, INC.

By its attorneys,

_____
Thomas J. Conte (BBO #566092)
Daniel P. Flynn (BBO #655180)
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511

Dated: February 17, 2004

A true copy by photostatic process
Attest: _____
Asst. Clerk

{J:\CLIENTS\lit\304269\0002\00510592.DOC;1}

3

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

WORCESTER, SS.                                    CIVIL ACTION NO. 04-02436B

J.J. REIDY & CO., INC.,                )
                                       )
           PLAINTIFF,                  )         **FILED**
                                       )
V.                                     )         MAR 14 2005
                                       )
AIRWATER CORPORATION                   )         ATTEST:
and AIRWATER PATENTS                   )         _____
CORPORATION,                           )                     CLERK
                                       )
           DEFENDANTS.                 )

### PLAINTIFF'S EMERGENCY MOTION TO AMEND TRACKING ORDER FOR ENLARGING OF TIME FOR SERVICE OF THE COMPLAINT

Pursuant to Massachusetts Rule of Civil Procedure 6(b)(2), Plaintiff J.J. Reidy & Co., Inc. ("JJR") hereby requests on an emergency basis that this Court issue an order amending the tracking order in the above-captioned action by enlarging the time for service of the Amended Complaint until May 16, 2005. In support of this motion, JJR states the following:

1. This action was filed on December 16, 2004.

2. Plaintiff amended its Complaint to add an additional party, AirWater Patents Corporation, on February 17, 2005.

3. To date, Plaintiff has served the Amended Complaint on the Defendants by long-arm service under G.L. c. 223A, but has not yet received confirmation that such service has been effectuated.

4. The ninety (90) day deadline for service of process under Massachusetts Rule of Civil Procedure 4(j) will expire on March 16, 2005.

{J:\CLIENTS\lit\304269\0002\00518309.DOC;1}

5.  Defendants have not yet answered the Amended Complaint.

6.  JJR seeks this additional time to ensure effectuation of service on Defendants.

7.  JJR therefore requests that the Tracking Order be modified as follows:

    1. Service Date:                                         05/16/2005
    2. All motions under Rules 12, 15, 19, and 20 filed:     07/15/2005
    3. Discovery requests and depositions completed:         12/27/2005
    4. All motions under Rule 56 filed and heard:            01/26/2006
    5. Final pre-trial conference and firm trial date set:   02/27/2006
    6. Case disposed                                         04/24/2006

WHEREFORE, for the foregoing reasons, Plaintiff J.J. Reidy & Co., Inc. respectfully requests that this Court issue an order amending the Tracking Order as set forth above and enlarging the time for service of the Amended Complaint up to and including May 16, 2005.

J.J. REIDY & COMPANY, INC.

By its attorneys,

_____
Thomas J. Conte (BBO #566092)
Daniel P. Flynn (BBO #655180)
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511

Dated: March 14, 2004

A true copy by photostatic process
Attest: _____
Asst. Clerk

{J:\CLIENTS\lit\304269\0002\00518309.DOC;1}            2

# COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS

TRIAL COURT OF THE
COMMONWEALTH
SUPERIOR COURT DEPT.
Civil Action No. 04-2436

| | |
|---|---|
| **J.J. REIDY & CO., INC.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**AIRWATER CORPORATION AND AIRWATER PATENTS CORPORATION,**<br><br>**Defendants.** | <br>MAR 2 1 2005<br>ATTEST:<br>CLERK |

## NOTICE OF FILING OF NOTICE OF REMOVAL

Please take notice that on March 18, 2005 the Defendants AirWater Corporation and AirWater Patents Corporation filed with the Clerk of the United States District Court for the District of Massachusetts a Notice of Removal. A copy of the Notice of Removal, exclusive of exhibits, is attached hereto as <u>Exhibit A</u> and filed herewith. A copy of the Notice of Removal having been duly filed with the Clerk of the Worcester Division of the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts, Worcester County and written notice thereof duly given to all adverse parties, in accordance with 28 U.S.C. § 1446(d), the Superior Court shall proceed no further herein unless and until the case is remanded.



