UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| J.J. REIDY & CO., INC. | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 05-40049-FDS |
| AIRWATER CORPORATION AND AIRWATER PATENTS CORPORATION, | ) ) ) |
| Defendants. | ) ) ) |

### ANSWER OF THE DEFENDANTS, AIRWATER CORPORATION AND AIRWATER PATENTS CORPORATION TO THE <u>PLAINTIFF'S FIRST AMENDED COMPLAINT</u>

The Defendants, Airwater Corporation and Airwater Patents Corporation ("Defendants") answer the Complaint as follows:

1. The Defendants lack sufficient information upon which to admit or deny the allegations contained in Paragraph 1 of Plaintiff's First Amended Complaint and therefore call upon the Plaintiff to prove same.

2. The Defendants admit the allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint.

3. The Defendants admit the allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint.

### FACTS

4. The Defendants admit that on or about March 21, 2003, Plaintiff J.J. Reidy & Co., Inc. and Defendant AirWater Corporation entered into a Global Manufacturing and Marketing License Agreement and further state that such Agreement speaks

    for itself. Further answering, the Defendants state that the remaining allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint state conclusions of law as to which no response is required. To the extent that such allegations are deemed allegations of fact, the Defendants deny them.

5. The Defendants state that the allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint state conclusions of law as to which no response is required.

6. The allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint state conclusions of law regarding the construction and effect of the Agreement as to which no response is required. Further answering, the Defendants state that the Agreement speaks for itself. To the extent that these allegations are deemed to constitute allegations of fact, the Defendants deny them.

7. The allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint state conclusions of law regarding the construction and effect of the Agreement as to which no response is required. Further answering, the Defendants state that the Agreement speaks for itself. To the extent that these allegations are deemed to constitute allegations of fact, the Defendants deny them.

8. The Defendants deny the allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint.

9. The Defendants deny the allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint.

## COUNT I

10. The Defendants repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 9 of Plaintiff's First Amended Complaint as if set forth more fully herein.

11. The Defendants deny the allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint.

12. The Defendants deny the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint.

13. The Defendants deny the allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint.

14. The Defendants deny the allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendants state that the United States District Court for the District of Massachusetts lacks jurisdiction over the subject matter in this case.

### SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendants state that this Court lacks jurisdiction over its person in this case.

### THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendants state that the Plaintiff's First Amended Complaint must fail for improper venue.

### FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendants state that the Plaintiff's Complaint must

fail because of an accord and satisfaction.

### FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendants state that the Plaintiff's claims are barred by the doctrines of laches, waiver, release, estoppel and/or unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendants state that to the extent that the Plaintiff has voluntarily assumed payment or obligation or incurred expense without notice to the Defendants, the Plaintiff has breached the terms and conditions of the subject Global Manufacturing and Marketing Licensing Agreement and, consequently, the Defendants have no obligation to the Plaintiff for any such payment, obligation or expense.

### SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendants state that there is no actual case or justifiable controversy between the Defendants and the Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendants state that the Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

### NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendants state that the Plaintiff's claims are barred, in whole or in part, on the basis that the scope of the obligation requested by the Plaintiff, to the extent that any such contractual obligation exists, exceeds the terms and conditions contained with the subject Global Manufacturing and Marketing Licensing Agreement.

### TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendants state that the case should be dismissed based upon the pendency of a prior action in the state of Florida.

### ELEVENTH AFFIRMATIVE DEFENSE

The Defendants deny each and every material allegation of the Plaintiff's First Amended Complaint except as specifically admitted.

### TWELFTH AFFIRMATIVE DEFENSE

The Defendants deny that the Plaintiff is entitled to the damages claimed or to the relief demanded.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Defendants state that the causes of action alleged in Plaintiff's First Amended Complaint may be barred by the doctrines of res judicata, collateral estoppel, claim preclusion and or issue preclusion.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Defendants state that the Plaintiff's claims against the Defendants are barred because damages or losses experienced, if any, were not due to any act or failure to act of the Defendants, but were caused solely by the acts of a third-party or parties for whose acts or failure to act these Defendants are not responsible.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Defendants state that the damage complained of were caused in whole or in part by the acts of the Plaintiff or its servants or agents, such that they are guilty of breaching the Agreement.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Defendants gave no warranties, express or implied, to the Plaintiff or to anyone acting on the Plaintiff's behalf.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Defendants state that if the Defendants, their agents or servants made any warranties, express or implied (allegations which the Defendants specifically deny), then the Defendants deny that it breached any of the warranties.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Defendants state that if they were liable, negligent, negligent or in breach of any warranty, all of which they expressly deny, the Defendants' liability in any of all of those events has been terminated by the intervening acts or omissions of others for whose conduct the Defendants are not legally responsible.

### NINETEENTH AFFIRMATIVE DEFENSE

The Defendants state that the Plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised its claims herein, and accordingly, said claims are barred by operation of law.

### TWENTIETH AFFIRMATIVE DEFENSE

The Defendants state that Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted to the extent that it seeks damages which are not recoverable under applicable law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Defendants state that the claims set forth in the Plaintiff's First Amended Complaint are barred by the doctrine of novation.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Defendants state that the claims set forth in the Plaintiff's First Amended Complaint are barred due to failure of consideration.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Defendants state that the claims set forth in the Plaintiff's First Amended Complaint are barred due to the Plaintiff's prior material breach of contract, which excused Defendants' performance under the Agreement.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Defendants state that the claims set forth in the Plaintiff's First Amended Complaint are barred due to misnomer of one or more of the Defendants.

WHEREFORE, the Defendants, Airwater Corporation and Airwater Patents Corporation, respectfully request that this Honorable Court dismiss the Plaintiff's First Amended Complaint with prejudice and to award reasonable attorneys' fees, costs and grant such other relief that may be reasonable and just.

THE DEFENDANTS DEMAND TRIAL BY JURY ON ALL COUNTS.

DEFENDANTS
By their attorneys,

*/s/ Matthew P. Zayotti*

Richard B. Kirby, BBO #273600
Matthew P. Zayotti, BBO# 638265
KEEGAN WERLIN, LLP
265 Franklin Street
Boston, MA 02110-3100
(617) 951-1400

Dated: April 1, 2005

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document(s) was served upon the attorney of record for each other party by US Mail/electronic mail on April 1, 2005.

*/s/ Matthew P. Zayotti*