UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-40049-FDS

J.J. REIDY & CO., INC.,

Plaintiff,

v.

AIRWATER CORPORATION AND
AIRWATER PATENTS
CORPORATION,

Defendants.

### DEFENDANTS AIRWATER CORPORATION'S AND AIRWATER PATENTS CORPORATION'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

The Defendants, AirWater Corporation and AirWater Patents Corporation ("AirWater"), hereby move to dismiss this action for lack of personal jurisdiction. In support of this motion, and for reasons more fully stated in the attached Memorandum of Law, Affidavit of Michael J. Zwebner, and Affidavit of Matthew P. Zayotti, Esq., filed herewith, the Defendants state as follows:

1. The Long Arm Statute does not authorize personal jurisdiction over AirWater because AirWater does not transact any business, contract to supply services or things, or have an interest in any real property, in Massachusetts;

2. J.J. Reidy's First Amended Complaint must be dismissed because AirWater lacks the requisite minimum contacts with Massachusetts for purposes of satisfying due process requirements; and

3. Traditional notions of fairplay and substantial justice militate against exercising personal jurisdiction over AirWater.

WHEREFORE, the Defendants AirWater Corporation and AirWater Patents Corporation respectfully request that this Honorable Court dismiss the Plaintiff's First Amended Complaint for lack of personal jurisdiction.

>                    DEFENDANTS AIRWATER
>                    CORPORATION AND AIRWATER
>                    PATENTS CORPORATION
>
>                    By their attorneys,
>
>                    _____
>                    Richard Kirby, BBO# 273600
>                    Matthew P. Zayotti, BBO# 638265
>                    Keegan, Werlin & Pabian, LLP
>                    265 Franklin Street
>                    Boston, Massachusetts 02110-3113
>                    (617) 951-1400

Dated: June 20, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on June 20, 2005.

_____