UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, SS.                          CIVIL ACTION NO. 05-40049-FDS

J.J. REIDY & CO., INC.,                 )
                                        )
                    Plaintiff,          )
                                        )
v.                                      )
                                        )
AIRWATER CORPORATION and                )
AIRWATER PATENTS CORPORATION, )
                                        )
                    Defendants.         )

**OPPOSITION OF PLAINTIFF J.J. REIDY & CO., INC. TO
MOTION OF DEFENDANTS AIRWATER CORPORATION AND
AIRWATER PATENTS CORPORATION TO STAY DISCOVERY**

Plaintiff, J.J. Reidy & Company, Inc. ("Reidy") opposes Defendants AirWater

Corporation ("AirWater") and AirWater Patents Corporation's ("AirWater Patents") Motion

to Stay Discovery pursuant to Fed. R. Civ. P. 26(c).  In support of this Opposition, Reidy

states as follows:

1.      As demonstrated in Reidy's Opposition to Defendants' Motion to Dismiss

for Lack of Personal Jurisdiction and Opposition to Defendants' Motion to Transfer Venue,

Reidy has properly first filed this action in Massachusetts, this Court has personal

jurisdiction over the Defendants, and venue in Massachusetts is proper.

2.      Defendants' motion is merely an attempt to delay the already ongoing

discovery process in this case in an attempt to bolster their arguments to transfer this action

to a venue less convenient to Reidy.

3.      Reidy has already served requests for production of documents and

interrogatories on Defendants on May 17, 2005, to which Defendants have failed to respond

in a timely manner.  <u>Affidavit of Daniel P. Flynn, Esquire in Support of Opposition to Motion to Stay</u>, Exh. A.

4.      Defendants are the wholly owned subsidary of a publicly traded corporation, Universal Communication Systems, Inc., and have far greater resources to litigate this matter than Reidy.  Reidy would be extremely prejudiced by a delay in this action, as Reidy's president and founder, James J. Reidy, is 64 years of age and was dependant on the royalty income from Defendants.

5.      Reidy's claims involve discreet issues of contract interpretation that will likely be disposed of by this Court on a Motion for Summary Judgment.  Discovery has already been initiated and Defendants are simply attempting to draw out this litigation for the purpose of putting financial pressure on Reidy.

6.      Defendants' Motion for lack of Personal Jurisdiction is dilatory and unfounded as they have engaged in purposeful solicitation, negotiation, assignment and performance of their patent licensing agreement with Reidy in Massachusetts which subject them to the Massachusetts long arm statute and satisfy the constitutional requirements of due process.  <u>See</u> M.G.L. c. 223, § 3(a); <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 291 (1980).

WHEREFORE, Plaintiff J.J. Reidy & Company, Inc. respectfully requests that this Court deny Defendants' Motion to Stay Discovery.

Respectfully submitted,

J.J. REIDY & COMPANY, INC.,

By Its Attorneys,

Thomas J. Conte (BBO #566092)
Daniel P. Flynn (BBO #655180)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
(508) 926-3415
FAX: (508) 929-3006

July 19, 2005

## CERTIFICATE OF SERVICE

I, Daniel P. Flynn, hereby certify that I have on this 19th day of July 2005 I served the foregoing by mailing copy thereof, postage prepaid, to:

Richard Kirby, Esquire
Matthew P. Zayotti, Esquire
Keegan, Werlin & Pabian, LLP
265 Franklin Street
Boston, MA 02110-3113

Daniel P. Flynn

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, SS.                    CIVIL ACTION NO. 05-40049-FDS

| | | |
|---|---|---|
| J.J. REIDY & CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AIRWATER CORPORATION and | ) | |
| AIRWATER PATENTS CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**AFFIDAVIT OF DANIEL P. FLYNN, ESQUIRE
IN SUPPORT OF OPPOSITION TO MOTION TO STAY**

I, Daniel P. Flynn, Esquire, on oath depose and say on personal knowledge as follows:

1.      I am an attorney at the firm Bowditch & Dewey, LLC, which represents the Plaintiff in this lawsuit.

2.      Attached hereto as Exhibit A is a true and accurate copy of Interrogatories and Requests for Production of Documents served on Defendants on May 17, 2005.

