UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-40049-FDS

J.J. REIDY & CO., INC.,

    Plaintiff,

v.

AIRWATER CORPORATION AND
AIRWATER PATENTS
CORPORATION,

    Defendants.

**OPPOSITION OF DEFENDANTS AIRWATER CORPORATION
AND AIRWATER PATENTS, INC. TO MOTION OF
PLAINTIFF J.J. REIDY & CO., INC. TO COMPEL
DEFENDANTS' INITIAL DISCLOSURES, STRIKE DEFENDANT
AIRWATER PATENTS CORPORATIONS' OBJECTIONS TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION OF DOCUMENTS
AND COMPEL AIRWATER PATENTS CORPORATION TO
SUPPLEMENT ITS RESPONSES TO PLAINTIFF'S DISCOVERY
REQUESTS AND PRODUCE RESPONSIVE DOCUMENTS**

The Defendants AirWater Corporation and AirWater Patents, Inc. hereby oppose the Motion of Plaintiff J.J. Reidy & Co., Inc. to Compel Defendants' Initial Disclosures, Strike Defendant AirWater Patents Corporations' Objections to Plaintiff's First Set of Interrogatories and Request for Production of Documents and Compel AirWater Patents Corporation to Supplement its Responses to Plaintiff's Discovery Requests and Produce Responsive Documents. In support of this opposition, the Defendants state as follows:

1.    As to Defendant AirWater Patents, Inc., Plaintiff's Motion to Compel Defendants' Initial Disclosures must be denied as moot because this Defendant served its initial disclosures on February 3, 2006;

2.   As to Defendant AirWater Corporation, Plaintiff's Motion to Compel Defendants' Initial Disclosures must be denied because AirWater Corporation assigned to AirWater Patents, Inc. "all of the rights and liabilities of the Global Manufacturing and Marketing Licensing Agreement," and J.J. Reidy & Co., Inc. agreed to such assignment, by letter of agreement dated June 25, 2003. <u>Amended Complaint</u> at ¶ 5; previously filed <u>Affidavit of Matthew P. Zayotti, dated June 20, 2005</u>, Exh. B. Accordingly, the Plaintiff's Amended Complaint for breach of contract fails to state a claim for which relief can be granted against Defendant AirWater Corporation and/or Defendant AirWater Corporation is entitled to judgment of dismissal as a matter of law,[1] and this Court should not compel Defendant AirWater Corporation to provide initial disclosures.

3.   Plaintiff's Motion to Strike Defendant AirWater Patents, Inc.'s objections to Plaintiff's interrogatories and document requests, and to Compel Defendant AirWater Patents, Inc. to supplement its responses thereto and to produce responsive documents should be denied as moot because this Defendant has served its supplemental responses to Plaintiff's interrogatories and document requests, and has produced more than 750 pages of documents, on February 3, 2006.

WHEREFORE, the Defendants respectfully request that this Honorable Court deny Plaintiff J.J. Reidy & Co., Inc. to Compel Defendants' Initial Disclosures, Strike Defendant AirWater Patents Corporations' Objections to Plaintiff's First Set of Interrogatories and Request for Production of Documents and Compel AirWater Patents Corporation to Supplement its Responses to Plaintiff's Discovery Requests and Produce

---

[1] Defendant AirWater Corporation anticipates filing a motion to dismiss and/or for summary judgment if J.J. Reidy is unwilling, after conferring pursuant to Local Rule 7.1(A)(2), to voluntarily dismiss AirWater Corporation as a party defendant in this case.

2

Responsive Documents.

                           DEFENDANTS AIRWATER
                           CORPORATION AND AIRWATER
                           PATENTS, INC.

                           By their attorneys

                           */s/ Matthew P. Zayotti*
                           Richard Kirby, BBO# 273600
                           Matthew P. Zayotti, BBO# 638265
                           Keegan Werlin LLP
                           265 Franklin Street
                           Boston, Massachusetts 02110-3113
                           (617) 951-1400

Dated: February 3, 2006

---

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document(s) was served upon the attorney of record for each other party by ~~hand delivery - US Mail~~ on *electronic means on February 3, 2006*

*/s/ Matthew P. Zayotti*

---