UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-40049-FDS

J.J. REIDY & CO., INC.,

      Plaintiff,

v.

AIRWATER CORPORATION AND
AIRWATER PATENTS CORPORATION,

      Defendants.

### DEFENDANT AIRWATER CORPORATION'S AND AIRWATER PATENTS CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER REGARDING DEPOSITIONS

The Defendants AirWater Corporation and AirWater Patents Corporation hereby submit their Memorandum of Law in Support of their Motion for Protective Order Regarding Depositions.

### I. BACKGROUND

In its First Amended Complaint, Plaintiff J.J. Reidy & Co., Inc. asserts a sole count for breach of contract against AirWater Corporation and AirWater Patents Corporation. Specifically, Plaintiff alleges that Defendant AirWater Corporation failed to abide by its obligations to Plaintiff concerning royalty payments in breach of the parties' Global Manufacturing and Marketing Licensing Agreement. First Amended Complaint, at ¶ 11. Additionally, Plaintiff alleges that AirWater Patents and AirWater Corporation failed to abide but their obligations with regard to marketing products based on patents

licensed from Plaintiff in further breach of the Global Manufacturing and Marketing Licensing Agreement. Id. at ¶ 12.

On or about March 21, 2003, Plaintiff J.J. Reidy & Co., Inc. ("J.J. Reidy") and Defendant AirWater Corporation entered into a Global Manufacturing and Marketing Licensing Agreement. First Amended Complaint, at ¶ 4. Approximately three months later, by letter dated June 25, 2003, Defendant AirWater Corporation requested Plaintiff J.J. Reidy's written consent, and J.J. Reidy consented, to AirWater Corporation's assignment of "all rights and liabilities of the Global Manufacturing and Marketing Licensing Agreement . . . to AirWater Patents Inc." Zayotti Affidavit, Exh. A. See also, First Amended Complaint, at ¶ 5. The Defendant AirWater Corporation has filed a motion for partial summary judgment, seeking dismissal of Plaintiff's First Amended Complaint on the grounds that Plaintiff agreed and consented to AirWater's assignment to AirWater Patents of all rights and liabilities under the Global Manufacturing and Marketing Licensing Agreement.

On February 9, 2006, the Plaintiff served two Notices of Deposition pursuant to Fed. R. Civ. P. 30(b)(6) of Defendant AirWater Corporation and Defendant AirWater Patents Corporation, scheduling these depositions to for March 17, 2006 at the offices of Bowditch & Dewey, LLP, 311 Main Street, Worcester, MA. Zayotti Affidavit, Exhs. A and B.

AirWater Corporation and AirWater Patents Corporation are, admittedly, corporate entities with principal places of business located in Miami Beach, Florida. First Amended Complaint, at ¶ 4. Additionally, counsel for the Defendants, Richard B. Kirby, Esq. and Matthew P. Zayotti, Esq. of Keegan Werlin LLP, are both unavailable to attend

the depositions on March 17, 2006. Specifically, Attorney Kirby will be out-of-state from March 15th through March 19, 2006, and Attorney Zayotti will be out of the country from March 8th through March 17, 2006. Zayotti Affidavit, at ¶¶ 6 and 7.

Accordingly, the Defendants AirWater Corporation and AirWater Patents Corporation are seeking a protective order that (i) Defendant AirWater Patents is not required to designate and produce a witness for depositions at the offices of Bowditch & Dewey, LLP, in Worcester, Massachusetts; (ii) the deposition of AirWater Patents must be taken at Defendant's principal place of business located in Miami Beach, Florida; (iii) no deposition of Defendant AirWater Patents be taken on March 17, 2006 as scheduled; and (iv) no deposition or other discovery be taken as to AirWater Corporation.

## II. ARGUMENT

### DEPOSITIONS OF CORPORATE AGENTS AND OFFICERS OF CORPORATE DEFENDANTS ARE REQUIRED TO BE TAKEN AT SUCH CORPORATIONS' PRINCIPAL PLACE OF BUSINESS

"It is well-settled that the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business, especially when, as in this case, the corporation is the defendant." Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979), citing, 8 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2112 at 410 (1970); 4 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 26.70[1.-4] (3d ed. 1976). See also, Work v. Bier, 107 F.R.D. 789, 792 n.4 (D.C.D.C. 1985) ("Absent exceptional circumstances, the deposition of a defendant corporation by its agents and officers should ordinarily be taken at its principal place of business."); Thomas v. Int'l Business Machines, 48 F.3d 478, 483 (10th Cir. 1995) (same); Mitchell v. American Tobacco Company, 33 F.R.D. 262, (M.D.Pa. 1963) ("The courts have generally held that

3

depositions of officials of a corporate party should be taken at the corporation's principal place of business."); Dunn v. Standard Fire Ins. Co., 92 F.R.D. 31, 32 (D.C.Tenn., 1981) (same); Farquhar v. Shelden, 116 F.R.D. 70, 72 (E.D.Mich. 1987) (same); Zuckert v. Berkliff Corp., 96 F.R.D. 161, 162 (N.D.Ill.1982) (same); Mill Run Tours, Inc. v. Khashoggi, 124 F.R.D. 547, 550 (S.D.N.Y. 1989) (same); Zane S. Blanchard & C., Inc. v. PSPT Ltd., 1995 WL 17211932, *6 (D.N.H. 1995) (after denying defendant's motion to dismiss for forum non conveniens, and notwithstanding financial disparity between parties, stating that rationale for general rule is that defendant is not before forum court by choice, but because plaintiff brought suit there and plaintiff "should not thereafter be heard to complain about being required to take some discovery where defendant and its officers and directors are located, even if that location is far beyond the forum court").

