UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-40049-FDS

J.J. REIDY & CO., INC.,

    Plaintiff,

v.

AIRWATER CORPORATION AND
AIRWATER PATENTS CORPORATION,

    Defendants.

DEFENDANT AIRWATER CORPORATION'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY JUDGMENT

The Defendant, AirWater Corporation, hereby submits this Memorandum of Law in Support of its Motion for Partial Summary Judgment.

## I. FACTS

On or about March 21, 2003, Plaintiff J.J. Reidy & Co., Inc. ("J.J. Reidy") and Defendant AirWater Corporation entered into a Global Manufacturing and Marketing Licensing Agreement. First Amended Complaint, at ¶ 4. Approximately three months later, by letter dated June 25, 2003, Defendant AirWater Corporation requested Plaintiff J.J. Reidy's written consent, and J.J. Reidy consented, to AirWater Corporation's assignment of "all rights and liabilities of the Global Manufacturing and Marketing Licensing Agreement . . . to AirWater Patents Inc." Zayotti Affidavit, Exh. A. See also, First Amended Complaint, at ¶ 5.

In its First Amended Complaint, J.J. Reidy asserts a sole count for breach of contract against AirWater Corporation and AirWater Patents. Specifically, Plaintiff

alleges that Defendant AirWater Corporation failed to abide by its obligations to Plaintiff concerning royalty payments in breach of the parties' Global Manufacturing and Marketing Licensing Agreement. First Amended Complaint, at ¶ 11. Additionally, Plaintiff alleges that AirWater Patents and AirWater Corporation failed to abide but their obligations with regard to marketing products based on patents licensed from Plaintiff in further breach of the Global Manufacturing and Marketing Licensing Agreement. Id. at ¶ 12. As argued more fully below, Plaintiff cannot successfully assert a claim against AirWater Corporation for breach of the Global Manufacturing and Marketing Agreement where Plaintiff consented in writing to AirWater Corporation's assignment to AirWater Patents of all rights and liabilities under the parties' Global Manufacturing and Marketing Agreement.

## II. ARGUMENT

I.   **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Grub v. KMS Patriots, L.P., 88 F.3d 1, 3 (1st Cir. 1996), citing, Kelly v. United States, 924 F.2d 355, 357 (1st Cir. 1991); Fed. R. Civ. P. 56(c). Under this standard, "a party seeking summary judgment must make a preliminary showing that no genuine issue of material fact exists. Once the moving party has made this showing, the nonmoving party must contradict the showing by pointing to specific facts demonstrating that there is, indeed, a trialworthy issue." Blackie v. State of Maine, 75 F.3d 716, 721 (1st Cir. 1996). To avoid summary judgment, the nonmoving party "must offer the court

more than posturing and conclusory rhetoric. This principle is brought into bold relief when the motion targets an issue on which the nonmoving party bears the ultimate burden of proof." McIntosh v. Antonino, 71 F.3d 29, 33 (1st Cir. 1995). Finally, in ruling upon a motion for summary judgment, "[m]atters of law . . . are for the court to resolve." Blackie, 75 F.3d at 721.

II. **AIRWATER CORPORATION IS ENTITLED TO JUDGMENT AS A MATTER OF LAW DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT CLAIM BECAUSE PLAINTIFF CONSENTED TO AIRWATER CORPORATION'S ASSIGNMENT OF ALL RIGHTS AND LIABILITIES UNDER THE CONTRACT TO AIRWATER PATENTS**

Defendant AirWater Corporation is entitled to judgment as a matter of law on Plaintiff J.J. Reidy's claim for breach of contract under the Global Manufacturing and Marketing Licensing Agreement because J.J. Reidy agreed and or consented to AirWater Corporation's assignment to AirWater Patents of all rights and liabilities under the Global Manufacturing and Marketing Licensing Agreement.

By letter dated June 25, 2003, AirWater Corporation advised J.J. Reidy "that in accordance with our discussion and agreement, we have transferred all the rights and liabilities of the Global Manufacturing and Marketing Licensing Agreement entered into between us on March 21st 2003, to AirWater Patents Inc., a Florida Corporation." Zayotti Affidavit, Exh. A. (Emphasis in original). AirWater Corporation further requested that J.J. Reidy "signify [its] agreement to this transfer by signing below on the space designated." Id. In response, J.J. Reidy counter-signed the letter thereby acknowledging that "I/we hereby give my/our consent to this request for approval for the transfer of the Agreement to AirWater Patents Inc., as stated above." Id. (Emphasis in original). Accordingly, having consented and agreed to AirWater Corporation's assignment to

AirWater Patents of "all the rights and liabilities of the Global Manufacturing and Marketing Licensing Agreement," J.J. Reidy cannot now maintain an action against AirWater Corporation for an alleged breach of the Global Manufacturing and Marketing Licensing Agreement.

### III. CONCLUSION

WHEREFORE, based upon the foregoing points and authorities the Defendant AirWater Corporation respectfully requests that this Honorable Court grant its Motion for Partial Summary Judgment.

DEFENDANT AIRWATER
CORPORATION

Respectfully submitted,

*/s/ Matthew P. Zayotti*
Richard Kirby, BBO# 273600
Matthew P. Zayotti, BBO# 638265
Keegan Werlin LLP
265 Franklin Street
Boston, Massachusetts 02110-3113
(617) 951-1400

Dated: March 3, 2006

---

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 3, 2006.

*/s/ Matthew P. Zayotti*