UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, SS.                                        CIVIL ACTION NO. 05-40049-FDS

J.J. REIDY & CO., INC.,            )
                                   )
           Plaintiff,              )
                                   )
v.                                 )
                                   )
AIRWATER CORPORATION and           )
AIRWATER PATENTS CORPORATION,      )
                                   )
           Defendants.             )

## OPPOSITION OF J.J. REIDY & CO., INC.
## TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER

The plaintiff J. J. Reidy & Co., Inc. hereby opposes the Defendants' Motion for a Protective Order regarding the depositions of defendants AirWater Corporation and AirWater Patents Corporation, which were noticed on February 9, 2006 and are scheduled to take place on March 17, 2006, at the offices of Bowditch & Dewey, LLP, in Worcester, Massachusetts. The anticipated deponent for both depositions is the President of both companies, Michael J. Zwebner. J.J. Reidy & Co. does not oppose rescheduling the depositions to a date after March 19, 2006 when counsel will be available to attend. J.J. Reidy opposes, however, changing the location of the depositions to Miami, Florida.

The burden is on the defendants to demonstrate good cause for a change in the location of the deposition. See Baker v. Standard Industries, 55 F.R.D. 178 (1972), (motion for a protective order seeking to have officer of corporation deposed at his corporate office rather than requiring him to travel to Puerto Rico denied where no good cause shown). The defendants have not

offered any reason why the deposition should not be taken in Boston, other than the fact that their corporate offices are located in Miami Florida. J. J. Reidy also opposes the motion on the following grounds: (1) defendants have consented to personal jurisdiction in Massachusetts; (2) the choice of law in the contract between the parties is Massachusetts; (3) all of the attorneys, including counsel for the defendants, are located in Massachusetts; (4) as detailed in J.J. Reidy's opposition to motion to transfer venue, Mr. Zwebner is currently involved in two cases in the United States Court for the District of Massachusetts and has recently been both a plaintiff and a defendant in Massachusetts Superior Court;[1] (5) as the Court noted in its Memorandum and Order dated September 27, 2005 (Saylor, J.), Mr. Zwebner is highly mobile, traveling frequently on an international basis and owns homes in Israel, the United Kingdom and Miami;[2] and (6) the defendants in a letter dated March 8, 2006 proposed "a meeting *in Boston* by and between the parties and their respective counsel (emphasis supplied)." There is no reason therefore why Mr. Zwebner's should not go forward as noticed.

The motion for a protective order is one more attempt by the defendants to thwart discovery in this case. The defendants did not file initial disclosures as required by the court's scheduling order, filing them only after the plaintiff's motion to compel. The plaintiff was also required to file a motion to compel in order to obtain answers to interrogatories and document requests. Finally, in cases where courts have allowed motions for protective orders, the corporate defendants have shown severe financial hardship or other good cause why the

---

[1] Universal Communication Systems, Inc. and Michael J. Zwebner v. Lycos, Inc., (1:05-CV-11172-REK); Universal Communication Systems, Inc. and Michael J. Zwebner v. Lycos, Inc. d/b/a The Lycos Network (1:05-CV-10435-REK0; Zwebner v. Villasenor, SUCV2000-02239 (Mass. Superior Court); and Polk v. Zwebner, SUCV2003-01176 (Mass. Superior Court).

[2] "While the court sympathizes with Mr. Zwebner, the record suggests that he is in fact highly mobile; he maintains homes in Israel, the United Kingdom, and Miami, and has traveled to Israel, Toronto, Los Angeles, New York, Peru, and Brazil since February 2003." Memorandum and Order on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Motion in the Alternative to Transfer Venue for Forum Non Conveniens (Saylor, J.).

deposition should not be taken at the location where it was noticed.  See O'Sullivan v. Rivera, 229 F.R.D. 187 (2004) (court allowed motion for protective order where it would be a severe financial hardship for deponent to travel); Thomas v. International Business Machines, 48 F. 3d 478, 484 (1995) (court did not abuse discretion in issuing protective order where counsel failed to give adequate notice and failed to depose other personnel who would have had more information). As there is no such showing of severe financial hardship or undue burden in this case, the motion should be denied.

