## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ ) | | |
| J.J. Reidy & Co., Inc. ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | **CIVIL ACTION** | |
| ) | **No.    05-400049-FDS** | |
| AIR WATER CORPORATION and , ) | | |
| AIRWATER PATENTS CORPORATION, ) | | |
| Defendants ) | | |
| ) | | |
| _____) | | |

## ORDER
**March 31, 2006**

**Hillman, M.J.**

## Nature of the Proceeding

By Orders of Reference dated November February 15, 2006 and March 16, 2006, the

following motions have been referred to me for disposition:

1.     Motion of J.J. Reidy & Co. Inc. To Compel Defendants' Initial Disclosures,

Strike Defendant Airwater Patents Corporations Objections To Plaintiff's First Set Of

Interrogatories And Request For Production Of Documents And Compel Airwater Patents

Corporation To Supplement Its Responses To Plaintiff's Discovery Requests And Produce

Responsive Documents (Docket No. 23)("Motion to Compel"); and

2.     Defendants Airwater Corporation's And Airwater Patents Corporation's Motion

For Protective Order Regarding Depositions (Docket No. 27)("Motion for Protective Order").

## Nature of the Case

J.J. Reidy & Co., Inc. ("J.J. Reidy" or "Plaintiff") has asserted breach of contract claims against Airwater Corporation ("AWC") and Airwater Patents Corporation ("AWPC" and, together with AWC, "Defendants"), as a result of Defendants alleged failure to pay royalties due under a licensing agreement and to fulfill other contractual obligations under said agreement.

### Background

On May 17, 2005, J.J. Reidy served a First Set of Interrogatories and a Request for Production of Documents on AWPC. Mem. Of J.J. Reidy In Sup. Of Mot. To Compel (Docket No. 24), at Ex. A. Essentially, AWPC refused to answer interrogatories and to produce documents on the grounds that this Court lacked personal jurisdiction over it. Id., at Exs. B&C. On June 20, 2005, Defendants filed a motion to dismiss this case for lack of personal jurisdiction (Docket No. 6). Also on June 20, 2005, Defendants filed a motion for protective order seeking a stay in discovery pending resolution of its motion to dismiss (see Docket No. 10). On July 19, 2005, this Court (Saylor, D.J.) granted Defendants' motion for a protective order.

On September 27, 2005, Judge Saylor denied Defendants' motion to dismiss for lack of personal jurisdiction and vacated the stay on discovery. See Mem. and Order On Defs' Mot. To Dismiss For Lack Of Personal Jurisdiction And Mot. In The Alternative To Transfer Venue For Forum Non Conveniens (Docket No. 18). On October 27, 2005, Judge Saylor conducted a scheduling conference with the parties and thereafter, issued a Scheduling Order (Docket No. 22). The Scheduling Order provided that "Initial disclosures required by Fed.R.Civ. P. 26(a)(1) *must* be completed by 11/18/05". Scheduling Order (Docket No. 22), at p. 1 (emphasis added).

2

**Discussion**

**Motion To Compel**

Plaintiff's Motion to Compel, which was filed on January 24, 2006, requests that this Court: (i) compel Defendants to make their initial Rule 26(a) disclosures; (ii) strike AWPC's responses to its interrogatories and request for documents; and (iii) compel AWPC to supplement those responses. Defendants filed an opposition on February 3, 2006, in which they represented that AWPC's initial disclosures, supplemental responses to Plaintiff's interrogatories and supplemental response to Plaintiff's request for production of documents were served on the Plaintiff that same date.

AWPC asserts that since it has now provided the requested discovery, as to it, Plaintiff's Motion to Compel is moot. I agree and therefore, I am denying Plaintiff's Motion to Compel as to AWPC. However, I am disturbed by AWPC's cavalier disregard for the deadlines imposed by Judge Saylor and this Court's rules of procedure. Plaintiff has not sought monetary sanctions against AWPC (nor is this an invitation for Plaintiff to do so), but in the future, AWPC is on notice that failure to timely comply with this Court's rules and/or orders may subject it to costs or other sanctions. See Fed.R.Civ.P. 37.

AWC asserts that it is not obligated to make any initial disclosures under Rule 26(a) because it is not properly a party to this case and, therefore, as to it, Plaintiff's Motion to Compel *must* be denied. Thereafter, AWC filed a motion for summary judgment on the grounds that Plaintiff's claims against it are barred because Plaintiff consented to an assignment of all of AWC's rights and liabilities under the parties' licensing agreement to AWPC. Additionally, the Defendants have filed a motion for protective order concerning the taking of depositions in which

3

among other relief, AWC requests that pending resolution of its motion for summary judgment, it not be required to produce any witnesses for deposition or any other discovery.   Under these circumstances, I will address Plaintiff's motion to compel AWC's initial disclosures in the context of Defendants' Motion for Protective Order.

