UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, SS.                                    CIVIL ACTION NO. 05-40049-FDS

J.J. REIDY & CO., INC.,            )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )
                                   )
AIRWATER CORPORATION and           )
AIRWATER PATENTS CORPORATION,      )
                                   )
        Defendants.                )

**MOTION OF PLAINTIFF, J.J. REIDY & CO., INC. TO AMEND COMPLAINT**

The plaintiff J.J. Reidy & Co., Inc. ("J.J. Reidy") hereby moves to amend its complaint to add a count for intentional misrepresentation as to the defendant AirWater Corp., a count for declaratory judgment against AirWater Patents and a count for a violation of M.G.L. c. 93A.

In support of this motion, the plaintiff states that Fed. R.Civ. P. 15 (a) provides that leave to amend "shall be freely given when justice so requires." The plaintiff further states that the defendants only responded to discovery requests on February 3, 2006 and did so only after a motion to compel the responses. The plaintiff has drafted an additional motion to compel answers to interrogatories as many of the answers are incomplete or non-responsive. The parties are currently conferring regarding the supplementation of the answers in an attempt to limit the issues. Furthermore, as the defendants filed a motion for a protective order as to the taking of Rule 30(b)(6) depositions, the deposition of the corporate defendants have not

yet been taken.  The defendants only recently noticed the deposition of J.J. Reidy and its President James Reidy, and those depositions have not yet been taken.  Accordingly, the defendants will not be prejudiced by the amendment of the complaint.

The plaintiff has "substantial and convincing evidence" as to all of the claims, including the claim for intentional misrepresentation.  The evidence is outlined in J. J. Reidy's opposition to the motion for partial summary judgment.  As stated J.J. Reidy's opposition, the defendant AirWater Corporation agreed in the Global Manufacturing and Marketing Licensing Agreement to commit resources and put forth best efforts to establish and maintain the awareness and the exposure of the products based on the patents.  (Exhibit A, Global Manufacturing and Marketing Licensing Agreement).  AirWater Corporation specifically agreed to commit $2 million in marketing the products. (Reidy Aff., ¶ 6).  In an e-mail exchange between Zwebner and James Reidy, President of J.J. Reidy, Zwebner references the $2 million he agreed to put forth in order to market the products based upon Reidy's patents. In the e-mail exchange, Zwebner states: "And yes, I did tell you back in March that we have $2 million in new investment funds coming in for this deal."  (Exhibit C, E-mail message from Michael Zwebner dated May 8, 2003.)  In addition, in handwritten notes dated March 3, 2003 of a conversation with Zwebner, James Reidy notes: "has 2 mil +" and in a note of a conversation with Zwebner dated April 6, 2003 Mr. Reidy notes: "has $2 mil promised." (Exhibit D).   Zwebner informed James Reidy on several occasions that AirWater had $2 million in investment funds, and that this promise was an inducement for J.J. Reidy to enter into the contract (Reidy Aff. ¶ 7).  Morever, AirWater Corporation agreed to commit resources and best efforts to marketing the product. (Exhibit A).  J.J. Reidy alleges that Zwebner, on behalf of AirWater Corporation and AirWater Patents failed to commit resources and use best efforts in marketing the products based upon J.J. Reidy's

patents. (Reidy Aff. ¶ 8). Notwithstanding the fact that AirWater Corporation assigned the rights and liabilities under the Agreement to AirWater Patents, J.J. Reidy still has a viable claim that AirWater Corporation fraudulently induced J.J. Reidy to enter into the contract. The Defendant's Motion for Partial Summary Judgment should therefore be denied.

WHEREFORE, the plaintiff respectfully requests that the court allow its motion to amend the complaint.

J.J. REIDY & COMPANY, INC.
By its attorneys,

/s/ Maura A. Greene
Thomas J. Conte (BBO #566092)
Maura A. Greene (BBO #547204)
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511
mgreene@bowditch.com

Dated: April 14, 2006

CERTIFICATE OF SERVICE

I, Maura A. Greene, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 14, 2006.

