UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, SS.                                             CIVIL ACTION NO. 05-40049-FDS

J.J. REIDY & CO., INC.,            )
                                   )
         Plaintiff,                )
                                   )
v.                                 )
                                   )
AIRWATER CORPORATION and           )
AIRWATER PATENTS CORPORATION,      )
                                   )
         Defendants.               )

## OPPOSITION OF J.J. REIDY & CO., INC. TO DEFENDANT AIRWATER CORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The plaintiff J.J. Reidy & Co., Inc. ("J.J. Reidy") opposes the motion of Defendant AirWater Corporation for Partial Summary Judgment on the grounds that there are genuine issues of material fact in dispute. As described in more detail below, in signing the Global Manufacturing and Marketing Licensing Agreement, the defendant AirWater Corporation, by its Chairman Michael J. Zwebner ("Zwebner"), agreed to commit resources and put forth best efforts to establish and maintain the awareness and the exposure of the products based on the patents. Before the parties signed the agreement, Zwebner claimed that he had $2 million in financing to use for the marketing of the products based upon J.J. Reidy's patents. J.J. Reidy has filed a motion to amend its complaint to include a claim for intentional misrepresentation, as there is a genuine issue of material face as to whether Zwebner, on behalf of AirWater Corporation, intentionally misrepresented that it had $2 million in resources to commit to marketing of the products based upon J.J. Reidy's patents.

In addition, AirWater Corporation is an indispensable party because it was a party to the original contract with J.J. Reidy and negotiated the terms of the contract.  To the extent that AirWater Patents claims that it has paid all that is owed under the assigned contract, the intent of its predecessor in interest, AirWater Corporation, in entering into agreement which required certain payments, is critical to the claims at issue.  AirWater Corporation is therefore an indispensable party to the lawsuit and the defendant's Motion for Partial Summary Judgment should be denied.

## INTRODUCTION

In February of 2003, Universal Communication Systems, Inc. ("UCS"), the publicly traded parent company and 100% owner of AirWater Corporation and AirWater Patents, contacted J.J. Reidy, a small, closely-held Massachusetts Corporation located in Holden, Massachusetts, seeking to acquire its rights to United States Patents related to a water purification system.  Affidavit of James J. Reidy ("Reidy Aff."), ¶ 2.  Mr. Reidy spoke with Michael Zwebner ("Zwebner"), the Chief Executive Officer of UCS, and President of AirWater Corporation and AirWater Patents, on an almost daily basis in the next months and had frequent email correspondence with Zwebner.  Reidy Aff., ¶ 3.  These phone and email negotiations between Mr. Reidy, in Massachusetts, and Zwebner, in Israel, Miami, Toronto, Los Angeles, the United Kingdom, and New York, continued for several months.  Reidy Aff., ¶ 4. On March 15, 2003, at Zwebner's suggestion, Zwebner traveled to Boston to meet with Reidy's President, James J. Reidy, to further negotiate an agreement regarding the patents.  Reidy Aff. ¶ 5.

Sometime in late March, the parties agreed to the basic terms of what became the Global Manufacturing and Marketing Licensing Agreement (the "Agreement").  Reidy Aff., ¶ 9.  In or about late June of 2003, Reidy and Zwebner executed the written Agreement, back-dating it to

March 21, 2003. Reidy Aff., ¶ 10. Zwebner soon thereafter solicited Reidy's assent to assign the Agreement to UCS's newly formed subsidiary, AirWater Patents. Reidy Aff., ¶ 10.

Pursuant to the Agreement, AirWater Corporation also made monthly payments of royalties to Reidy in Massachusetts. Reidy Aff., ¶ 11. J.J. Reidy's claim is based on Defendants' refusal to continue making these payments per the terms of the Agreement as well as the fact that the defendants have never committed the resources necessary or put forth best efforts to maintain the awareness and exposure of the product. Complaint, ¶¶ 3-6, 9-11. J.J. Reidy also alleges in its Second Amended Complaint that in order to induce J.J. Reidy into an exclusive licensing agreement, Zwebner asserted that he had $2 million in financing in order to market products based upon J.J. Reidy's patents.

