UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **J.J. REIDY & CO., INC.,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**AIRWATER CORPORATION AND AIRWATER PATENTS CORPORATION,**<br><br>　　　　**Defendants.** | CIVIL ACTION NO. 05-40049-FDS |
| **AIRWATER PATENTS, INC.**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**J.J. REIDY & CO., INC.**<br><br>　　　　**Defendant.** | CIVIL ACTION NO. 06-10137-FDS |

### MOTION OF AIRWATER CORPORATION AND AIRWATER PATENTS, INC. TO AMEND SCHEDULING ORDER

AirWater Corporation and AirWater Patents, Inc. collectively, ("AirWater") hereby move to amend the scheduling order to extend the time for discovery. In support of this motion, and for reasons more fully set forth in the attached Affidavit of Matthew P. Zayotti filed herewith, AirWater states as follows:

　　　　1.　　Counsel for AirWater and J.J. Reidy mutually agreed to jointly request an extension of discovery pending the outcome of mediation;

　　　　2.　　Counsel for AirWater refrained from initiating additional discovery highly relevant to AirWater's claims against J.J. Reidy, recently consolidated herewith, in

reasonable reliance upon the mutual agreement of counsel to jointly request an extension of discovery;

3. Counsel for J.J. Reidy reneged on the agreement to jointly request an extension of discovery on the grounds that J.J. Reidy did not want to incur the additional cost thereof; and

4. AirWater has been unfairly prejudiced by J.J. Reidy's counsel's refusal to honor her prior agreement to jointly request an extension of discovery.

In further support of this motion, AirWater states as follows:

1. On March 1, 2006, AirWater served on J.J. Reidy & Co., Inc. ("J.J. Reidy") AirWater's first set of interrogatories and first request for production of documents. See Zayotti Affidavit, Exh. A.

2. On April 4, 2006, AirWater served its responses to AirWater's first request for production of documents. Id., Exh. B.

3. On April 27, 2006, the Court held a Status Conference at which the parties jointly requested that the Court extend the discovery deadline. As a result of the parties' request, the Court extended the various deadlines of the prior scheduling order by 30 days, including extending discovery through July 15, 2006. Additionally, the Court requested the parties to inform the Court whether the parties wished to proceed to mediation.

4. On May 5, 2006, in response to the Court's request, the parties filed a Joint Motion to Refer the Case to Mediation, wherein the parties stated that they were conferring to determine whether to retain a private mediator or participate in the Court-sponsored mediation program. In that regard, the parties decided to engage in private

mediation before David O. Burbank, Burbank Mediation Services and scheduled a mediation session for July 25, 2006.

5. On June 6, 2006, the United States District Court for the District of Massachusetts, Eastern Division, (Stearns, J.) allowed AirWater Patents, Inc's assented to motion to consolidate this action with the sister case entitled, AirWater Patents, Inc. v. J.J. Reidy & Co., Inc., Civil Action No. 06-CV-10137-RGS.[1]

6. By correspondence to counsel for J.J. Reidy dated June 7, 2006, counsel for AirWater delineated the deficiencies in J.J. Reidy's responses to discovery, including but not limited to J.J. Reidy's failure to respond to AirWater's interrogatories and failure to produce any responsive documents. Additionally, counsel for AirWater requested a discovery conference with counsel for J.J. Reidy pursuant to Local Rule 37.1. Zayotti Affidavit, at ¶ 5.

7. On June 13, 2006, the requested discovery conference was held during which J.J. Reidy's counsel promised to produce certain responsive documents and provide J.J. Reidy's responses to interrogatories. However, because of the possibility that the mediation scheduled for July 25, 2006 would obviate the need for further litigation, counsel for AirWater and J.J. Reidy mutually agreed that pending the outcome of the mediation (1) the previously scheduled depositions of J.J. Reidy and AirWater would be postponed, (2) AirWater would refrain from filing a motion to compel and await J.J. Reidy's responses to interrogatories and document production, and (3) the parties would file a joint motion to extend discovery. Id. at ¶ 6.

