UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-40049-FDS

(Consolidated with <u>Airwater Patents, Inc. v. J.J. Reidy & Co., Inc., a Massachusetts Corporation</u>; United States District Court Southern District of Florida, Miami Division, Case No. 05-20650-CIV-JORDAN)

| | |
|---|---|
| J.J. REIDY & CO., INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AIRWATER CORPORATION and | ) |
| AIRWATER PATENTS CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**OPPOSITION OF J.J. REIDY & CO., INC. TO MOTION OF AIRWATER CORPORATION AND AIRWATER PATENTS, INC. TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND REQUESTS <u>FOR PRODUCTION OF DOCUMENTS</u>**

The plaintiff J.J. Reidy & Co., Inc. ("J.J. Reidy") opposes the motion of AirWater Corporation and AirWater Patents, Inc. ("AirWater") to compel further responses to interrogatories and requests for production of documents. In summary, the court should deny the motion because (a) The parties conferred briefly as to these discovery responses on June 13, 2006, approximately four months ago, and did not review the issues in detail because counsel for both parties agreed, pending the outcome of the mediation, to postpone the parties' depositions and to withhold motions to compel discovery; and (b) AirWater's discovery requests were broadly drafted and sought information not relevant to the above-captioned cases. In opposition to this motion, J.J. Reidy states as follows:

## INTRODUCTION

J. J. Reidy and AirWater Corporation entered into a Global Manufacturing and Marketing Licensing Agreement ("the License") in which J. J. Reidy granted to AirWater Corporation a license to use all of its United States patents relating to water production/generation system. On June 25, 2003, AirWater Corporation assigned its rights and liabilities under the License to AirWater Patents Corporation. Under the License, AirWater Patents Corporation was required to pay J. J. Reidy a minimum monthly royalty payment of $10,000 per month for a minimum of ten years, or until its last patent expires, whichever period is longer. In November, 2004, AirWater Patents Corporation ceased making its required monthly royalty payments to J. J. Reidy under the License. Consequently, J. J. Reidy, through its counsel, forwarded Notices of Default and Notices of Termination. On January 11, 2005, J. J. Reidy, by its counsel, sent a Notice of Termination addressed to Michael J. Zwebner at AirWater Corporation. On January 31, 2005, J.J. Reidy, by its counsel, sent a Notice of Termination addressed to Michael J. Zwebner at AirWater Patents Corporation at the same address as the notices. J.J. Reidy properly terminated the License between the parties, and in this lawsuit seeks to have the court order AirWater Patents Corporation to pay the royalties owed and to declare that the License has been terminated.

In terms of procedural history, J.J. Reidy has been required to file motions to compel and oppose AirWater's protective orders in order to proceed with discovery. J.J. Reidy filed a motion to compel in order to obtain Initial Disclosures and discovery responses which was allowed by order of the court dated March 31, 2006 (Hillman, J.). J.J. Reidy noticed the 30(b)(6) depositions of the defendants, but AirWater sought a motion for a protective order as to the taking of Mr. Zwebner's deposition in Massachusetts. In the March 31, 2006 order the Court

allowed the taking of Mr. Zwebner's deposition. The deposition was rescheduled for September 1, 2006. Mr. Zwebner, however, did not appear, and the deposition was cancelled only a few days before it was scheduled to take place. J.J. Reidy is still attempting to take this deposition. The filing of this motion to compel more than four months after a discovery conference, and the request to take eleven additional depositions after the expiration of the discovery deadline appears to be another attempt to circumvent the schedule and the discovery rules.

ARGUMENT

1. The parties conferred briefly as to these discovery responses on June 13, 2006, approximately four months ago. See Certification Pursuant to Local Rule 7.1(A)(2) to the motion to compel. At that time, the attorneys did not review the issues in detail because as counsel for AirWater states in its motion to amend the scheduling order, both parties agreed, pending the outcome of the mediation, to postpone the parties' depositions and to withhold motions to compel discovery. Affidavit of Matthew Zayotti, ¶ 6; Affidavit of Maura A. Greene, ¶ 3. The parties have not conferred in the intervening four months with regard to disputes (on both sides) concerning whether the parties fully complied with discovery requests. Accordingly, the motion is premature, as the parties have not had an opportunity to narrow the issues before the court as required by Local Rule 7.1. Nonetheless, J.J. Reidy responds to the arguments of AirWater as follows:

