UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-40049-FDS

(Consolidated with <u>Airwater Patents, Inc. v. J.J. Reidy & Co., Inc., a Massachusetts Corporation</u>; United States District Court Southern District of Florida, Miami Division, Case No. 05-20650-CIV-JORDAN)

| | |
|---|---|
| J.J. REIDY & CO., INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AIRWATER CORPORATION and | ) |
| AIRWATER PATENTS CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**OPPOSITION OF J.J. REIDY & CO., INC. TO MOTION OF AIRWATER CORPORATION AND AIRWATER PATENTS, INC.
<u>TO AMEND SCHEDULING ORDER</u>**

The plaintiff, J.J. Reidy & Co., Inc. ("J.J. Reidy") hereby opposes the Motion of AirWater Corporation and AirWater Patents, Inc. (collectively "AirWater") to amend the scheduling order to extend the time for discovery beyond the taking of the depositions of Mr. Reidy and the 30(b)(6) depositions of AirWater (presumably Mr. Zwebner) noticed by J.J. Reidy. In opposition to this motion, J.J. Reidy submits the affidavit of Maura A. Greene, Esq. and further states as follows:

1. The Court has already extended the deadlines of the prior scheduling order at the request of the parties.

2

2. Counsel for both parties agreed to postpone the depositions of Mr. Reidy and the 30(b)(6) depositions of AirWater as the parties agreed to attend a mediation session. Greene Affidavit, ¶ 3. The parties mediated the case with David O. Burbank on July 25, 2006, but the case did not settle. Greene Affidavit, ¶ 4.

3. Counsel for J.J. Reidy never agreed to a blanket extension of discovery and objects to the statement that J.J. Reidy's counsel reneged on an agreement to extend the discovery deadline. Greene Affidavit, ¶ 5. AirWater's counsel now seeks to take approximately eleven additional depositions, listed in the motion (for the first time) as the following: Mike Klein, World Wide Water, LLC, World Wide Water, Inc., and/or Air2Water, LLC, Electric & Gas Technology, Inc., Atmospheric Water Technology, Inc., and/or Richard Erlich, Russell B. Adler, Air & Watermaker, Inc., Watermaker Corp. and or Daveco. Inc. This is certainly the first time that counsel for J.J. Reidy has seen this list of proposed deponents and J.J. Reidy would have never agreed to extend the discovery deadline to take all of these depositions. When counsel agreed to postpone the scheduled depositions of the parties, there was never a discussion concerning the taking of additional depositions, and certainly not a discussion concerning these additional eleven depositions. This extensive list is surprising, given that the discovery deadline, which had already been extended once, expired several months ago. Greene Affidavit, ¶ 6.

4. Although counsel for AirWater cites the recent consolidation of the Massachusetts action and the Florida action, both lawsuits concern the same parties, arise out the same set of facts and involve the same contract, the terms of which are in dispute. AirWater does not set forth an argument as to why these depositions must now be taken, and how they will lead to the discovery of admissible evidence. The fact remains that if the defendants wanted to take these

2

depositions, they certainly knew it before the discovery deadline. These depositions have never been noticed and the request for all of these depositions, never before having been disclosed (even during a conference before the motion to extend was filed) certainly comes as a surprise.

5.    J.J. Reidy will be prejudiced by an extension of the discovery deadline beyond the taking of the depositions that were already noticed. The taking of these depositions will be extremely time consuming, costly, and there is no showing that all of this additional discovery will lead to the discovery of admissible evidence, or that it is required for AirWater's case. Greene Affidavit, ¶ 7. AirWater's request for a substantial expansion of discovery, well after the running of the deadline, is unfortunately consistent with AirWater's pattern of delay which has led to several rulings already from this Court.

WHEREFORE, the plaintiff J.J. Reidy & Company, Inc. respectfully requests that the Court deny the Motion to Amend the Scheduling Order.

J.J. REIDY & COMPANY, INC.
By its attorneys,


/s/ Maura A. Greene
Thomas J. Conte (BBO #566092)
Maura A. Greene (BBO #547204)
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511
mgreene@bowditch.com

Dated: October 12, 2006

{J:\CLIENTS\LIT\304269\0002\PLD\F0373820.DOC;1}

## CERTIFICATE OF SERVICE

  I, Maura A. Greene, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 12, 2006.

                  /s/ Maura A. Greene
                  Maura A. Greene