UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| J.J. REIDY & CO., INC.,<br><br>Plaintiff,<br><br>v.<br><br>AIRWATER CORPORATION AND AIRWATER PATENTS CORPORATION,<br><br>Defendants. | CIVIL ACTION NO. 05-40049-FDS |
| AIRWATER PATENTS, INC.<br><br>Plaintiff,<br><br>v.<br><br>J.J. REIDY & CO., INC.<br><br>Defendant. | CIVIL ACTION NO. 06-10137-FDS |

### REPLY OF AIRWATER CORPORATION AND AIRWATER PATENTS, INC. TO J.J. REIDY & COMPANY, INC.'S OPPOSITION TO MOTION TO AMEND SCHEDULING ORDER

AirWater Corporation and AirWater Patents, Inc. (collectively, "AirWater") hereby file the following reply to J.J. Reidy & Company, Inc.'s Opposition to Motion to Amend Scheduling Order. In support of this reply, and for reasons more fully set forth in the attached Supplemental Affidavit of Matthew P. Zayotti filed herewith, AirWater states as follows:

1.  Counsel for AirWater and J.J. Reidy expressly agreed to "postpone depositions and motions to compel and to jointly request an extension of discovery" or words to that effect. Supplemental Zayotti Affidavit, at ¶¶ 2-4;

2.  The purpose of this agreement was to enable the parties to participate in the mediation while (a) potentially avoiding the additional unnecessary cost of continuing

to litigate; and (b) preserving the respective rights of the parties and avoiding prejudice to either side in the event the mediation was unsuccessful. Id. at ¶ 5.

3. It is irrelevant that counsel did not discuss what, if any, additional discovery the parties might want to conduct if mediation was unsuccessful, and that J.J. Reidy's counsel did not use the phrase "blanket extension of discovery," as ostensibly distinguished from an agreement to merely "extend discovery," see Attorney Greene's Affidavit, at ¶¶ 5 and 6, because it was implicit in the agreement to jointly seek an extension of discovery that the parties would be free to conduct any and all additional discovery, at their sole discretion and as they might see fit, within the requested extension of time. Id. at ¶ 6.

4. J.J. Reidy's counsel did not indicate to counsel for AirWater that she wanted to limit the requested extension of discovery to completion of previously noticed depositions and motions to compel until July 14, 2006 when it was too late for AirWater to timely conduct additional discovery. Had J.J. Reidy's counsel indicated on June 13th that she wanted to limit the extension of discovery as such, AirWater would still have had sufficient time within which to complete any and all additional discovery. Id. at ¶ 7.

5. If J.J. Reidy had insisted through counsel on June 13th, as it is attempting to do now, hat AirWater would have to choose between continuing to incur the cost of completing discovery before the July 17th deadline, or surrendering its right to conduct additional discovery if the mediation turned out to be unsuccessful, AirWater would likely have declined to participate in the mediation at all, let alone travel all the way from Israel to the office of J.J. Reidy's counsel in Worcester, Massachusetts to do so.

2

6. Attorney Greene's Affidavit in Support of J.J. Reidy & Company, Inc.'s Opposition to AirWater's Motion to Amend Scheduling Order is not signed under oath.

WHEREFORE, based on these additional points and those set forth in AirWater's Motion to Amend the Scheduling Order, AirWater respectfully requests that this Honorable Court enter an order:

1. Extending the deadline for completing discovery through and including sixty (60) days from the date of this Court's order;

2. Extending the deadline for filing dispositive motions through and including sixty (60) days from the close of discovery; and

3. Extending all other scheduling deadlines in accordance with the above. .

AIRWATER CORPORATION AND
AIRWATER PATENTS, INC.

By their attorneys,

/s/ Matthew P. Zayotti
Richard Kirby, BBO# 273600
Matthew P. Zayotti, BBO# 638265
Keegan Werlin LLP
265 Franklin Street
Boston, Massachusetts 02110-3113
(617) 951-1400

Dated: October 19, 2006

---

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 19, 2006.

/s/ Matthew P. Zayotti