UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| J.J. REIDY & CO., INC.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>AIRWATER CORPORATION AND AIRWATER PATENTS CORPORATION,<br><br>　　　　　Defendants. | CIVIL ACTION NO. 05-40049-FDS |
| AIRWATER PATENTS, INC.<br><br>　　　　　Plaintiff,<br><br>v.<br><br>J.J. REIDY & CO., INC.<br><br>　　　　　Defendant. | CIVIL ACTION NO. 06-10137-FDS |

**SUPPLEMENTAL AFFIDAVIT OF MATTHEW P. ZAYOTTI, ESQ. IN SUPPORT OF REPLY OF AIRWATER CORPORATION AND AIRWATER PATENTS, INC. TO OPPOSITION OF J.J. REIDY & COMPANY, INC. TO MOTION TO AMEND SCHEDULING ORDER**

I, Matthew P. Zayotti, Esquire, do hereby state and depose as follows:

1. On June 7, 2006, I sent correspondence to Maura A. Greene, Esq., counsel for J.J. Reidy, delineating the numerous deficiencies in J.J. Reidy's responses to discovery, and requesting a discovery conference with counsel for J.J. Reidy pursuant to Local Rule 37.1. A copy of my letter is attached hereto as <u>Exhibit A</u>.

2. On June 13, 2006, I conferred with Attorney Greene pursuant to Local Rule 37.1. Towards the end of that conference, Attorney Greene and I expressly agreed to "postpone the previously noticed depositions and motions to compel and to jointly request an extension of discovery" pending the outcome of the mediation scheduled for

July 25, 2006. Specifically, I pointed out to Attorney Greene that we had a looming discovery deadline of July 17th and I asked her what she wanted to do about completing the depositions in light of the upcoming mediation session and the possibility the case would be resolved thereby obviating the need for further litigation and expense.

3. Attorney Greene responded by specifically suggesting that "we postpone the depositions and jointly request an extension of discovery," or words to that effect. I expressly agreed with her suggestion.

4. During this conversation, Attorney Greene never suggested or implied that she wanted to limit the jointly requested extension of discovery for the sole purpose of completing previously noticed depositions and filing motions to compel. Indeed, any such limitation would have been illogical and would have discouraged the mediation from taking place. In that regard, if Attorney Greene had indicated to me on June 13th that she would want my clients, in order to participate in the mediation, to choose between having to continue to incur the cost of completing discovery before the July 17th deadline or surrender their rights to conduct additional discovery if mediation was unsuccessful, there is very little doubt in my mind that my clients would have declined to travel from Israel to Worcester, Massachusetts to mediate the case at Attorney Greene's office. Indeed, one of the main incentives in agreeing to mediate the case, for both parties, was the possibility that they could resolve the case through ADR thereby avoiding the much higher cost of continuing to litigate the dispute.

5. It is common practice for counsel to agree to postpone completion of discovery and seek extension of discovery deadlines where, as here, there was a potential opportunity to resolve the case through ADR and save unnecessary expense to the

2

clients/parties. Under these circumstances, the purpose of postponing completion of discovery and extending discovery deadlines is to enable the parties to participate in ADR while (a) potentially avoiding the additional unnecessary expense of continuing to litigate; and (b) preserving the respective rights of the parties and avoiding prejudice in the event ADR is unsuccessful.

6. It is irrelevant that Attorney Greene and I did not discuss what, if any, additional discovery the parties might want to conduct if mediation was unsuccessful, and that she did not use the phrase "blanket extension of discovery," as ostensibly distinguished from an agreement to merely "extend discovery," see Attorney Greene's Affidavit, at ¶¶ 5 and 6, because it was implicit in our agreement to jointly seek an extension of discovery that the parties would be free to conduct any and all additional discovery, at their sole discretion and as they might see fit, within the requested extension of time.

7. On Friday, July 14, 2006, when Attorney Greene first indicated to me that she wanted to limit the requested extension of discovery for the sole purpose of completing previously noticed depositions and motions to compel, it was too late for my clients to initiate any additional discovery before the July 17th discovery deadline. Had Attorney Greene advised me on June 13th that she wanted to limit the extension of discovery, my clients would have had enough time to initiate and complete any and all additional discovery they desired.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS
___19th___ DAY OF OCTOBER, 2006.

Matthew P. Zayotti

3

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 19, 2006.

