UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-40049-FDS

(Consolidated with <u>Airwater Patents, Inc. v. J.J. Reidy & Co., Inc., a Massachusetts Corporation</u>; United States District Court Southern District of Florida, Miami Division, Case No. 05-20650-CIV-JORDAN)

| | |
|---|---|
| J.J. REIDY & CO., INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AIRWATER CORPORATION and | ) |
| AIRWATER PATENTS CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF J.J. REIDY & CO., INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT

### INTRODUCTION

Plaintiff J.J. Reidy & Co., Inc. ("J.J. Reidy") hereby submits this memorandum of law seeking partial summary judgment in its favor against Defendant AirWater Patents Corporation ("AirWater Patents") on its claims that AirWater Patents breached an agreement between the parties for payment of royalties for the licensing of J.J. Reidy's United States Patents and that J.J. Reidy properly terminated the licensing agreement. In further support of this motion, J.J. Reidy relies upon this memorandum and the Third Affidavit of James J. Reidy filed herewith.

J.J. Reidy and AirWater Corporation ("AirWater Corp.") entered into a Global Manufacturing and Marketing Licensing Agreement (the "License") in which J.J. Reidy granted to AirWater Corp. a license to use all of its United States Patents relating to a water production/generation system (the "Licensed Patents"). On June 25, 2003, AirWater Corp.

assigned its rights and liabilities under the License to AirWater Patents. Under the License, AirWater Patents was required to pay J.J. Reidy a minimum royalty payment of $10,000 per month for a minimum of ten (10) years, or until the last patent expires, whichever period is longer. On November 1, 2004 and December 1, 2004, AirWater Patents failed to make its required monthly royalty payments to J.J. Reidy as required by the License. Consequently, J.J. Reidy issued Notices of Default and Termination to AirWater Patents in accordance with the terms of the License.

J.J. Reidy is now before this Court seeking partial summary judgment in its favor as to AirWater Patents' failure to pay the required monthly royalty of $10,000 and J.J. Reidy's proper termination of the License. As there is no genuine issue of material fact with respect to these matters, J.J. Reidy is entitled to partial summary judgment as a matter of law.

## UNDISPUTED MATERIAL FACTS

1.  J.J. Reidy is a Massachusetts corporation with a principal place of business at 1260 Main Street, Holden, Massachusetts. Affidavit of James J. Reidy which is filed herewith ("Reidy Aff."), ¶ 2.

2.  AirWater Corp. is a Florida corporation with a principal place of business at 407 Lincoln Road, Suite 12F, Miami Beach, Florida.

3.  AirWater Patents is a Florida corporation with a principal place of business at 407 Lincoln Road, Suite 12F, Miami Beach, Florida.

4.  On March 21, 2003, J.J. Reidy and AirWater Corp. entered into the License, a true and accurate copy of which is attached hereto as <u>Exhibit A</u>[1], for the Licensed Patents. Reidy Aff., ¶ 4.

---

[1] All Exhibits are attached to the Reidy Aff.

5. Thereafter, in a letter dated June 25, 2003, a true and accurate copy of which is attached hereto as Exhibit B, AirWater Corp. assigned its rights and liabilities under the License to AirWater Patents. Reidy Aff., ¶ 5.

6. The term of the License was for ten (10) years from the date of execution (March 21, 2003) or for the life of the last expiring Licensed Patent, whichever period was longer. The Licensed Patents have not yet expired. Reidy Aff., ¶ 6; Exhibit A, p. 2.

7. According to the terms of the License, AirWater Patents was required to pay J.J. Reidy a minimum royalty payment of $10,000 per month for its duration. The License provides in pertinent part:

> Licensee [AirWater Patents] is to pay Licensor [J. J. Reidy] a monthly Royalty payment in the amount of $10,000 per month commencing November 1, 2003, or the Royalty payments due in accordance with those stated above whichever is more.