DEFENDANTS AIRWATER
CORPORATION AND AIRWATER
PATENTS CORPORATION

By their attorneys,

*/s/ Matthew P. Zayotti*

Richard B. Kirby, BBO #273600
Matthew P. Zayotti, BBO# 638265
KEEGAN, WERLIN & PABIAN, LLP
265 Franklin Street
Boston, Massachusetts 02110-3100
(617) 951-1400

Dated: March 18, 2005

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document(s) was served upon the attorney of record for each other party by ~~hand-delivery~~ - US Mail on March 18, 2005.

*/s/ Matthew P. Zayotti*

A true copy by photostatic process
Attest: Joanne C. [illegible]
Asst. Clerk

2

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

| | |
|---|---|
| J.J. REIDY & CO., INC.,<br><br>Plaintiff,<br><br>v.<br><br>AIRWATER CORPORATION AND AIRWATER PATENTS CORPORATION,<br><br>Defendants. | 05-40049.FDS |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, the Defendants AirWater Corporation and AirWater Patents Corporation hereby file this Notice of Removal of the above-captioned action from the Worcester Division of the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts, Worcester County ("Worcester Superior Court"), Civil Action No. 04-2436 (the "State Court Action"), to the United States District Court for the District of Massachusetts. As grounds for removal, the Defendant states as follows:

1. This is an action for breach of contract over which this Court has jurisdiction by reason of the diversity of citizenship of the parties.

2. At all relevant times and on December 16, 2004, when the Plaintiff J.J. Reidy & Co., Inc. commenced this action in Worcester Superior Court, the Defendant



AirWater Corporation was, and now is, a corporation organized and existing under the laws of the State of Florida, with a principal place of business in Miami Beach, Florida.

3. At all relevant times and on December 16, 2004, when the Plaintiff commenced this action in Worcester Superior Court, the Plaintiff was, and now is, a corporation organized and existing under the laws of the State of Massachusetts, with a principal place of business in Holden, Massachusetts.

4. At all relevant times and on February 16, 2004, when the Plaintiff filed its First Amended Complaint, as a Defendant adding AirWater Patents Corporation, the Defendant AirWater Patents Corporation was, and now is, a corporation organized and existing under the laws of the State of Florida, with a principal place of business in Miami Beach, Florida.

5. The matter in controversy exceeds, exclusive of costs and disbursements, the sum or value of $75,000.00.

6. By certified letter, return receipt requested, dated February 18, 2005, the Plaintiff served on the Defendants for the first time, an original summons and copies of the Civil Action Cover Sheet, Complaint and First Amended Complaint on the Defendant.

7. True copies of the Plaintiff's certified letter, Summons, Civil Action Cover Sheet, Complaint and First Amended Complaint, which constitute all process, pleadings and orders served upon the Defendants in the State Court Action, are attached hereto as Exhibits A, B, C, D and E.

8. This Notice of Removal is being filed within 30 days after the Defendants' first receipt of the Plaintiff's certified letter, Summons, Civil Action Cover Sheet,

Complaint and First Amended Complaint in this action and, therefore, is timely filed under 28 U.S.C. § 1446(b).

9. This Notice of Removal is being filed within one year of the commencement of this action and, therefore, is timely filed under 28 U.S.C. § 1446(b).

10. The Defendants will give written notice of the filing of this Notice of Removal, and a copy of this Notice of Removal will be filed with the clerk of the Worcester Superior Court, as required by 28 U.S.C. § 1446(d).

        DEFENDANTS AIRWATER
        CORPORATION AND AIRWATER
        PATENTS CORPORATION

        By their attorneys,

        _____
        Richard B. Kirby, BBO #273600
        Matthew P. Zayotti, BBO# 638265
        KEEGAN, WERLIN & PABIAN, LLP
        265 Franklin Street
        Boston, Massachusetts 02110-3100
        (617) 951-1400

Dated: March 17, 2005

---

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document(s) was served upon the attorney of record for each other party by ~~hand delivery~~ - US Mail on March 17, 2005

_____

---

3