Subscribed and sworn to under the pains and penalties of perjury this 19th of July, 2005.

_____
Daniel P. Flynn, Esquire

EXHIBIT A



*Bowditch*
*&Dewey*
ATTORNEYS

Direct telephone: (508) 926-3415
Direct facsimile: (508) 929-3006
Email: tconte@bowditch.com

May 17, 2005

Richard B. Kirby
Keegan, Werlin & Pabian, LLP
265 Franklin Street
Boston, MA 02110-3113

Re:     **J.J. Reidy & Co., Inc. v. AirWater Corporation**
        **U.S. District Court - Worcester, MA; Case No. 05-40049-FDS; and**

Dear Mr. Kirby:

     Enclosed please find the following in connection with the above-referenced lawsuit:

1.     Plaintiff J.J. Reidy & Co., Inc.'s Automatic Discovery Disclosure.

2.     Plaintiff's First Request for Production of Documents to Defendant AirWater Patents Corporation; and

3.     Plaintiff's First Set of Interrogatories Directed to Defendant AirWater Patents Corporation.

     Please contact me if you have any questions.

Sincerely,

*[signature]*

Thomas J. Conte

TJC/hlb
Encls.

bcc:    Mr. James J. Reidy

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, SS.                              CIVIL ACTION NO.  05-40049-FDS

J.J. REIDY & CO., INC.,                     )
                                            )
                    Plaintiff,              )
                                            )
v.                                          )
                                            )
AIRWATER CORPORATION AND                    )
AIRWATER PATENTS CORPORATION,               )
                                            )
                    Defendants.             )

**PLAINTIFF J.J. REIDY & CO., INC.'S AUTOMATIC DISCOVERY DISCLOSURE**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and Local Rule 26.2(A), Plaintiff J.J. Reidy & Company, Inc. makes the following automatic required disclosure.

A.    Individuals Likely to Have Discoverable Information Relevant to Disputed Facts Alleged with Particularity.

Name                                 Address

James J. Reidy                       J.J. Reidy & Co., Inc.
                                     1260 Main Street
                                     Holden, MA 01520-1020

Michael Zwebner                      AirWater Corporation and
                                     AirWater Patents Corporation
                                     Suite 12F
                                     407 Lincoln Road
                                     Miami Beach, FL 33139

B.    Copies of Documents, Data Compilations, and Tangible Things in the Possession, Custody or Control of Plaintiff and Relevant to Disputed Facts Alleged with Particularity.

1.    Correspondence and written communications between Reidy and AirWater Corporation ("AirWater"), AirWater Patents Corporation ("AirWater Patents"), Universal Communication Systems, Inc. ("UCS"), and Michael Zwebner ("Zwebner").

2.     Documents relating to the Global Manufacturing and Marketing Licensing Agreement (the "License").

3.     Documents relating to AirWater Patents' failure make its required monthly royalty payments to Reidy under the License.

4.     Documents and correspondence relating to Plaintiff's termination of the License.

C.     Computation of Categories of Damages

1.  Plaintiff's damages are based on Defendants' failure and delay in paying required minimum monthly royalty payments under the License (approximately $22,000), and the sales and profits lost (in an amount to be determined) as a result of Defendant's conduct.

D.     Insurance Agreements

Plaintiff is unaware of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

E.     Right to Supplement

This disclosure is based on information reasonably available to Plaintiff at the time of the preparation of this document.  Plaintiff reserves the right to supplement this disclosure should additional information suitable for disclosure become available.

J.J. REIDY & COMPANY, INC.