Where, as here, a Plaintiff has sought to take the deposition of a corporation by its agents and officers in a location other than the corporation's principal place of business, the courts have granted protective orders relieving the proposed deponents of the obligation to comply with the notice of deposition. For example, under circumstances similar to the present case, the Court in Thomas upheld the validity of a protective order relieving the chairman of IBM from having to comply with the plaintiff's notice to take his deposition. 48 F.3d at 483. In that case, the plaintiff gave notice to take the deposition of the chairman in Oklahoma City, but failed to explain why her counsel could not have taken the deposition at the corporation's principal place of business in White Plains, New York. Id. Holding that the protective order was proper, the Court reasoned that the plaintiff's "notice to conduct the deposition in Oklahoma City clashes with the

4

normal procedure that the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business." Id.

In addition, in Wilson the defendant corporation obtained a protective order requiring the plaintiff to take the depositions of two of the corporation's executives at its principal place of business in Troy, Michigan. 125 F.R.D. at 144. The plaintiff in that case had noticed the depositions of the two executives to be taken at the office of his attorney in Catlettsburg, Kentucky. Id. Like the plaintiff in Thomas, however, the plaintiff in Wilson offered no reason why the deponents should have been required to accommodate the unnecessary burden and expense of traveling to Catlettsburg, Kentucky for a deposition. Id. Accordingly, the court granted the corporation's motion for protective order requiring the plaintiff to hold any and all depositions of the two executives at the corporation's principal place of business. Id.

Finally, in Salter, the United States Court of Appeals for the Fifth Circuit upheld the District Court's denial of a motion to compel the president of the defendant corporation Upjohn from having to appear in Montgomery, Alabama for a deposition. 593 F.2d at 651. In so doing, the Court noted that Upjohn's principal place of business was in Kalamazoo, Michigan. Id. As such, the Court concluded that denial of the motion to compel was proper because "the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business, especially when, as in this case, the corporation is the defendant." Id. See also, Mitchell, supra, 33 F.R.D. at 263 (vacating notice of deposition of corporate official located at main office of defendant company in New York City scheduled to appear for deposition in Harrisburg, Pennsylvania).

Similarly, in the present case this Court should issue a protective order that the Plaintiff is required to take the depositions in question at the principal places of business of Defendants AirWater Corporation and AirWater Patents Corporation in Miami Beach, Florida, or not at all. Like the plaintiffs in the cases discussed above, the Plaintiff in this case can offer no reason why their counsel cannot take the depositions at the principal places of business of AirWater Corporation and AirWater Patents Corporation. Moreover, it should be noted that Defendants AirWater Corporation and AirWater Patents Corporation are not before this Court by choice, but because the Plaintiff brought suit here. As such, the Plaintiff cannot now complain if it is required to take the depositions at issue in Miami Beach, Florida. Work, supra, 107 F.R.D. at 793 n.4 (having brought suit in Washington, D.C. against a German corporation, plaintiffs could not complain of having to conduct depositions of corporation's agents in Germany notwithstanding additional expense or inconvenience).

Additionally, counsel for the Defendants are unavailable on March 17, 2006 when Defendants' depositions are scheduled to occur.

Finally, for the reasons more fully set forth in Defendant AirWater Corporation's pending Motion for Partial Summary Judgment, Plaintiff's claim against AirWater Corporation for breach of contract is barred because Plaintiff agreed and consented to AirWater Corporation's assignment to AirWater Patents of all rights and liabilities under the parties' Global Manufacturing and Marketing Licensing Agreement. Under these circumstances, Plaintiff's deposition notice as to AirWater Corporation might reasonably be seen as no more than an attempt to subject AirWater Corporation to expense and

inconvenience. <u>Zayotti Affidavit</u>, at ¶ 8. Accordingly, no discovery is necessary or appropriate as to AirWater Corporation.

### III. CONCLUSION

WHEREFORE, based on the foregoing points and authorities the Defendants AirWater Corporation and AirWater Patents Corporation respectfully request that this Honorable Court grant their Motion for Protective Order Regarding Depositions.

DEFENDANTS AIRWATER
CORPORATION AND AIRWATER
PATENTS CORPORATION

Respectfully submitted,

*/s/ Matthew P. Zayotti*
Richard Kirby, BBO# 273600
Matthew P. Zayotti, BBO# 638265
Keegan Werlin LLP
265 Franklin Street
Boston, Massachusetts 02110-3113
(617) 951-1400

Dated: March 3, 2006

---

**CERTIFICATE OF SERVICE**
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 3, 2006.

*/s/ Matthew P. Zayotti*

---

7