## THE LOCATION DESIGNATED FOR THE TAKING OF A DEPOSITION IS WITHIN THE DISCRETION OF THE COURT

It is well-settled that the location for the taking of a deposition is within the discretion of the court.  See O'Sullivan v. Rivera, 229 F.R.D. 187 (2004) (trial court has great discretion in establishing the time and place of a deposition); Baker v. Standard Industries, Inc., 55 F.R.D. 178, 179 (1972) (location designated for deposition solely within the discretion of the court). Although the depositions of corporate officers are generally taken at their place of business, the general rule is subject to modification and the decision as to the location is based upon the particular facts in the case.  See Mill-Run Tours, Inc. v. Khashoggi, 124 F.R.D. 547, 550 (S.D.N.Y. 1989) ("Because courts retain substantial discretion to designate the site of a deposition, the presumption appears to be merely a decision rule that facilitates determination when other relevant factors do not favor one side over the other"); see also, Baker at 179 (decision as to the location of the deposition depends upon facts and equities in case). Accordingly, the court retains broad discretion as to the location of the deposition.

## DEFENDANTS HAVE NOT MET THEIR BURDEN AS TO THE PROTECTIVE ORDER

Federal Rule of Civil Procedure 26 (c), which sets forth the rule regarding protective orders, provides as follows:

> "Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and *for good cause shown*, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…"

(emphasis supplied).

The burden is on the moving party to show good cause for the issuance of a protective order. See Baker v. Standard Industries, Inc., 55 F.R.D. 178 (1972) (motion for protective order regarding location of deposition of corporate executive denied where no good cause shown); Essex Wire Corp. v. Eastern Electric Sales Co., 48 F.R.D. 308, 310 (1969)(burden is on party moving for a protective order to show good cause). The defendants' motion for a protective order is remarkably silent as to any reason why the deposition should not take place where noticed. The deponent has not submitted an affidavit citing to any undue burden or expense. In fact, it is certainly conceivable that requiring the deponent's counsel to travel to Florida for the deposition will cause the defendants to incur greater expense than if the deposition took place in Massachusetts. As the defendants have not met their burden of showing good cause for a change in the location of the deposition, the motion should be denied.

## J.J. REIDY IS ENTITLED TO DISCOVERY AS TO THE DEFENDANT AIRWATER CORPORATION

AirWater Corporation is a defendant in this action. It was not until after J.J. Reidy noticed the deposition of the Corporation that the defendant objected, alleging that the plaintiff's claim against AirWater Corporation is barred because J.J. Reidy agreed and consented to an assignment under the parties' Global Manufacturing and Licensing Agreement. This is one more example of the defendants' attempts to frustrate discovery in this matter. This case has been pending for over two years, having been filed in December of 2004. Less than two weeks before the defendants' deposition is to be taken, the defendant AirWater Corporation raises the issue of the assignment and moves for a protective order, arguing that the deposition should not be taken. In fact, as the defendant notes in its Motion for Partial Summary Judgment, AirWater Corporation and J.J. Reidy entered into an agreement on or about March 21, 2003. Three months later, AirWater Corporation assigned the rights and liabilities to AirWater Patents Corporation. J.J. Reidy alleged in the initial complaint filed in this action that under the terms of the license, AirWater Corporation "promised to commit resources and put forth best efforts in accomplishing, completing and fulfilling its overall objective to establish and maintain the awareness and exposure of products manufactured by AirWater based on the patents licensed by JJ. Reidy and to enhance sales and future growth of such products." Complaint, ¶5. The plaintiff alleges that AirWater Corporation breached this agreement, and is entitled to question Mr. Zwebner as to the resources his company committed to maintain exposure for the products, particularly with respect to the period of time before the assignment to AirWater Patents Corporation. The motion for a protective order should therefore be denied.

WHEREFORE, the plaintiff J.J. Reidy, Inc. respectfully requests that this Court (1) deny the defendants' Motion for a protective order; and (2) further order that the defendants' depositions take place on a date certain, at Bowditch & Dewey's offices.

J.J. REIDY & COMPANY, INC.
By its attorneys,

/s/ Maura A. Greene
Thomas J. Conte (BBO #566092)
Maura A. Greene (BBO #547204)
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511
mgreene@bowditch.com

Dated:  March 15, 2006

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 15, 2006.

/s/ Maura A. Greene
Maura A. Greene, Esquire