### Motion For Protective Order

On or about February 9, 2006, Plaintiff noticed 30(b)(6) depositions for AWC and AWPC to take place on March 17, 2006 at the offices of Plaintiff's counsel in Worcester, Massachusetts. Affidavit of Matthew P. Zayotti, Esq. In Supp. Of Defs' Mot. For Protective Order (Docket No. 20), at Exs. A&B.  On March 3, 2006, Defendants filed their Motion for Protective Order seeking the following relief:

1.     that AWC not be required to produce any deposition witnesses or other discovery pending resolution of its motion for summary judgment;

2.      that the deposition of AWPC's witnesses must be taken at the corporation's principal place of business in Miami Beach, Florida; and

3.      that the depositions not be taken on March 17, 2006, as counsel for Defendants are unavailable.[1]

For "good cause shown", this Court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... that the disclosure or discovery not be had ... [or] that the discovery may be

---

[1] This motion was referred to me on March 16, 2006 and, therefore, I was unable to resolve the motion prior to the scheduled deposition dates. Since Plaintiff did not opposes re-scheduling the depositions to accommodate defense counsels' schedules, I assume that the parties agreed to a postponement pending resolution of the Motion for Protective Order. Therefore, Defendants' request that the depositions be postponed to accommodate their counsel's schedule is moot.

had only on specified terms and conditions, including a designation of the time or place."

Fed.R.Civ.P. 26(c).  Furthermore, "[i]f the motion for a protective order is denied, in whole or in

part, the court may, on such terms and conditions as are just, order that any party or other person

provide or permit discovery".

#### AWC's Request For Protective Order/J.J. Reidy's Motion To Compel With Respect To AWC

AWC asserts that it is entitled to a protective order relieving it from producing a 30(b)(6)

witness or providing J.J. Reidy with any required or requested disclosures pending resolution of

its motion for summary judgment.   In support of its request, AWC argues that it is not properly a

party to this suit, and therefore, should not be put to the expense and inconvenience of

participating in depositions or any other type of discovery.  However, AWC fails to appreciate

that even if this Court grants its motion for summary judgement, it is inconceivable that under the

facts of this case, J.J. Reidy would not be able obtain the discovery it seeks from AWC through

Fed.R.Civ.P. 45 or otherwise.[2]  Indeed, Rule 30(b)(6) specifically provides for taking the

deposition of a non-party corporate witness ( if AWC is dismissed from this suit, any depositions

of its officers or agents conducted after such dismissal would *have* to take to take place in

Florida.)  Under these circumstances, I do not find that AWC has established good cause for the

entry of a protective order which would stay all discovery as to it, pending resolution of its

motion for summary judgment.   Accordingly, J.J. Reidy's motion to compel AWC to make the

initial disclosures required by Rule 26(a) is allowed.

---

[2]If the motion for summary judgment is allowed, the parties can at that time address the interplay of Rule 45 and the rules of discovery.

<u>AWPC's Motion For Protective Order Concerning 30(b)(6) Depositions</u>

Both parties acknowledge the general rule that "`[t]he deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business." <u>Salter v. Upjohn Co.</u>, 593 F.2d 649, 651 (5th Cir. 1979). This rule is particularly apt where the party to be deposed is the defendant. <u>Id.</u> A party may overcome the presumption, however, by showing that peculiar or special circumstances justify conducting the deposition at a location other than the corporation's principal place of business. <u>Salter</u>, 593 F.2d at 652. Several courts have listed factors which should be considered in determining whether special circumstances exist to overcome the presumption that 30(b)(6) depositions and/or corporate officer depositions shall be held at the corporate headquarters. Those factors include:

1.      location of counsel;

2.      number of corporate personnel to be deposed;

3.      whether the parties anticipate significant discovery disputes during the depositions which require resolution by the forum court;

4.      whether the person sought to be deposed often engages in travel for business purposes;

5.      whether the defendant filed permissive counterclaims/third-party complaints; and

6.      the equities concerning the nature of the claim and the parties' relationship.