/s/ Maura A.Greene
Maura A. Greene

{Client Files\LIT\304269\0002\PLD\F0347856.DOC;1}

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, SS.                                              CIVIL ACTION NO. 05-40049-FDS

J.J. REIDY & CO., INC.,                )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )
                                       )
AIRWATER CORPORATION and               )
AIRWATER PATENTS CORPORATION,          )
                                       )
            Defendants.                )

## SECOND AMENDED COMPLAINT

### PARTIES

1.      Plaintiff J.J. Reidy & Company, Inc. ("J.J. Reidy") is a Massachusetts corporation with a principal place of business at 1260 Main Street, Holden, Massachusetts.

2.      Defendant AirWater Corporation ("AirWater Corp.") is a Florida corporation with a principal place of business at 407 Lincoln Road, Suite 12F, Miami Beach, Florida.

3.      Defendant AirWater Patents Corporation ("AirWater Patents") is a Florida corporation with a principal place of business at 407 Lincoln Road, Suite 12F, Miami Beach, Florida.

### FACTS

1.      On March 21, 2003, Plaintiff J.J. Reidy and AirWater Corp., the predecessor-in-interest to Defendant AirWater Patents, made and entered into a Global Manufacturing and Marketing Licensing Agreement (the "License") wherein J.J. Reidy granted to Defendant AirWater Corp. a license to use all of its United States Patents relating to a water production/generation system.

2. Prior to execution of the agreement, AirWater Corp., by its President Michael Zwebner, represented to J.J. Reidy that it had $2 million in funds to commit to the marketing of the products based upon J.J. Reidy's patents.

3. AirWater Corp. assigned its rights and obligations under the License to AirWater Patents on June 25, 2003.

4. Under the terms of the License, AirWater Patents was required to pay J.J. Reidy a minimum monthly royalty payment of $10,000 per month for a minimum of ten years, or until its last patent expires, whichever is longer.

5. Under the terms of the License, Defendants promised to commit resources and put forth best efforts in accomplishing, completing and fulfilling their overall objective to establish and maintain the awareness and exposure of products manufactured by Defendants based on the patents licensed by J.J. Reidy and to enhance sales and future growth of such products.

6. Defendants failed to commit the resources and put forth best efforts in accomplishing, completing, and fulfilling their promises to establish and maintain the awareness and exposure of products manufactured by Defendants based on the patents licensed by J.J. Reidy and to enhance sales and future growth.

7. AirWater Patents has failed to make its required monthly royalty payments to J.J. Reidy under the License.

8. On December 15, 2004, J.J. Reidy, by its counsel, sent a Notice of Default to Michael Zwebner, President of AirWater Corp., because of the non-payment and late payment of the minimum monthly royalty payments due under the license.

9. On January 13, 2005, J.J., Reidy, by its counsel, sent a Second Notice of Default to Michael Zwebner, President of AirWater Patents, at the same address as the first notice.

10. When AirWater Patents failed to cure by tendering payment as required under the License, Reidy notified AirWater Patents that the Agreement had been terminated.

11. Despite such notice, AirWater Patents has failed and refused to pay J.J. Reidy the outstanding balances owed.

## COUNT I
### (Breach of Contract as to AirWater Patents)

12. J.J. Reidy repeats and incorporates by reference the allegations contained in paragraph 1 through 11 of the Complaint as if expressly set forth herein.

13. In failing to abide by its obligations under the License concerning royalty payments to J.J. Reidy, AirWater Patents has breached the parties' agreement.

14. In failing to abide by its obligations concerning its efforts to market products based on J.J. Reidy's licensed patents, AirWater Patents has breached the parties' agreement.