<u>THERE IS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER AIRWATER CORPORATION INTENTIONALLY MISREPRESENTED THAT IT HAD $2 MILLION IN RESOURCES TO COMMIT TO MARKETING</u>

The defendant AirWater Corporation agreed to commit resources and put forth best efforts to establish and maintain the awareness and the exposure of the products based on the patents. (Exhibit A, Global Manufacturing and Marketing Licensing Agreement). AirWater Corporation specifically agreed to commit $2 million in marketing the products. (Reidy Aff., ¶ 6). In an e-mail exchange between Zwebner and James Reidy, President of J.J. Reidy, Zwebner references the $2 million he agreed to put forth in order to market the products based upon Reidy's patents. In the e-mail exchange, Zwebner states: "And yes, I did tell you back in March that we have $2 million in new investment funds coming in for this deal." (Exhibit C, E-mail message from Michael Zwebner dated May 8, 2003.) In addition, in handwritten notes dated March 3, 2003 of a conversation with Zwebner, James Reidy notes: "has 2 mil +" and in a note of a conversation with Zwebner dated April 6, 2003 Mr. Reidy notes: "has $2 mil promised." (Exhibit D). Zwebner informed James Reidy on several occasions that AirWater

3

Corporation had $2 million in investment funds, and that this promise was an inducement for J.J. Reidy to enter into the contract (Reidy Aff. ¶ 7). Moreover, AirWater Corporation agreed to commit resources and best efforts to marketing the product. (Exhibit A). J.J. Reidy alleges that AirWater Corporation breached the agreement by failing to commit resources and use best efforts in marketing the products based upon J.J. Reidy's patents. (Reidy Aff. ¶ 8). Notwithstanding the fact that AirWater Corporation assigned the rights and liabilities under the Agreement to AirWater Patents, J.J. Reidy still has a viable claim that AirWater Corporation fraudulently induced J.J. Reidy to enter into the contract. The Defendant's Motion for Partial Summary Judgment should therefore be denied.

AIRWATER CORPORATION IS AN INDISPENSIBLE PARTY<br>PURSUANT TO RULE 19

The motion of the defendant for summary judgment should not be granted because AirWater Corporation is an indispensable party pursuant to Fed. R. Civ. P. 19. A party is necessary under Rule 19(a):

"if in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

To be necessary, a party must only satisfy one of the above factors. See Z&B Enterprises v. Tastee-Freez International, Inc., 2006 WL 123775 (1st Cir. 2006). In Z&B Enterprises, the First Circuit stated that necessary parties under Rule 19(a) are those "who ought to be made parties, in order that the court may act on that rule which requires it to decide on and finally

4

determine the entire controversy, and do complete justice, by adjusting all the rights involved in it.  Id, citing Shields v. Barrow, 58 U.S. 130, 139 (1855).   AirWater Corporation is an indispensable party because in the absence of AirWater Corporation, J.J. Reidy cannot obtain complete relief in this action.  Not only were the terms of the contract negotiated between J.J. Reidy and AirWater Corporation, but the inducements to enter into the contract were offered by AirWater Corporation.

In deciding whether a party is indispensable, the court may also consider the interests of the courts and the public.  As the United States Supreme Court stated in Provident Bank v. Patterson, 390 U.S. 102 (1968),  a case dealing with the dismissal of a declaratory judgment action for nonjoinder of an indispensable party, the Court stated as follows:

> Fourth, there remains the interest of the courts and the public in complete, consistent, and efficient settlement of controversies.  We read the Rule's third criterion, whether the judgment issued in the absence of the nonjoined person will be "adequate," to refer to this public stake in settling disputes by wholes, whenever possible… Provident Bank at p.111.

Certainly the rule applies here, that the court and the public has an interest in a complete, consistent and efficient resolution of this controversy, which relates to two defendants, AirWater Corporation and AirWater Patents.

For the foregoing reasons, AirWater Corporation's Motion for Partial Summary Judgment should be denied.

5

WHEREFORE, the plaintiff J.J. Reidy & Co., Inc. respectfully requests that the court deny the defendant's Motion for Partial Summary Judgment.

J.J. REIDY & COMPANY, INC.
By its attorneys,

/s/ Maura A. Greene
Thomas J. Conte (BBO #566092)
Maura A. Greene (BBO #547204)
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511
mgreene@bowditch.com

Dated:  April 14, 2006

CERTIFICATE OF SERVICE

I, Maura A. Greene, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 14, 2006.

/s/ Maura A.Greene
Maura A. Greene