---

[1] AirWater Patents, Inc. initially commenced this sister action in the Circuit Court for the 11th Judicial District in and for Miami-Dade County, Florida, and J.J. Reidy & Co., Inc. removed the action based on diversity jurisdiction to the United States District Court for the Southern District of Florida. Thereafter, the case was transferred to the United States District Court for the District of Massachusetts (Eastern Division)

3

8. On June 19, 2006, J.J. Reidy served its <u>unsworn</u> responses to interrogatories. Id., Exh. C.

9. On July 7, 2006, the parallel action initiated in Florida by AirWater against J.J. Reidy was transferred to this Court, and the case was assigned to Judge Saylor on July 11, 2006. In that action, AirWater alleges, among other things, that J.J. Reidy anticipatorily terminated the parties' Agreement and that such termination was unjustified and wrongful because (a) AirWater was not required by the terms thereof to make Minimum Monthly Royalty Payments beyond a 1-year period; (b) AirWater's quarterly royalty payments were not overdue; (c) AirWater was entitled by the terms of the Agreement to a period of 30 days within which AirWater to cure the alleged default; and (d) J.J. Reidy prospectively rejected AirWater's tender of the disputed Minimum Monthly Royalty Payment. Additionally, AirWater alleges that J.J. Reidy has been unjustly enriched in that (a) AirWater has conferred upon J.J. Reidy substantial benefits, including but not limited to a cash payment of $100,000; 4 million shares of UCSY stock valued at approximately $300,000; Minimum Monthly Royalty Payments from November 1, 2003 through October 1, 2004 in the total amount of $120,000; defense of separate litigation challenging the validity of the J.J. Reidy Patents at an approximate cost of $180,000; and marketing, development and manufacture of the J.J. Reidy air-to-water products at a cost in excess of $2 million; (b) J.J. Reidy accepted the foregoing benefits in consideration of granting to AirWater the exclusive rights to the world-wide patents to the J.J. Reidy air to water system; (c) AirWater conferred the foregoing benefits of J.J. Reidy with the expectation of receiving the exclusive, world-wide patents to the J.J. Reidy air to water system; and (d) J.J. Reidy's retention of the foregoing benefits is

---

based on this Court's ruling that jurisdiction is proper in Massachusetts.

inequitable because J.J. Reidy failed to deliver the world-wide patents to the J.J. Reidy air to water technology, unjustly and wrongfully terminated the Agreement and licensed the J.J. Reidy Patents to third parties in violation of AirWater's exclusive rights both before and after J.J. Reidy's anticipatory termination of the parties' Agreement. AirWater Complaint, at pp. 1-19.

10.    On July 11, 2006, J.J. Reidy produced certain documents responsive to AirWater's document requests. Zayotti Affidavit, at ¶ 8.

11.    On July 14, 2006, counsel for AirWater sent to counsel for J.J. Reidy a draft joint motion to extend the discovery deadline, which was set to expire on July 17, 2006. Upon receiving AirWater's draft joint motion to extend discovery, counsel for J.J. Reidy reneged on her prior agreement to jointly request an extension of discovery on the basis that the litigation initiated by J.J. Reidy had resulted in substantial legal fees to J.J. Reidy already, and J.J. Reidy did not want to spend any more money on discovery. Specifically, counsel for J.J. Reidy stated that she would agree only to complete the previously noticed depositions of J.J. Reidy and AirWater. Zayotti Affidavit, at ¶¶ 8-9.

12.    Noting that the agreement to extend discovery contemplated a reservation of rights by both parties to conduct additional discovery in the event the mediation proved to be unsuccessful, and also that AirWater had sufficient time (more than one month) to complete the relevant discovery at the time counsel struck their agreement but refrained from doing so in reliance upon J.J. Reidy's counsel's agreement to jointly request an extension of discovery, counsel pointed out that AirWater would now be unfairly prejudiced by J.J. Reidy's counsel's refusal one day before the discovery deadline to honor the agreement to extend discovery. Id. at ¶ 10.

13. Notwithstanding the foregoing, J.J. Reidy's counsel declined to join in a motion to extend the discovery deadline as previously agreed and suggested that the issue would become moot if the parties were able to resolve their differences through mediation. Id. at ¶ 11.

14. On July 25, 2006, the parties engaged in mediation as scheduled. In order to accommodate J.J. Reidy, whose principal place of business is located in Holden, Massachusetts, AirWater's President, Michael J. Zwebner, agreed to conduct the mediation at the offices of J.J. Reidy's counsel in Worcester, Massachusetts. In order to attend, Mr. Zwebner made a special trip from Israel to Boston, and then from Boston to Worcester. Unfortunately, the mediation was unsuccessful. Id. at ¶ 12.