2. With regard to AirWater's arguments concerning the production of documents, in a number of instances, although J.J. Reidy stated its objections, it stated that the documents responsive to the request would be produced. This relates to Request No. 1, Request No. 2, Request No. 4, Request No. 7, Request No. 8, Request No. 10, Request No. 11, Request No. 12,

3

{J:\CLIENTS\LIT\304269\0002\PLD\F0375057.DOC;1}

Request No. 16, Request No. 25, Request No. 26, and Request No. 33. In fact, the documents were produced, with copies sent to counsel for AirWater.

3.      Request No. 17 requests all documents which J.J. Reidy intends to offer into evidence at the trial of this matter. J.J. Reidy objected and replied that it has not yet determined what documents it intends to offer into evidence at the trial of this matter. This is still the case, and rulings from the Court may impact upon its decisions as to what documents to introduce into evidence at trial.

4.      Request No. 18 seeks "All documents relating to the subject matter of this litigation." This request is obviously overly broad as it is unlimited in time and scope and the "subject matter of the litigation" is very broad. It would be difficult to draft a broader request in a lawsuit than Request No. 18. Rule 34 (b) provides that the requests set forth the items requested either by individual item or by category and that the items must be described with "reasonable particularity." This request does not meet the "reasonable particularity" standard in the rule. Moreover, the request is not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, J.J. Reidy should not be compelled to respond.

5.      Request No. 19, which seeks "All documents that constitute, relate or refer to communications between you, and or James J. Reidy on the one hand and AirWater Corporation, AirWater Patents and or Michael J. Zwebner on the other hand." J.J. Reidy objected, again on the grounds that the request was overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The request is unlimited in terms of time or subject matter. The request is not even limited to the dispute that is central to this case. Moreover, as the correspondence AirWater seeks was conducted between the parties, Mr.

Zwebner would have the correspondence sought. Notwithstanding the objection, J.J. Reidy produced an extensive amount of e-mail correspondence which related to other requests. J.J. Reidy should not be compelled to further respond to a request this broadly drafted.

6. Request No. 27 seeks "All documents that constitute, relate or refer to the disposition of the UCSY, AirWater Corporation or the AirWater Patents stock issued to you." Any stock that was issued to J.J. Reidy was the property of J.J. Reidy and any documents relating to the negotiation of the shares is unrelated to this litigation and J. J. Reidy should not be compelled to respond.

7. Requests No. 28, 29 and 30 relate to agreements between J. J. Reidy and any third parties to license, sublicense and market or manufacture the patents, any documents that relate to profits as a result of any agreements between J.J. Reidy and a third party and documents relating to efforts on the part of J.J. Reidy to solicit licensing, sublicensing, marketing or manufacturing agreements. J.J. Reidy properly terminated the License, the agreement between the parties that is central to the dispute in this case. Any documents relating to purported agreements between third parties or efforts to solicit agreements which took place <u>after</u> the termination of the agreement are not relevant and the discovery of any such documents is not reasonably calculated to lead to the discovery of admissible evidence. J.J. Reidy should therefore not be compelled to produce any such documents.

8. Request No. 32 seeks discovery of documents referring to communications between Mr. Reidy and his counsel, Attorney Brian Dingman. Any communications between Mr. Reidy and his attorney are clearly subject to the attorney-client privilege. To the extent that any of the communications involved Mr. Zwebner in a client relationship, the documents are still

5

privileged, but Mr. Zwebner would have access to them as the client and J.J. Reidy should not be compelled to produce them.

9. Request no. 34 seeks documents relating to J.J. Reidy's financial condition, including tax returns, financial statements, income statements and balance sheets. This information is not relevant to the claims in the litigation and is not reasonably calculated to lead to the discovery of admissible evidence. None of this information is relevant pre-judgment. J.J. Reidy requests that the court deny this request as AirWater has not demonstrated that it is relevant to the allegations in this case.

10. Request no. 36 seeks J.J. Reidy's corporate documents that relate to minutes, meetings, corporate filings, shareholder agreements and by-laws and amendments. J.J. Reidy will produce these documents.