/s/ Matthew P. Zayotti

# EXHIBIT A

Case 4:05-cv-40049-FDS   Document 54   Filed 10/19/2006   Page 5 of 10

# KEEGAN WERLIN LLP

ATTORNEYS AT LAW
265 FRANKLIN STREET
BOSTON, MASSACHUSETTS 02110-3113

(617) 951-1400

TELECOPIERS:
(617) 951-1354
(617) 951-0586

June 7, 2006

*VIA FACSIMILE NO. (508) 929-3021*
*AND FIRST CLASS MAIL*

Maura A. Greene, Esq.
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, Massachusetts 01615-0156

Re:   J.J. Reidy & Col, Inc. v. Airwater Corporation, et al.,
      United States District Court for the District of Massachusetts
      – Central Division Civil Action No. 05-40049-FDS

Dear Ms. Greene:

On March 1, 2006, Defendant AirWater Patents Corporation served the following:

1. Defendant AirWater Patents Corporations First Request for Production of Documents to Plaintiff; and

2. Defendant AirWater Patents Corporation's First Set of Interrogatories to Plaintiff.

On April 4, 2006, Plaintiff J.J. Reidy & Co., Inc. served its Response to Defendant AirWater Patents Corporation's First Request for Production of Documents.

Although Plaintiff J.J. Reidy & Co., Inc. stated in its Response to Defendant AirWater Patents Corporation's First Request for Production of Documents that Plaintiff would produce certain documents, the Plaintiff has failed to produce any responsive documents to date.

Moreover, the Plaintiff has failed to provide any response whatsoever to Defendant AirWater Patents Corporation's First Set of Interrogatories to Plaintiff.

Finally, with respect to the Plaintiff's specific responses and objections to Defendant AirWater Patents Corporation's First Request for Production of Documents, I note the following:

- Plaintiff's objection to Request No. 1 is not well taken. Contrary to your objection, Request No. 1, which seeks documents requested to be identified in Defendant's first (or any subsequent) set of interrogatories, is

reasonably calculated to lead to the discovery of admissible evidence and is neither overly broad nor unduly burdensome. J.J. Reidy is obligated to produce documents responsive to this request.

- Your objection to Request No. 2 on the grounds that it is ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence is patently unfounded. AirWater is entitled to documents upon which J.J. Reidy relies in asserting this action against the Defendants.

- Request No. 4 seeks documents that constitute, relate or refer to the parties' contract, which is central to this action. Your objections that this request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence are unsupportable.

- Your objection to Request No. 7 on grounds that said request is not reasonably calculated to lead to the discovery of admissible evidence is without merit. Request No. 7 seeks documents that relate to litigation commenced by third parties in Texas challenging the validity of the patents that Reidy licensed to AirWater. As a result of the Texas litigation, AirWater asserted Plaintiff's prior material breach of the contract as an affirmative defense in this action, and brought claims arising out of the Texas litigation against J.J. Reidy in the parallel proceedings entitled, <u>AirWater Patents, Inc. v. J.J. Reidy & Company, Inc.</u>, United States District Court for the District of Massachusetts, Docket No. 1:06-CV-10137-RGS. In anticipation that these two cases will be consolidated, Judge Saylor specifically stated during the Status Conference on April 27, 2006 that the parties can and should take discovery relevant to the parallel action.

- For the same reasons that your objection to Request No. 7 is invalid, your objections to Request Nos. 8, 10 and 11, including the additional objections that Request Nos. 8, 10 and 11 are overly broad and unduly burdensome, are improper.

- Even if Request No. 18, which seeks all documents relating to the subject matter of this litigation, was determined to be overbroad, J.J. Reidy is still obligated, subject to your objection, to produce all relevant, material documents responsive to this request. Yet, in J.J. Reidy's response, there is no indication that responsive documents will be produced. Moreover, your objections that this request is ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence cannot seriously be maintained.

- Your objection to Request No. 19 is inappropriate. Clearly, AirWater is entitled to receive all correspondence between our respective clients and/or their principals.

- Request No. 25, which seeks documents and communications regarding the issuance of stock to Plaintiff as called for in the parties' agreement, seeks documents that are clearly both relevant and reasonably calculated to lead to the discovery of admissible evidence. Indeed, the parties' agreement called for the issuance of stock to J.J. Reidy as part of the consideration for the exclusive rights granted to AirWater.