Exhibit A, p. 5.[2]

8. AirWater Patents failed to pay J.J. Reidy its required monthly royalty payment of $10,000.00 under the License on November 1, 2004 and December 1, 2004. Reidy Aff., ¶ 7.

9. As a result, in a letter dated January 13, 2005, a true and accurate copy of which is attached hereto as Exhibit C, J. J. Reidy informed AirWater Patents that it was in default under the License. Reidy Aff., ¶ 9.

10. The License provides in pertinent part:

> This agreement will terminate with notice, if LICENSEE does not make any required payments to LICENSOR as specified within the stated and agreed time periods. The LICENSOR agrees to grant

---

[2] The "Minimum Monthly Royalty Payments" section of the License, page 5, states: "LICENSEE is to pay LICENSOR a monthly Royalty payment in the amount of $10,000 per month commencing November 1, 2003, or the Royalty payments due in accordance with those stated above, whichever is the more." In addition, the "Term of License" section, p. 2-3 states that "this agreement shall remain binding and continue for a period of not less than 10 years…"

3

>LICENSEE a 14 day period of notice / grace in which the Licensee
>can make good on any outstanding amount.

Exhibit A, p. 12.

11.     When AirWater Patents failed to cure its default by paying J. J. Reidy as required, J. J. Reidy informed AirWater Patents that the License was terminated in a letter dated January 31, 2005, a true and accurate copy of which is attached hereto as Exhibit D; Reidy Aff. ¶. 10.

## ARGUMENT

### J.J. REIDY IS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW AS THERE IS NO GENUINE ISSUE OF MATERIAL FACT

A.  Standard for Summary Judgment

Summary judgment should enter where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Johnson v. Gordon, 409 F.3d 12, 17 (1st Cir. 2005), citing, Fed. R. Civ. P. 56 (c).

The party opposing the summary judgment motion and seeking to establish a genuine issue of material fact must offer more than "effusive rhetoric and optimistic surmise."  Depoutot v. Raffaelly, 424 F.3d 112, 117 (1st Cir. 2005), quoting, Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997).  The opposing party must be specific about the facts as a "conglomeration of 'conclusory allegations, improbable inferences, and unsupported speculation'" is insufficient to discharge the opposing party's burden.  Depouto v. Raffaelly, 424 F.3d 112, 117 (1st Cir. 2005), quoting, Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

B.  J.J. Reidy Properly Terminated the License

Here, it is undisputed that AirWater Patents failed to make its required monthly royalty payments to J.J. Reidy on November 1, 2004 and December 1, 2004.  Reidy Aff., ¶ 7.  Even

4

though J.J. Reidy provided AirWater Patents with the requisite fourteen (14) days in which to cure its default by issuing its Notice of Default on January 13, 2005, AirWater Patents failed to perform by paying the outstanding balance owed and thus breached the terms of the License.  As such, on or about January 31, 2005, J.J. Reidy terminated the License along with AirWater Patents' legal authority to use the Licensed Patents. Reidy Aff., ¶ 10, Exhibit D.

As there is no genuine issue of material fact concerning J.J. Reidy's compliance with the notice provisions required to terminate the License, J.J. Reidy is entitled to partial summary judgment as a matter of law.

> C. <u>AirWater Patents Breached the Terms of the License by Failing to Pay Monthly Royalty Payments of $10,000 and, As a Result, J.J. Reidy is Entitled to Recover the Monthly Royalty Payments AirWater Patents has Failed to Pay.</u>

The License provides that it is to be construed in accordance with the "laws of the United States and the resident state of the Plaintiff." Exhibit A, p.15.  As J.J. Reidy's resident state is Massachusetts, Massachusetts law controls the construction of the contract.