By its attorneys,

Thomas J. Conte (BBO #566092)
Daniel P. Flynn (BBO #655180)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
(508) 926-3415
FAX: (508) 929-3006

Dated: May 17, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, SS.                                    CIVIL ACTION NO. 05-40049-FDS

J.J. REIDY & CO., INC.,                           )
                                                  )
                         Plaintiff,               )
                                                  )
v.                                                )
                                                  )
AIRWATER CORPORATION and                          )
AIRWATER PATENTS CORPORATION,                     )
                                                  )
                         Defendants.              )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS TO DEFENDANT AIRWATER PATENTS CORPORATION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff J.J. Reidy &

Company, Inc. ("Reidy") requests that Defendant AirWater Patents Corporation ("AirWater")

produce for inspection and copying the documents described below at the offices of Bowditch &

Dewey, LLP, 311 Main Street in Worcester, Massachusetts.

## DEFINITIONS AND INSTRUCTIONS

1.      The word "document" or "documents" as used herein shall mean any original

written record or graphic matter (or when the original is not in plaintiff's possession, custody, or

control, a carbon or other identical copy), however produced or reproduced and each copy of the

original that contains any attachments, notes or markings not contained in or on the original,

including without limitation the following, whether printed, recorded or produced by hand:

agreements, communications, correspondence, email, telegrams, memoranda, summaries or

records of personal conversations or interviews, diaries, graphs, reports, notebooks, charts, plans

and specifications, drawings, notes, reports, sketches, maps, summaries or records of meetings or

conferences, summaries or reports of investigations or negotiations, progress reports, opinions or reports of consultants, photographs, motion picture film, brochure, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any documents, sound records and transcripts thereof, accounts ledgers, financial records, corporate records, newspapers, magazines and other publications and clippings therefrom, estimates, engineer's reports, licenses, permits, requisitions, invoices, leases, assignments, microfilm, and computer printouts or other data together with any materials required for the reasonable interpretation thereof, in your possession or control, or that of your agents, employees, servants or assigns. A document in the possession, custody or control of another person is considered to be in your possession, custody or control if you have a right or privilege to examine it upon request or demand.

2.      As used herein, the terms "plaintiff" and "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party such as "you" or "your" means the party and, where applicable, its agents, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, representatives and all other persons acting or purporting to act on its behalf.

3.      The term "Complaint" as used herein refers to the complaint and/or amended complaint(s) filed by the Plaintiff in the above-captioned lawsuit.

4.      If any documents responsive to this request have been destroyed, please describe such documents and state: (a) the date of the destruction of such documents; (b) the names of the persons who destroyed such documents; and (c) the reasons why such documents were destroyed.

5.      If you contend that any requested document is privileged or is otherwise not

subject to discovery, please:

      (a)      state the name of each signatory to the document and the capacity in
             which each signed;

      (b)      state the date of the document;

      (c)      state the name of each addressor of the document and the capacity in
             which each was acting at the time he or she addressed the document;

      (d)      state the name of each addressee of the document (including all persons to
             whom copies were sent) and the capacity in which each such addressee
             was addressed;

      (e)      set forth the subject matter of the document; and

      (f)      set forth the specific grounds or reasons asserted for withholding the
             document.

6.      The term "Licensed Patents" as used herein shall refer to the patents licensed to

AirWater  Corporation  and/or  AirWater  Patents  Corporation  pursuant  to  the  Global

Manufacturing and Marketing Licensing Agreement between the parties.

7.      The term "Licensed Products" as used herein shall refer to the Water

Production/Generation System Products, and components thereof, falling under the scope of any

Licensed Patent.

## DOCUMENTS REQUESTED

### Request No. 1

All documents that evidence, reflect or reference all communications between Reidy and

AirWater, whether oral or written, concerning the Global Manufacturing and Marketing

Licensing Agreement (the "License").

### Request No. 2

All documents concerning communications between AirWater and any person or entity, whether oral or written, pertaining to the License for the period from 2000 to date.