<u>Resolution Trust Corp. v. Worldwide Ins. Mgmt. Corp.</u>, 147 F.R.D. 125, 127 (N.D. Tex. 1992); <u>see</u> <u>also</u> <u>Rapoca Energy Co., L.P. v. Amci Export Corp.</u>, 199 F.R.D. 191, 193 (W.D.Va. 2001).

Defendants primarily rely on the general presumption to support their position that the noticed depositions be held at their corporate headquarters. Plaintiff counters that special circumstances exist that would require these depositions to be taken in Worcester, Massachusetts.

For the reasons set forth below, I find that there are sufficient special circumstances to overcome the presumption in this case.

All counsel are from Massachusetts. Therefore, this factor favors conducting the depositions in Massachusetts.

Plaintiff presumes that there will be one 30(b)(6) witness who would testify on behalf of both Defendants, *i.e.,* Michael J. Zwebner, who is the president of both companies.[3] Mr. Zwebner would have to travel to Massachusetts which would cause him to incur some inconvenience and expense. However, given that there will only be one witness, it does not appear that this burden would be significant. In fact, in his Order denying Defendants' motion for change of venue, Judge Saylor specifically found that Mr. Zwebner travels extensively for business, including traveling to Massachusetts for business negotiations and discussion with J.J. Reidy (these trips occurred both before and after J.J. Reidy and AWC signed the licensing agreement). As to the expense to Defendants if Mr. Zwebner were to travel to Massachusetts, Plaintiff could reimburse him for reasonable travel costs and expenses, including a round trip, airplane ticket, meals and accommodations. Therefore, this factor is neutral.

At this time, there is no reason to believe that any issues will arise relative to the depositions. Therefore, it is not necessary to be close to the forum court to resolve discovery disputes. Furthermore, if the depositions are conducted in Florida and discovery disputes arise which require Court intervention, those disputes can easily be resolved via a telephone conference. At the same time, if during the course of the 30(b)(6) depositions, it becomes necessary for the 30(b)(6) witnesses to retrieve corporate documents or to speak with other

---

[3]Defendants have essentially failed to address any of the relevant factors. For example, Defendants have not even identified whether they would designate Mr. Zebner or some other individual(s) as their 30(b)(6) witness.

individuals who work at the corporation concerning Plaintiff's inquiries, both the documents and individuals are most likely found at the Defendants' corporate headquarters. Therefore, this factor weighs *slightly* in favor of holding the depositions at Defendants' headquarters.

As state previously, Judge Saylor has already determined that the Defendants and Mr. Zwebner have business contacts with Massachusetts. Furthermore, Mr. Zwebner has traveled to Massachusetts to conduct that business. Therefore, this factor weighs in favor of overriding the general presumption.

The Defendants have not filed counterclaims or third-party complaints in this case and I do not find that the equities concerning the nature of the claim and the parties' relationship have any bearing in this case as to where depositions of a 30(b)(6) witness and/or corporate officer shall be held. Therefore, I find that this factor is neutral.

On balance, I find that the factors weigh in favor of requiring that the Defendants' 30(b)(6) witness and/or corporate officer depositions be held at the office of Plaintiff's counsel in Worcester, Massachusetts. Therefore, I am denying AWPC's motion for a protective order. However, Plaintiff shall reimburse Defendants, without duplication, for the *reasonable* travel costs and expenses of their 30(b)(6) witness, including one round trip, airplane ticket, meals and accommodations.[4]

<u>Conclusion</u>

It is hereby Ordered that:

1.     The Motion of J.J. Reidy & Co. Inc. To Compel Defendants' Initial Disclosures, Strike Defendant Airwater Patents Corporations Objections To Plaintiff's First Set Of

---

[4]If this Court allows AWC's motion for summary judgment prior to the 30(b)(6) depositions taking place, then AWC may file a motion for reconsideration requesting that with respect to it, such deposition take place in Florida.

Interrogatories And Request For Production Of Documents And Compel Airwater Patents

Corporation To Supplement Its Responses To Plaintiff's Discovery Requests And Produce

Responsive Documents (Docket No. 23)("Motion To Compel") is <u>denied</u> as moot as to Airwater

Patents Corporation and <u>allowed</u> as to Airwater Corporation; and

      2.      Defendants Airwater Corporation's And Airwater Patents Corporation's Motion

For Protective Order Regarding Depositions (Docket No. 27)("Motion for Protective Order") is

<u>denied</u> as provided in this Order.


                         <u>/s/ Timothy S. Hillman</u>
                         TIMOTHY S. HILLMAN
                         MAGISTRATE JUDGE