15. In failing to fulfill its other obligations under the License, including but not limited to failing to obtain insurance, failing to provide required accountings and failing to obtain non-compete or non-disclosure agreements with third-parties, AirWater Patents has breached the parties' agreement.

16. J.J. Reidy has fulfilled all of its obligations under the License.

17. As a result of AirWater Patent's conduct, J.J. Reidy has suffered damages in an amount to be determined at trial.

## COUNT II
### (Intentional Misrepresentation As to AirWater Corporation)

18. J.J. Reidy repeats and incorporates by reference the allegations contained in Paragraphs 1 through 17 of the Complaint as if expressly set forth herein.

19. The defendant AirWater Corp. falsely represented to J.J. Reidy that it had $2 million in financing in order to market products based upon J.J. Reidy's patents. AirWater Corp. also falsely represented that it had the resources available to fulfill its promise to establish and maintain the awareness and exposure of products manufactured by it based on the patents licensed by J.J. Reidy and to enhance sales and future growth.

20. The defendant AirWater Corp.'s intentional and fraudulent misrepresentations were made for the purpose of inducing J.J. Reidy to enter into an exclusive licensing agreement.

21. J.J. Reidy reasonably relied upon the defendant AirWater Corp.'s false representations to its detriment by entering into an exclusive licensing agreement.

22. As a result of Defendants' conduct, J.J. Reidy has suffered damages in an amount to be determined at trial.

## COUNT III
### (Breach of M.G.L. c. 93A as To both defendants)

23. J.J. Reidy repeats and incorporates by reference the allegations contained in Paragraphs 1 through 22 of the Complaint as if expressly set forth herein.

24. J.J. Reidy and defendants AirWater Corp. and AirWater Patents are businesses engaged in trade or commerce within the Commonwealth of Massachusetts.

25. The acts of the defendants alleged herein constitute unfair and deceptive business practices in violation of M.G.L. c. 93A, §§ 2 and 11.

26. The violations of G.L. c. 93A by the defendants have been knowing and willful.

27. As a result of the defendants' conduct, J.J. Reidy has suffered damages in an amount to be determined at trial, which should include treble damages.

## COUNT IV
**(Declaratory Judgment as to AirWater Patents)**

28. J.J. Reidy repeats and incorporates by reference the allegations contained in Paragraphs 1 through 27 of the Complaint as if expressly set forth herein.

29. The License provides as follows: "This agreement will terminate with notice, if LICENSEE does not make any required payments to LICENSOR as specified within the stated and agreed time periods." It further states: The LICENSOR agrees to grant to the LICENSEE a 14 day period of notice/grace in which the LICENSEE can make good on any outstanding amount.

30. AirWater Patents failed to make royalty payments as required by the provisions of the License.

31. J.J. Reidy sent a Notice of Default to AirWater Patents on January 13, 2005 because of the non-payment and late payment of the minimum monthly royalty payments due under the license.

32. AirWater Patents has failed to make good on the outstanding amounts owed.

33. The License has accordingly been terminated.

34. J.J. Reidy is entitled to a declaration that the License has been terminated.

WHEREFORE, Plaintiff J.J. Reidy & Co., Inc. respectfully requests that this Court:

1. Declare that J.J. Reidy has properly terminated the License;

2. Award J.J. Reidy damages in an amount to be determined at trial for AirWater Patents' breach of contract and AirWater Corp.'s intentional and fraudulent misrepresentations;

3. Order a finding for J.J. Reidy on the 93A count, together with double or treble damages;

4. Order such other relief, including reasonable attorneys' fees and costs, as this Court deems equitable and just.

J.J. REIDY & COMPANY, INC.
By its attorneys,

/s/ Maura A. Greene
Thomas J. Conte (BBO #566092)
Maura A. Greene (BBO #547204)
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511
mgreene@bowditch.com

Dated: April 14, 2006

## CERTIFICATE OF SERVICE

I, Maura A. Greene, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 14, 2006.

/s/ Maura A.Greene
Maura A. Greene