15. Until now, counsel for AirWater has been unable to complete the preparation of this motion and a motion to compel further discovery from J.J. Reidy due to the fact that on August 1, 2006, AirWater's counsel's daughter was born and counsel took a significant period of time off to provide care and support for his new-born child and wife. Since returning to work, counsel for AirWater has had at least nine (9) days of depositions in other cases, including but not limited to five (5) days of depositions that required two separate trips back and forth to Gainesville, Florida. Id. at ¶ 13.

16. Still pending before the Court are AirWater Corporation's Motion for Summary Judgment, and J.J. Reidy's Motion to Amend its Complaint.

17. The previously noticed depositions of J.J. Reidy and AirWater have yet to be completed.

18. J.J. Reidy has failed to fully respond to AirWater's requests for documents and interrogatories, which failure is the subject of AirWater's forthcoming motion to

Case 4:05-cv-40049-FDS   Document 45   Filed 09/28/2006   Page 7 of 9

compel. AirWater should be afforded the opportunity to compel full and complete responses from J.J. Reidy before taking J.J. Reidy's deposition.

19. AirWater is seeking a reasonable extension of discovery for the purpose conducting certain additional discovery relevant to AirWater's claims against J.J. Reidy, which were only very recently consolidated herewith, including but not limited to deposing Mike Klein, World Wide Water, LLC, World Wide Water, Inc. and/or Air2Water, LLC regarding negotiations with J.J. Reidy dating back to 2001 or 2002 to license the J.J. Reidy Patents for $3 to $4 million. This information is highly relevant to AirWater's claims that J.J. Reidy anticipatorily and wrongfully terminated its Agreement with AirWater and licensed the J.J. Reidy Patents to third parties in violation of AirWater's exclusive rights. This information is also relevant to J.J. Reidy's motive for prematurely terminating the parties' agreement and the pretextual nature of his alleged reasons for doing so. <u>Zayotti Affidavit</u>, Exh. Additionally, AirWater wishes to depose Electric & Gas Technology, Inc., Atmospheric Water Technology, Inc. and/or Richard Ehrlich, the parties against whom AirWater defended the lawsuit challenging the validity of the J.J. Reidy Patents. <u>AirWater Complaint</u>, Exh. B. Further, AirWater would depose Russell B. Adler, Air & Watermaker, Inc., Watermaker Corp., and/or Daveco, Inc., which allegedly assisted J.J. Reidy to misappropriate the intellectual property upon which the Reidy patents are based. <u>Id.</u>

20. J.J. Reidy will not be prejudiced by the requested extension. Indeed, J.J. Reidy's counsel previously agreed to the requested extension of discovery and then reneged on the agreement because J.J. Reidy wanted to avoid the cost of further

7

discovery. If J.J. Reidy is concerned about the cost of the aforementioned depositions, J.J. Reidy need not participate.

WHEREFORE, in view of J.J. Reidy's counsel's prior agreement to extend discovery, the unfair prejudice that AirWater will suffer as a result of J.J. Reidy's counsel's refusal to honor the agreement to extend discovery, the outstanding discovery to be completed, pending motions and procedural posture of these consolidated actions, AirWater respectfully requests that this Honorable Court enter an order:

1. Extending the deadline for completing discovery through and including sixty (60) days from the date of this Court's order;

2. Extending the deadline for filing dispositive motions through and including sixty (60) days from the close of discovery; and

3. Extending all other scheduling deadlines in accordance with the above. .

> AIRWATER CORPORATION AND
> AIRWATER PATENTS, INC.
>
> By their attorneys,
>
> *[signature]*
> Richard Kirby, BBO# 273600
> Matthew P. Zayotti, BBO# 638265
> Keegan Werlin LLP
> 265 Franklin Street
> Boston, Massachusetts 02110-3113
> (617) 951-1400

Dated: September 28, 2006

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I, Matthew P. Zayotti, hereby certify that on July 14, July 17 and July 31, 2006, I conferred with Maura A. Greene, Esq. of Bowditch & Dewey, LLP, counsel for the Plaintiff J.J. Reidy & Co., Inc. in a good faith attempt to resolve or narrow the issues related to this motion.

*/s/ Matthew P. Zayotti*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 28, 2006.

*/s/ Matthew P. Zayotti*

9