11. With regard to AirWater's interrogatories, many of the issues are the same as the information requested is either overly broad, not relevant, or is protected by the attorney-client privilege. Again, counsel for the parties never discussed these issues in any detail, as the parties agreed to postpone any motions to compel in light of the upcoming mediation. In Interrogatory No. 7, J.J. Reidy has stated that the basis for its claim, which is intentional misrepresentation, is that AirWater Corporation misrepresented that it had $2 million in financing available to market the product based upon J.J. Reidy's patents.

12. J.J. Reidy objected to Interrogatory No. 8, on the ground of the attorney-client privilege as that request seeks the disclosure of communications between Mr. Reidy and his counsel Brian Dingman. The information sought is clearly protected by the attorney-client privilege. Moreover, the request is unlimited as to time and broadly requests communications

6

"regarding the subject matter of this litigation." The request is overly broad and unduly burdensome. J.J. Reidy therefore requests that the court deny the motion to compel.

13.    Interrogatory No. 9, which seeks all communications between J.J. Reidy and Mr. Reidy and any third party "regarding the subject matter of this litigation" is again very broadly drafted and appears to impermissibly call for the disclosure of communications that are protected by the attorney-client privilege. The request is unlimited in time and scope and therefore is not reasonably calculated to lead to the discovery of admissible evidence. As drafted, the request seeks the disclosure of conversations with attorneys, conversations with friends or family, and is so broadly drafted that the court should not require J.J. Reidy to respond.

14.    Interrogatory No. 10 seeks the identification of contracts between J.J. Reidy and any third party relating to the patents or water production/generation system. J. J. Reidy responded that there were no contracts prior to the termination of the Agreement. J.J. Reidy objects to the disclosure of any purported contracts <u>after</u> the termination of the Agreement as not relevant to the issues in the litigation. Therefore, the interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. The Court should therefore deny AirWater's request.

15.    Interrogatory No. 12 seeks the content of communications relating to quarterly royalty payments. While J.J. Reidy responded that Mr. Reidy had conversations with Michael Zwebner, it has agreed to supplement its response to describe Mr. Reidy's recollection of the content of those communications.

16.    Interrogatories 16, 17 and 18 concern lawsuits to which J.J. Reidy has not been named as a party, and entities and issues unrelated to the entities and issues in this lawsuit. In

7

Interrogatory No. 16, AirWater asks about J.J. Reidy's involvement with the defense of a totally unrelated action filed in Texas in which J.J. Reidy was not a named party. J.J. Reidy objected to the interrogatory as it is not reasonably calculated to lead to the discovery of admissible evidence in this lawsuit. Interrogatory No. 17 seeks similar information, asking about any communications with parties in the Texas lawsuit. J.J. Reidy responded that Mr. Reidy has never met or communicated with Richard Erlich, and any information concerning a completely unrelated matter is not relevant to this lawsuit. Interrogatory No.18 requests the content of all communications between J.J. Reidy and non-parties including World Wide Water, Inc., World Wide Water, LLC and Mike Klein. The interrogatory is unlimited as to time and subject matter and therefore is impermissibly broad and not reasonably calculated to lead to the discovery of admissible evidence. J.J. Reidy therefore requests that the court deny AirWater's motion to compel answers.

17.     Interrogatory No. 19 and No. 20 seek the disclosure of the identity of fact witnesses and expert witnesses whom J.J. Reidy anticipates calling as witnesses at trial. These decisions have not yet been made and J.J. Reidy accordingly answered that the plaintiff has not yet determined who it will call as fact witnesses or expert witnesses. Accordingly, AirWater's motion to compel must be denied.

18.     The answers to interrogatories were signed by Mr. Reidy as President of J.J. Reidy. The pleading was inadvertently submitted without Mr. Reidy signing under oath. In supplementing the answers to interrogatories, Mr. Reidy will sign under the pains and penalties of perjury.

WHEREFORE, for the above reasons, J. J. Reidy respectfully requests that this court deny AirWater's motion to compel.

J.J. REIDY & COMPANY, INC.
By its attorneys,

/s/ Maura A. Greene
Thomas J. Conte (BBO #566092)
Maura A. Greene (BBO #547204)
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511
mgreene@bowditch.com

Dated: October 12, 2006

CERTIFICATE OF SERVICE

I, Maura A. Greene, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 12, 2006.

/s/ Maura A. Greene
Maura A. Greene