- Request No. 26 for newspaper articles, press articles and/or any other publications regarding the subject matter of this action seeks documents that are relevant and discoverable. In AirWater Patents, Inc. v. J.J. Reidy & Company, Inc., United States District Court for the District of Massachusetts, Docket No. 1:06-CV-10137-RGS, AirWater has alleged, among other things, that J.J. Reidy publicly announced its intention to reject AirWater's tender of the disputed Minimum Monthly Royalty Payment, termination of the parties' agreement, and that J.J. Reidy was looking for a new group of investors and a new manufacturer relative to the patents licensed to AirWater, all in breach of contract and the covenant of good faith and fair dealing.

- Request No. 27 for documents J.J. Reidy's disposition of UCSY stock seeks documents that are discoverable and relevant to AirWater's allegation that it transferred 4 million shares of stock to J.J. Reidy in consideration, in part, for an exclusive, world-wide license for the Reidy patents, and further, that J.J. Reidy negotiated said shares in furtherance of its strategy to wrongfully terminate the parties' agreement.

- Request No. 28 seeks documents that are discoverable and relevant to AirWater's allegation that J.J. Reidy wrongfully offered the Reidy patents to third parties in breach of AirWater's exclusive rights and has profited thereby.

- Request No. 29 seeks to discover the profits that J.J. Reidy has enjoyed as a result of its wrongful conduct in offering the Reidy patents to third parties in violation of AirWater's exclusive rights.

- Request No. 30 seeks documents regarding J.J. Reidy's efforts to solicit licensing, sublicensing, marketing and manufacturing agreements with third parties relative to the Reidy patents in violation of AirWater's exclusive rights. Such documents are relevant and discoverable.

- Your objection to producing documents in response to Request No. 32 on the grounds that there was an attorney-client relationship between Brian Dingman and Reidy is similarly without merit because Dingman acted as

        counsel to both Reidy and Zwebner, AirWater and/or UCSY, including but not limited to rendering an opinion to Mr. Zwebner regarding the relative strengths of the Reidy and Air2Water patents.

- Your objection to Request No. 34 as overly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence cannot be sustained. AirWater has alleged that J.J. Reidy licensed the Reidy patents to third parties in violation of the exclusive rights granted to AirWater. Under these circumstances, J.J. Reidy is required to disgorge any and all profits it has received as a result of licensing the Reidy patents to third parties in violation of AirWater's exclusive rights. Thus the requested documents regarding J.J. Reidy's financial condition, income and the like are relevant and discoverable.

- Your objection to Request No. 36 as ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence is similarly baseless. Documents and communications that constitute, relate or refer to minutes and consent actions of the directors and shareholders; meetings of the directors and shareholders; corporate filings including but not limited to articles of organization, changes of officers and directors, and annual reports; shareholder agreements and any amendments thereto; by-laws and any amendments thereto, are likely to contain information probative of the parties' respective claims and defenses in this action and in the parallel proceedings now pending before Judge Stearns.

- J.J. Reidy agreed, subject to certain objections discussed above, to produce documents responsive to Request Nos. 1, 2, 4, 7, 8, 10, 12, 16, 25, 26 and 33. To the extent, if any, that any disagreement remains in light of the foregoing discussion, responsive documents should be produced forthwith subject to any objections you still wish to maintain. The remaining areas of disagreement can be resolved by means of a motion to compel.

- J.J. Reidy agreed, without objection, to produce documents responsive to Request Nos. 3, 5, 6, 9, 13, 14, 15, 20, 21, 22, 23, 24, 28, 31 and 35. These documents should be produced forthwith.

- To the extent that you have withheld documents responsive to Request Nos. 2, 7, 8, 10, 11, 12, 16, 17, 18, 32 and/or 33 on grounds of the attorney-client privilege, work product and or trial strategy doctrine, it is J.J. Reidy's obligation under Fed. R. Civ. P. 26(b)(3) to provide a privilege log so that my clients may independently assess the validity of said objections.

Maura Greene, Esq.
June 7, 2006
Page 5 of 5

I have mentioned to you on several occasions that your client's discovery responses are long overdue. In light of impending discovery deadlines and efforts to schedule a mediation in the near term, I hereby request a discovery conference pursuant to Local Rule 37.1 to discuss these matters. Because I will be out of town for depositions for the remainder of this week, I propose to hold the conference by telephone on Tuesday, June 13, 2006 at 1:00 p.m. If this day and time are not convenient, please let me know when would be an acceptable time. If I do not hear from you, I will call you at the time I have proposed for the conference.

In the meantime, AirWater reserves all rights.

Thank you for your attention to this matter.

Very truly yours,

Matthew P. Zayotti

cc:   Richard B. Kirby, Esq.