Contract law "favors judicial resolution of disputes." See Nadherny v. Roseland Property Company, Inc., 390 F.3d 44 (1st Cir. 2004), citing, Coll v. PB Diagnostic Sys., Inc. 50 F.3d 1115, 1122 (1st Cir. 1995).   The court is to decide whether the contract terms are ambiguous or unambiguous, and if unambiguous, the court should decide its proper interpretation.  Nadherny, 390 F.3d at 48, citing, Alison H. v. Byard, 163 F.3d 2, 6 (1st Cir. 1998).

The clear and unambiguous terms of the contract require that AirWater Patents make royalty payments of $10,000 per month for a period of ten (10) years.  Massachusetts courts have held that a license agreement that gives one party the right to make use of patents in return for royalties measured by a percentage of the selling price with a minimum royalty payment is an enforceable agreement and there can be no valid objection to it.  See  Automatic Radio Mfg. Co.

5

v. Hazeltine Research, 176 F.2d 799, 804 (1st Cir. 1949), affirmed, 339 U.S. 827 (1950) (in suit for royalties due under a patent license agreement, no valid objection to provision with a minimum royalty payment and "parties are free to bargain as to the basis upon which the royalties are to be computed.)

The failure to pay royalties agreed upon in a contract is a breach that goes to the essence of the contract and entitles the plaintiff to sue for damages.  See Hiner v. C.G. Aldrich Co., 255 F. 785, 788 (1919) (if reels manufactured by defendant were covered by the plaintiff's patent, the defendant's refusal to pay royalties was a breach that could be compensated by damages); Murray v. Edes Manufacturing Co., 309 Mass. 395, 402 (1941) (failure of the defendant to pay the plaintiff $1,500 as an advance against royalties was a breach of the contract by the defendant for which the plaintiff had a good cause of action); Sermuks v. Automatic Aluminum Heel Co., 256 Mass. 478, 485 (1926) (failure to pay royalties to plaintiff who invented a machine was a breach that went to the essence of the contract and plaintiff could bring an action at once to recover full damages).  Moreover, the defendant cannot continue to obtain the benefits of the license, without paying royalties.  See  Victory Bottle Capping Machine Co., Inc. v. O. & J. Machine Co., 280 F. 753, 761 (1922) ("Upon the principle that the defendant cannot escape payment of royalties while it continues in the enjoyment of its license" the plaintiff should be permitted to seek the amount due for royalties).

Under the terms of the License, AirWater Patents was required to pay minimum royalty payments of $10,000 per month for a minimum of ten (10) years, or until the last patent expires, whichever period is longer.  Reidy Aff., ¶ 5; Exhibit A, p. 5.  It is undisputed that AirWater Patents failed to make its required monthly royalty payment of $10,000 to J.J. Reidy on November 1, 2004 and December 1, 2004.  Reidy Affidavit, ¶ 6.  Thus, AirWater Patents breached the terms of the License.

Accordingly, the Court should therefore find in favor of J.J. Reidy.

WHEREFORE, the Plaintiff J.J. Reidy & Company, Inc. requests that this Court:

 (a) Find that the rights granted to Defendants AirWater Corporation and AirWater Patents Corporation under the License have been terminated as of January 31, 2005;

 (b) Find that the Defendant AirWater Patents Corporation breached the terms of the License by failing to make the required royalty payments to J.J. Reidy on November 1, 2004 and December 1, 2004 in the amount of $10,000 each; and

 (c) Order such other and further relief as this Court deems just.

       J.J. REIDY & COMPANY, INC.
       By its attorneys,

       /s/ Thomas J. Conte
       Thomas J. Conte (BBO #566092)
       Maura A. Greene (BBO #547204)
       Bowditch & Dewey, LLP
       311 Main Street
       P.O. Box 15156
       Worcester, MA 01615-0156
       (508) 791-3511
       tconte@bowditch.com

Dated: October 31, 2006

CERTIFICATE OF SERVICE

I, Thomas J. Conte, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 31, 2006.

       /s/ Thomas J. Conte
       Thomas J. Conte

{J:\CLIENTS\LIT\304269\0002\PLD\F0333371.DOC;5}