Request No. 3

All documents concerning any payments made by AirWater to Reidy pursuant to the License.

Request No. 4

All sublicenses AirWater has entered into concerning or involving the License.

Request No. 5

All correspondence between AirWater and any person or entity concerning each sublicense entered into by AirWater with any person or entity pertaining to the License.

Request No. 6

All accountings of units shipped, units billed, and receivables aging prepared by you concerning the License or Licensed Products.

Request No. 7

All documents concerning AirWater's attempts to establish and maintain the awareness and exposure of products manufactured by or for AirWater based on the Licensed Patents and to enhance sales and future growth.

Request No. 8

All documents concerning any changes AirWater made to goods sold under trademark pursuant to the License.

Request No. 9

All insurance policies concerning sublicensees' sales of Licensed Products.

Request No. 10

All non-compete and non-disclosure agreements concerning AirWater's contracts with any third party manufacturers of Licensed Products.

Request No. 11

All documents concerning any manufacturing agreement entered into by AirWater by any person or entity for the manufacture of Licensed Products.

Request No. 12

All communications between AirWater and Watermaker PVT, Limited of Mumbia, India for the period from 2002 to date.

Request No. 13

All documents concerning sublicenses for Watermaker PVT, Limited of Mumbia, India.

Request No. 14

All documents concerning safety features used in the production of Licensed Products by AirWater.

Request No. 15

All documents and tangible things which you intend to offer into evidence at any trial of this matter.

Request No. 16

All documents concerning any Licensed Products, including, but not limited to, photographs, press releases, sales literature, annual reports, and SEC filings.

Request No. 17

All internal communications, including, without limitation, email, concerning the License, Licensed Patents and/or Licensed Products.

<u>Request No. 18</u>

All documents which evidence, reflect or reference the bases for each affirmative defense

asserted in your answer to the Complaint.

> J.J. REIDY & COMPANY, INC.
>
> By its attorneys,
>
> _(signature)_
>
> Thomas J. Conte (BBO #566092)
> Daniel P. Flynn (BBO #655180)
> Bowditch & Dewey, LLP
> 311 Main Street, P.O. Box 15156
> Worcester, MA 01615-0156
> (508) 926-3415
> FAX: (508) 929-3006

Dated: May **17**, 2005

<u>CERTIFICATE OF SERVICE</u>

I, Thomas J. Conte, hereby certify, that on this 17th day of May 2005, I served a copy of the foregoing by mailing same, postage prepaid, to:

> Richard B. Kirby
> Matthew P. Zayotti
> Keegan, Werlin & Pabian, LLP
> 265 Franklin Street
> Boston, MA 02110-3113

Thomas J. Conte

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, SS.                          CIVIL ACTION NO. 05-40049-FDS

| | |
|---|---|
| J.J. REIDY & CO., INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AIRWATER CORPORATION and | ) |
| AIRWATER PATENTS CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT AIRWATER PATENTS CORPORATION

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff J.J. Reidy & Company, Inc. ("Reidy") directs the following first set of interrogatories to Defendant AirWater Patents Corporation who shall serve an answer, under oath and in writing, within thirty (30) days of service.

## INSTRUCTIONS

(A)    You are to supplement your answers to the following interrogatories in accordance with Rule 33 of the Federal Rules of Civil Procedure.

(B)    If you object to, or otherwise decline to answer, any portion of an interrogatory, provide all information requested by that portion of the interrogatory to which you do not object or otherwise decline to answer.  If you object to an interrogatory on the ground that it is too broad, provide all information that you concede is relevant.  If you object to an interrogatory on the ground that to provide an answer would constitute an undue burden, provide all requested information that can be supplied without undertaking what you claim to be an undue burden.

{J:\CLIENTS\lit\304269\0002\00532401.DOC;1}

## DEFINITIONS

(A)    As used herein, the terms "plaintiff" and "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party such as "you" or "your" means the party and, where applicable, its agents, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, representatives and all other persons acting or purporting to act on its behalf.

(B)    As used herein, the term "document" includes, but is not limited to correspondence, memoranda, email, notes, speeches, press releases, diaries, calendars, appointment books, statistics, letters, telegrams, minutes, contracts, agreements, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, offers, prospectuses, inter-office and intra-office communications, notations or memoranda of any sort of conversations, telephone calls, meetings or other communication, notations or memoranda or any sort of conversations, telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, telefax, invoices, purchase orders, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or aural, records or representations of any kind (including without limitation, photographs, drawings, charts, sketches, graphs, microfilm, videotapes, recordings, motion pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs and recordings) and any other information capable of comprehension by audible or visible means.

(C)    As used herein, the word "person" includes natural persons, proprietorship, partnerships, firms, corporations, public corporations, municipal corporations, federal, state and local governments, all departments and agencies thereof, any other governments, all departments

and agencies thereof, any other governmental agencies, political subdivisions, groups, associations or organizations, including the parties hereto.

(D)     As used herein, the term "identify" means:

When used with reference to a person, to state the person's: full name, present business address, telephone number, or, if unavailable, last known business address, and employer.

When used with reference to a document or written communication, whether or not that document is presently in existence, to state: the date the document bears or bore, or, if undated, the date the document was written or generated; a description of the document, as, for instance, "letter", "memorandum", etc.; a summary of its contents; and its present location and the custodian, or if unknown, its last known location and custodian.  It shall be sufficient in lieu of such identification to produce copies of such documents attached to answers of these interrogatories.   Each such document reproduced shall be designated with paragraph and subparagraph number of the Interrogatory or Interrogatories requiring its identification.

When used in connection with a communication, to state: a description of the subject matter communicated; the date when the communication took place; the means of communication (e.g., personal conversation, correspondence, telephone or telegram); place or places where the communication occurred; and the identity of each person who participated in the communication.

(E)     As used herein, the term "date" means the exact day, month and year, if ascertainable, or if not, your best approximation thereof.

(F)     As used herein, the term "Complaint" means the complaint and/or amended complaint(s) filed by the Plaintiff in the above-captioned lawsuit.

(G)    The term "Licensed Patents" as used herein shall refer to the patents licensed to

AirWater Corporation and/or AirWater Patents Corporation pursuant to the Global

Manufacturing and Marketing Licensing Agreement between the parties.

(H)    The term "Licensed Products" as used herein shall refer to the Water

Production/Generation System Products, and components thereof, falling under the scope

of any Licensed Patent.

## INTERROGATORIES

Interrogatory No. 1

With respect to each of these interrogatories, identify each person consulted in preparing a

response by name, title, and relationship to AirWater Corporation and/or AirWater Patents

Corporations (collectively referred to herein as "AirWater").

Interrogatory No. 2

Identify all persons with knowledge of any matter set forth in the Complaint and as to each, set

forth the subject matter(s) upon which he or she has knowledge.

Interrogatory No. 3

Identify each person whom you expect to call as an expert witness at trial and state:

    a.     the subject matter upon which the expert is expected to testify;

    b.     the substance of the facts and opinions to which the expert is expected to testify;
           and

    c.     the summary of the grounds for each opinion, including the facts or
           assumed facts on which the expert has relied to form the basis for the opinion.

Interrogatory No. 4

Identify all persons, other than expert witnesses, whom you expect to call as witnesses at trial

and for each state the general nature of the facts to which he or she is expected to testify.

Interrogatory No. 5

Identify each document that defendant intends to use as an exhibit at trial.

Interrogatory No. 6

Identify and describe in detail all communications between Reidy and AirWater concerning the Global Manufacturing and Marketing License Agreement (the "License"), making certain to include in your response the date of each such communication, the substance of each such communication, the manner of communication (i.e., correspondence, telephone conference, meeting, etc.), and the identity of the parties to each such communications.

Interrogatory No. 7

Identify and describe in detail each and every payment made by AirWater to Reidy pursuant to the License, making certain to include in your response the date of each such payment, the amount of each such payment, the person or entity who made each such payment, and the method of delivery of each such payment.

Interrogatory No. 8

Identify and describe in detail each and every sublicense agreement that AirWater has executed concerning the Licensed Patents, making certain to include in your response the date of the execution of each such sublicense, the substance of each such sublicense and the identity of the parties to each such sublicense.

Interrogatory No. 9

Identify and describe in detail all communications between AirWater and any person concerning the sublicense of any Licensed Products, making certain to include in your response the date of each such communication, the substance of each such communication, the manner of

communication (i.e., correspondence, telephone conference, meeting, etc.) and the identity of the parties to each such communication.

Interrogatory No. 10

Identify and describe in detail any and all accountings of units shipped, units billed, and receivables aging that AirWater created, making certain to include in your response the date of each such accounting, the date on which such accounting was transmitted to Reidy, and a brief description of the substance of the document.

Interrogatory No. 11

Identify and describe in detail all resources and efforts put forth by AirWater to establish and maintain the awareness and exposure of products manufactured by or for AirWater based on the Licensed Patents and to enhance sales and future growth.

Interrogatory No. 12

Identify each and every specimen of proposed changes in goods sold under trademark that AirWater provided to Reidy, making certain to include in your response the date that each specimen was provided to Reidy, the nature of each such specimen, and the address to which each specimen was sent.

Interrogatory No. 13

Identify and describe in detail any and all non-compete and non-disclosure agreements entered into between Reidy and any third party manufacturer of Licensed Products, making certain to include in your response the date each such agreement was entered into, the substance of each such agreement, and the identity of the parties to each such agreement.

Interrogatory No. 14

Identify and describe in detail each and every insurance policy concerning the production and sale of Licensed Products that names Reidy as an additional insured with respect to any claims made against Reidy as a result of AirWater's or any of its sublicensees' sales of Licensed Products, making certain to include in your response the date of each such insurance policy, the duration of each such insurance policy, the amount of coverage provided to Reidy under each such insurance policy, the named insured of each such insurance policy, and a brief description of the substance of each such insurance policy.

Interrogatory No. 15

Identify and describe in detail all communications between AirWater and Watermaker PVT Limited of Mumbia, India, making certain to include in your response the date of each such communication, the substance of each such communication, the manner of communication (i.e., correspondence, telephone conference, meeting, etc.), and the identify of the parties to each such communication.

Interrogatory No. 16

Identify and describe in detail each sublicense contract between AirWater and any third parties that AirWater has delivered to Reidy, making certain to include the parties to each such sublicense contract, the date of contract, the essential terms of the contract, and the date of transmittal to Reidy.

Interrogatory No. 17

Identify and describe in detail any changes AirWater has made to goods sold under trademark pursuant to the License.

Interrogatory No. 18

Identify and describe in detail each and every safety feature used in the production of the

Licensed Products by AirWater.

Interrogatory No. 19

Identify and describe in detail the complete factual bases for each affirmative defense asserted by

AirWater in its answer to the Complaint.

J.J. REIDY & COMPANY, INC.

By its attorneys,

Thomas J. Conte (BBO #566092)
Daniel P. Flynn (BBO #655180)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
(508) 926-3415
FAX: (508) 929-3006

Dated: May 17, 2005

<u>CERTIFICATE OF SERVICE</u>

I, Thomas J. Conte, hereby certify, that on this 17th day of May 2005, I served a copy of the foregoing by mailing same, postage prepaid, to:

>       Richard B. Kirby
>       Matthew P. Zayotti
>       Keegan, Werlin & Pabian, LLP
>       265 Franklin Street
>       Boston, MA 02110-3113

Thomas J. Conte