UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

.                                             CIVIL ACTION NO. 05-40049-FDS

(Consolidated with <u>AirWater Patents, Inc. v. J.J.</u>
<u>Reidy & Co., Inc., a Massachusetts Corporation;</u>
United States District Court Southern District of
Flordia, Miami Division, Case No. 05-20650-
CIV-JORDAN)

| | |
|---|---|
| J.J. REIDY & CO., INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| AIRWATER CORPORATION and | ) |
| AIRWATER PATENTS CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF J.J. REIDY & CO., INC.'S MOTION TO COMPEL THE DEPOSITIONS
OF DEFENDANTS AND TO COMPEL PRODUCTION OF DOCUMENTS AND FOR
ATTORNEYS' FEES AND COSTS**

Plaintiff J.J. Reidy & Co., Inc. ("Reidy") hereby moves this Court, pursuant to Fed. R.

Civ. P. 37(a) and 37(d) to issue an order (1) compelling Defendants AirWater Corporation and

AirWater Patents Corporation (collectively "AirWater") to appear for depositions within ten (10)

days of the court's order on the grounds that Michael Zwebner, the President of AirWater, has

twice failed to appear for the properly noticed Rule 30(b)(6) depositions of AirWater after

AirWater's motion for a protective order was denied; (2) compelling AirWater to produce all

documents relating to AirWaters' efforts to market and sell products based on Reidy's patents as

AirWater has agreed to produce the documents, but has not done so; and (3) ordering AirWater

to pay Reidy's attorneys' fees and costs in connection with the filing of this motion and the costs

of appearing for their depositions in Massachusetts.  In further support of this motion, Reidy

states:

1.      On March 31, 2006, the Court, Hillman, J., denied AirWater's motion for a protective order as to the Rule 30(b)(6) depositions, ruling that AirWater's 30(b)(6) witness and/or corporate officer depositions would be held at the office of Plaintiff's counsel in Worcester, Massachusetts.  The Court's order dated March 31, 2006 is attached hereto as <u>Exhibit A</u>.

2.      The parties agreed to postpone the Rule 30(b)(6) depositions of both Reidy and AirWater while participating in a mediation session with Burbank Mediation on July 25, 2006. The parties attended the mediation session held on that date, but were unable to resolve the case.

3.      On August 14, 2006, Reidy served notices of taking deposition on counsel for AirWater, noticing AirWater's Rule 30(b)(6) depositions for September 1, 2006 at 10:00 a.m. and 2:00 p.m. at the office of  Reidy's counsel.  Copies of the deposition notices served on counsel are attached hereto as <u>Exhibit B</u>.

4.      On August 30, 2006, only two days before the scheduled depositions, AirWater's counsel faxed a letter stating that AirWater's Rule 30(b)(6) deponent, Michael Zwebner, was in Israel and unavailable for September 1, 2006 and that AirWater's counsel was unavailable as well.  A copy of the letter is attached hereto as <u>Exhibit C</u>.

5.      The parties agreed to reschedule the depositions for November 8, 2006.  The date was mutually agreed upon after both attorneys reviewed their schedules and AirWater's counsel confirmed Mr. Zwebner's availability.  Reidy's counsel accordingly renoticed AirWater's depositions for November 8, 2006.  Copies of the deposition notices served on counsel are attached hereto as <u>Exhibit D</u>.

6.      On October 31, 2006, Matthew Zayotti, counsel for AirWater, left a voicemail informing Reidy's counsel that he had an unavoidable conflict in his schedule and would not be able to attend.  On November 1, 2006, Mr. Zayotti faxed a letter stating that the deposition would

have to be postponed because AirWater's attorneys had conflicts in their schedules. Mr. Zayotti's letter dated November 1, 2006 is attached hereto as <u>Exhibit E</u>.

7. On November 3, 2006, Reidy's and AirWater's counsel conferred by telephone. AirWater's counsel repeated his position that the attorneys at his office had conflicts in their schedules, despite the fact that he had previously chosen the date for the deposition. He confirmed that AirWater's deponent, Mr. Zwebner, would not appear. Despite repeated requests, AirWater's attorneys have failed to provide new dates when Mr. Zwebner would be available for AirWater's depositions. Reidy's and Airwater's counsel have also conferred by telephone as to AirWater's marketing and sales documents and Mr. Zayotti confirmed that AirWater would produce them. To date, the documents have not been produced by AirWater.

8. Despite the fact that AirWater had previously filed a motion for protective order as to its depositions and Mr. Zwebner was subsequently ordered to appear in Massachusetts, he has twice failed to do so. In light of the fact that Reidy previously had to move to compel AirWater Corporation to respond to discovery requests resulting in the Court's order of March 31, 2006, it is obvious that the refusal of Mr. Zwebner to appear for his deposition is simply another attempt by AirWater to thwart discovery in this case. As such, the Court should compel AirWater to appear for its depositions and order it to pay Reidy's attorneys' fees in connection with preparing and filing this motion.

9. The Federal Rules of Civil Procedure provide that in an instance where a deponent fails to appear for his deposition, the court may order the party to pay the noticing party's attorneys' fees caused by the failure. Rule 37(d) states in pertinent part:

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice… the court in which the action is pending on motion may make such orders in

regard to the failure as are just... In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

10.     Reidy has incurred attorneys' fees in the process of renoticing the deposition and moving to compel.  As such, Reidy seeks recovery of those fees pursuant to Fed. R. Civ. P. 37. Moreover, although the Court in its March 31, 2006 order ruled that Reidy must reimburse AirWater for the reasonable travel costs and expenses of their 30(b)(6) witness to attend his deposition in Massachusetts, given AirWater's failure to appear twice for the properly noticed depositions, Reidy requests that the Court order AirWater to pay the travel costs of its 30(b)(6) witness.

11.     In addition, Reidy served a First Request for Production of Documents to the Defendants on May 17, 2005. (Exhibit F).  Although the Defendants have agreed to produce the documents relating to AirWater's marketing and sales of products relating to Reidy's patents, those documents have not been produced.  Reidy therefore requests that the Court compel AirWater to produce documents responsive to the following requests or confirm in an affidavit that all such documents have been produced:

Request No. 4

All sublicenses AirWater has entered into concerning or involving the License.

Request No. 5

All correspondence between AirWater and any person or entity concerning each sublicense entered into by AirWater with any person or entity pertaining to the License.

-4-

Request No. 6

All accountings of units shipped, units billed, and receivables aging prepared by you concerning the License or Licensed Products.

Request No. 7

All documents concerning AirWater's attempts to establish and maintain the awareness and exposure of products manufactured by or for AirWater based on the Licensed Patents and to enhance sales and future growth.

Request No. 10

All non-compete and non-disclosure agreements concerning AirWater's contracts with any third party manufacturers of Licensed Products.

Request No. 11

All documents concerning any manufacturing agreement entered into by AirWater by any person or entity for the manufacture of Licensed Products.

Request No. 12

All communications between AirWater and Watermaker PVT, Limited of Mumbia, India for the period from 2002 to date.

Request No. 13

All documents concerning sublicenses for Watermaker PVT, Limited of Mumbia, India.

12.      The documents requested relate to Reidy's breach of contract claim as well as his damages.  Specifically, AirWater agreed to pay Reidy royalty fees on sales and the requested sales information will enable Reidy to determine the royalty fees owed by AirWater.  Moreover, as AirWater represented that it would invest two million dollars in marketing products based on the patents, Reidy seeks all documents relating to the marketing of the products.  Accordingly, Reidy requests that the Court order AirWater to produce all documents responsive to these

-5-

requests or confirm in an affidavit that all such documents have been produced, within ten (10) days of the Court's order.

WHEREFORE, J.J. Reidy & Co., Inc. respectfully requests that this Court issue an order:

(1)    Compelling Defendants AirWater Corporation and AirWater Patents Corporation to appear for their Rule 30(b)(6) depositions within ten (10) days of the Court's order and ordering the defendants to pay their own costs of traveling to Worcester, Massachusetts, for the depositions;

(2)    Compelling AirWater Corporation and AirWater to produce all documents responsive to the above requests or confirm by affidavit that all such documents have been produced, within ten (10) days of the Court's order; and

(3)    Requiring Defendants AirWater Corporation and AirWater Patents Corporation. to pay Reidy's expenses, including attorneys' fees and costs, incurred in seeking such order.

J.J. REIDY & COMPANY, INC.

By its attorneys,


/s/ Maura A. Greene
Thomas J. Conte (BBO #566092)
Maura A. Greene (BBO #547204)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
(508) 926-3415
FAX: (508) 929-3006
tconte@bowditch.com
mgreene@bowditch.com

Dated:  January 16, 2007

## CERTIFICATION PURSUANT TO LOCAL RULES 7.1 AND 37.1

In accordance with the provisions of Local Rules 7.1 and 37.1 Maura A. Greene, Esquire of this firm conferred with opposing counsel, Matthew Zayotti, Esquire on November 3, 2006 before the filing of this Motion, in a good faith attempt to resolve this dispute.

/s/ Maura A. Greene
_____
Maura A. Greene

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 16, 2007.

/s/ Maura A. Greene
_____
Maura A. Greene

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

J.J. Reidy & Co., Inc. )
         Plaintiff, )
             )
             )
vs. )      **CIVIL ACTION**
             )      **No.   05-400049-FDS**
AIR WATER CORPORATION and , )
AIRWATER PATENTS CORPORATION, )
        Defendants )
             )
             )

## ORDER
**March 31, 2006**

**Hillman, M.J.**

### Nature of the Proceeding

By Orders of Reference dated November February 15, 2006 and March 16, 2006, the following motions have been referred to me for disposition:

1.     Motion of J.J. Reidy & Co. Inc. To Compel Defendants' Initial Disclosures, Strike Defendant Airwater Patents Corporations Objections To Plaintiff's First Set Of Interrogatories And Request For Production Of Documents And Compel Airwater Patents Corporation To Supplement Its Responses To Plaintiff's Discovery Requests And Produce Responsive Documents (Docket No. 23)("Motion to Compel"); and

2.     Defendants Airwater Corporation's And Airwater Patents Corporation's Motion For Protective Order Regarding Depositions (Docket No. 27)("Motion for Protective Order").

### Nature of the Case

J.J. Reidy & Co., Inc. ("J.J. Reidy" or "Plaintiff") has asserted breach of contract claims against Airwater Corporation ("AWC") and Airwater Patents Corporation ("AWPC" and, together with AWC, "Defendants"), as a result of Defendants alleged failure to pay royalties due under a licensing agreement and to fulfill other contractual obligations under said agreement.

## Background

On May 17, 2005, J.J. Reidy served a First Set of Interrogatories and a Request for Production of Documents on AWPC. Mem. Of J.J. Reidy In Sup. Of Mot. To Compel (Docket No. 24), at Ex. A. Essentially, AWPC refused to answer interrogatories and to produce documents on the grounds that this Court lacked personal jurisdiction over it. Id., at Exs. B&C. On June 20, 2005, Defendants filed a motion to dismiss this case for lack of personal jurisdiction (Docket No. 6). Also on June 20, 2005, Defendants filed a motion for protective order seeking a stay in discovery pending resolution of its motion to dismiss (see Docket No. 10). On July 19, 2005, this Court (Saylor, D.J.) granted Defendants' motion for a protective order.

On September 27, 2005, Judge Saylor denied Defendants' motion to dismiss for lack of personal jurisdiction and vacated the stay on discovery. See Mem. and Order On Defs' Mot. To Dismiss For Lack Of Personal Jurisdiction And Mot. In The Alternative To Transfer Venue For Forum Non Conveniens (Docket No. 18). On October 27, 2005, Judge Saylor conducted a scheduling conference with the parties and thereafter, issued a Scheduling Order (Docket No. 22). The Scheduling Order provided that "Initial disclosures required by Fed.R.Civ. P. 26(a)(1) *must* be completed by 11/18/05". Scheduling Order (Docket No. 22), at p. 1 (emphasis added).

2

## Discussion

### Motion To Compel

Plaintiff's Motion to Compel, which was filed on January 24, 2006, requests that this Court: (i) compel Defendants to make their initial Rule 26(a) disclosures; (ii) strike AWPC's responses to its interrogatories and request for documents; and (iii) compel AWPC to supplement those responses. Defendants filed an opposition on February 3, 2006, in which they represented that AWPC's initial disclosures, supplemental responses to Plaintiff's interrogatories and supplemental response to Plaintiff's request for production of documents were served on the Plaintiff that same date.

AWPC asserts that since it has now provided the requested discovery, as to it, Plaintiff's Motion to Compel is moot. I agree and therefore, I am denying Plaintiff's Motion to Compel as to AWPC. However, I am disturbed by AWPC's cavalier disregard for the deadlines imposed by Judge Saylor and this Court's rules of procedure. Plaintiff has not sought monetary sanctions against AWPC (nor is this an invitation for Plaintiff to do so), but in the future, AWPC is on notice that failure to timely comply with this Court's rules and/or orders may subject it to costs or other sanctions. See Fed.R.Civ.P. 37.

AWC asserts that it is not obligated to make any initial disclosures under Rule 26(a) because it is not properly a party to this case and, therefore, as to it, Plaintiff's Motion to Compel *must* be denied. Thereafter, AWC filed a motion for summary judgment on the grounds that Plaintiff's claims against it are barred because Plaintiff consented to an assignment of all of AWC's rights and liabilities under the parties' licensing agreement to AWPC. Additionally, the Defendants have filed a motion for protective order concerning the taking of depositions in which

3

among other relief, AWC requests that pending resolution of its motion for summary judgment, it

not be required to produce any witnesses for deposition or any other discovery. Under these

circumstances, I will address Plaintiff's motion to compel AWC's initial disclosures in the

context of Defendants' Motion for Protective Order.

## Motion For Protective Order

On or about February 9, 2006, Plaintiff noticed 30(b)(6) depositions for AWC and AWPC

to take place on March 17, 2006 at the offices of Plaintiff's counsel in Worcester, Massachusetts.

Affidavit of Matthew P. Zayotti, Esq. In Supp. Of Defs' Mot. For Protective Order (Docket No.

20), at Exs. A&B. On March 3, 2006, Defendants filed their Motion for Protective Order seeking

the following relief:

1.      that AWC not be required to produce any deposition witnesses or other discovery

pending resolution of its motion for summary judgment;

2.      that the deposition of AWPC's witnesses must be taken at the corporation's

principal place of business in Miami Beach, Florida; and

3.      that the depositions not be taken on March 17, 2006, as counsel for Defendants are

unavailable.[1]

For "good cause shown", this Court may "make any order which justice requires to

protect a party or person from annoyance, embarrassment, oppression, or undue burden or

expense, including ... that the disclosure or discovery not be had ... [or] that the discovery may be

---

[1] This motion was referred to me on March 16, 2006 and, therefore, I was unable to resolve the motion prior
to the scheduled deposition dates. Since Plaintiff did not opposes re-scheduling the depositions to accommodate defense
counsels' schedules, I assume that the parties agreed to a postponement pending resolution of the Motion for Protective
Order. Therefore, Defendants' request that the dep ositions be postponed to accommodate their counsel's schedule is
moot.

4

had only on specified terms and conditions, including a designation of the time or place."

Fed.R.Civ.P. 26(c). Furthermore, "[i]f the motion for a protective order is denied, in whole or in

part, the court may, on such terms and conditions as are just, order that any party or other person

provide or permit discovery".

### AWC's Request For Protective Order/J.J. Reidy's Motion To Compel With Respect To AWC

AWC asserts that it is entitled to a protective order relieving it from producing a 30(b)(6)

witness or providing J.J. Reidy with any required or requested disclosures pending resolution of

its motion for summary judgment.  In support of its request, AWC argues that it is not properly a

party to this suit, and therefore, should not be put to the expense and inconvenience of

participating in depositions or any other type of discovery.  However, AWC fails to appreciate

that even if this Court grants its motion for summary judgement, it is inconceivable that under the

facts of this case, J.J. Reidy would not be able obtain the discovery it seeks from AWC through

Fed.R.Civ.P. 45 or otherwise.[2]  Indeed, Rule 30(b)(6) specifically provides for taking the

deposition of a non-party corporate witness ( if AWC is dismissed from this suit, any depositions

of its officers or agents conducted after such dismissal would *have* to take to take place in

Florida.)  Under these circumstances, I do not find that AWC has established good cause for the

entry of a protective order which would stay all discovery as to it, pending resolution of its

motion for summary judgment.  Accordingly, J.J. Reidy's motion to compel AWC to make the

initial disclosures required by Rule 26(a) is allowed.

---

[2] If the motion for summary judgment is allowed, the parties can at that time address the interplay of Rule 45 and the rules of discovery.

5

AWPC's Motion For Protective Order Concerning 30(b)(6) Depositions

Both parties acknowledge the general rule that "'[t]he deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business." Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979). This rule is particularly apt where the party to be deposed is the defendant. Id. A party may overcome the presumption, however, by showing that peculiar or special circumstances justify conducting the deposition at a location other than the corporation's principal place of business. Salter, 593 F.2d at 652. Several courts have listed factors which should be considered in determining whether special circumstances exist to overcome the presumption that 30(b)(6) depositions and/or corporate officer depositions shall be held at the corporate headquarters. Those factors include:

1.    location of counsel;

2.    number of corporate personnel to be deposed;

3.    whether the parties anticipate significant discovery disputes during the depositions which require resolution by the forum court;

4.    whether the person sought to be deposed often engages in travel for business purposes;

5.    whether the defendant filed permissive counterclaims/third-party complaints; and

6.    the equities concerning the nature of the claim and the parties' relationship.

Resolution Trust Corp. v. Worldwide Ins. Mgmt. Corp., 147 F.R.D. 125, 127 (N.D. Tex. 1992); see also Rapoca Energy Co., L.P. v. Amci Export Corp., 199 F.R.D. 191, 193 (W.D.Va. 2001).

Defendants primarily rely on the general presumption to support their position that the noticed depositions be held at their corporate headquarters. Plaintiff counters that special circumstances exist that would require these depositions to be taken in Worcester, Massachusetts.

6

For the reasons set forth below, I find that there are sufficient special circumstances to overcome the presumption in this case.

All counsel are from Massachusetts. Therefore, this factor favors conducting the depositions in Massachusetts.

Plaintiff presumes that there will be one 30(b)(6) witness who would testify on behalf of both Defendants, *i.e.,* Michael J. Zwebner, who is the president of both companies.[3] Mr. Zwebner would have to travel to Massachusetts which would cause him to incur some inconvenience and expense. However, given that there will only be one witness, it does not appear that this burden would be significant. In fact, in his Order denying Defendants' motion for change of venue, Judge Saylor specifically found that Mr. Zwebner travels extensively for business, including traveling to Massachusetts for business negotiations and discussion with J.J. Reidy (these trips occurred both before and after J.J. Reidy and AWC signed the licensing agreement). As to the expense to Defendants if Mr. Zwebner were to travel to Massachusetts, Plaintiff could reimburse him for reasonable travel costs and expenses, including a round trip, airplane ticket, meals and accommodations. Therefore, this factor is neutral.

At this time, there is no reason to believe that any issues will arise relative to the depositions. Therefore, it is not necessary to be close to the forum court to resolve discovery disputes. Furthermore, if the depositions are conducted in Florida and discovery disputes arise which require Court intervention, those disputes can easily be resolved via a telephone conference. At the same time, if during the course of the 30(b)(6) depositions, it becomes necessary for the 30(b)(6) witnesses to retrieve corporate documents or to speak with other

---

[3]Defendants have essentially failed to address any of the relevant factors. For example, Defendants have not even identified whether they would designate Mr. Zebner or some other individual(s) as their 30(b)(6) witness.

7

individuals who work at the corporation concerning Plaintiff's inquiries, both the documents and individuals are most likely found at the Defendants' corporate headquarters. Therefore, this factor weighs *slightly* in favor of holding the depositions at Defendants' headquarters.

As state previously, Judge Saylor has already determined that the Defendants and Mr. Zwebner have business contacts with Massachusetts. Furthermore, Mr. Zwebner has traveled to Massachusetts to conduct that business. Therefore, this factor weighs in favor of overriding the general presumption.

The Defendants have not filed counterclaims or third-party complaints in this case and I do not find that the equities concerning the nature of the claim and the parties' relationship have any bearing in this case as to where depositions of a 30(b)(6) witness and/or corporate officer shall be held. Therefore, I find that this factor is neutral.

On balance, I find that the factors weigh in favor of requiring that the Defendants' 30(b)(6) witness and/or corporate officer depositions be held at the office of Plaintiff's counsel in Worcester, Massachusetts. Therefore, I am denying AWPC's motion for a protective order. However, Plaintiff shall reimburse Defendants, without duplication, for the *reasonable* travel costs and expenses of their 30(b)(6) witness, including one round trip, airplane ticket, meals and accommodations.[4]

## Conclusion

It is hereby Ordered that:

1.     The Motion of J.J. Reidy & Co. Inc. To Compel Defendants' Initial Disclosures, Strike Defendant Airwater Patents Corporations Objections To Plaintiff's First Set Of

---

[4]If this Court allows AWC's motion for summary judgment prior to the 30(b)(6) depositions taking place, then AWC may file a motion for reconsideration requesting that with respect to it, such deposition take place in Florida.

Interrogatories And Request For Production Of Documents And Compel Airwater Patents

Corporation To Supplement Its Responses To Plaintiff's Discovery Requests And Produce

Responsive Documents (Docket No. 23)("Motion To Compel") is <u>denied</u> as moot as to Airwater

Patents Corporation and <u>allowed</u> as to Airwater Corporation; and

    2.       Defendants Airwater Corporation's And Airwater Patents Corporation's Motion

For Protective Order Regarding Depositions (Docket No. 27)("Motion for Protective Order") is

<u>denied</u> as provided in this Order.


                      /s/ Timothy S. Hillman
                      TIMOTHY S. HILLMAN
                      MAGISTRATE JUDGE

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, SS.                          CIVIL ACTION NO. 05-40049-FDS

J.J. REIDY & CO., INC.,                 )
                                        )
            Plaintiff,                  )
                                        )   RENOTICE OF 30(b)(6) DEPOSITION OF
v.                                      )   AIRWATER PATENTS CORPORATION
                                        )
AIRWATER CORPORATION and                )
AIRWATER PATENTS CORPORATION,           )
                                        )
            Defendants.                 )

To:   Richard B. Kirby, Esq.
      Matthew P. Zayotti, Esq.
      Keegan, Werlin & Pabian, LLP
      265 Franklin Street
      Boston, MA 02110-3113

PLEASE TAKE NOTICE, that the deposition by oral examination of **AirWater Patents**

**Corporation,** will be taken pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure before a

qualified court reporter at the offices of Bowditch & Dewey, LLP, 311 Main Street, Worcester, MA,

on the 1st day of September, 2006 at 2:00 p.m. and thereafter by adjournment until the same shall be

completed.  **AirWater Patents Corporation** shall designate one or more officers, agents or other

persons who can testify on its behalf with respect to the specific matters set forth in the attached

**Schedule A**.

### THE DEPONENT IS REQUIRED TO BRING PHOTO IDENTIFICATION.

J.J. REIDY & COMPANY, INC.
By its attorneys,

Thomas J. Conte (BBO #566092)
Maura A. Greene (BBO #547204)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
Tel. No. (508) 791-3511

Dated: August 1, 2006

{Client Files\LIT\304269\0002\PLD\F0366336.DOC;1}

## CERTIFICATE OF SERVICE

I, Maura A. Greene, hereby certify that I have served a copy of the foregoing on the following by mailing same postage prepaid this _14_ day of August, 2006 to:

Richard B. Kirby, Esq.
Matthew P. Zayotti, Esq.
Keegan, Werlin & Pabian, LLP
265 Franklin Street
Boston, MA 02110-3113

Maura A. Greene, Esq.

## Schedule A

1.  Any and all facts concerning a Global Manufacturing and Marketing Licensing Agreement entered into between J. J. Reidy & Company, Inc. ("J.J. Reidy") and AirWater Corporation.

2.  Any and all facts concerning the assignment of a Global Manufacturing and Marketing Licensing Agreement to AirWater Patents Corporation.

3.  Any and all facts concerning the payment of royalties pursuant to the terms of the Global Manufacturing and Marketing Licensing Agreement.

4.  Any and all facts regarding the efforts, if any, of Airwater Corporation and/or AirWater Patents to establish and maintain the awareness and exposure of products manufactured by AirWater Corporation and/or AirWater Patents based on the patents licensed by J.J. Reidy.

5.  The relationship, if any between Universal Communications Systems, Inc., Air Water Corporation and AirWater Patents.

6.  The complete factual basis for the claim of AirWater Patents in the case filed against J.J. Reidy that "both parties reasonably anticipated and expressly acknowledged that there would be a substantial delay in the flow of AirWater's royalty payments to Reidy."

7.  Any and all facts concerning AirWater Patent's performance of its obligations under the Global Manufacturing and Marketing Licensing Agreement.

8.  The factual basis for any claim for damages by AirWater Corporation and/or AirWater Patents.

9.  Any and all facts concerning third-party agreements entered into by AirWater Patents based on the patents licensed by J.J. Reidy.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, SS.                                    CIVIL ACTION NO. 05-40049-FDS

J.J. REIDY & CO., INC.,                    )
                                           )
                  Plaintiff,               )
                                           )
v.                                         )    RENOTICE OF 30(b)(6) DEPOSITION OF
                                           )    AIRWATER CORPORATION
AIRWATER CORPORATION and                   )
AIRWATER PATENTS CORPORATION,              )
                                           )
                  Defendants.              )

To:    Richard B. Kirby, Esq.
       Matthew P. Zayotti, Esq.
       Keegan, Werlin & Pabian, LLP
       265 Franklin Street
       Boston, MA 02110-3113

       PLEASE TAKE NOTICE, that the deposition by oral examination of **AirWater Corporation.,**

will be taken pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure before a qualified court

reporter at the offices of Bowditch & Dewey, LLP, 311 Main Street, Worcester, MA, on the 1st day of

September, 2006 at 10:00 a.m. and thereafter by adjournment until the same shall be completed.

**AirWater Corporation** shall designate one or more officers, agents or other persons who can testify

on its behalf with respect to the specific matters set forth in the attached **Schedule A**.

**THE DEPONENT IS REQUIRED TO BRING PHOTO IDENTIFICATION.**

                                           J.J. REIDY & COMPANY, INC.
                                           By its attorneys,


                                           Thomas J. Conte (BBO #566092)
                                           Maura A. Greene (BBO #547204)
                                           Bowditch & Dewey, LLP
                                           311 Main Street, P.O. Box 15156
                                           Worcester, MA 01615-0156
                                           (508) 791-3511

Dated: August 14, 2006

{Client Files\LIT\304269\0002\PLD\F0366337.DOC;1}

## CERTIFICATE OF SERVICE

I, Maura A. Greene, hereby certify that I have served a copy of the foregoing on the following by mailing same postage prepaid this ⁷ day of August, 2006 to:

Richard B. Kirby, Esq.
Matthew P. Zayotti, Esq.
Keegan, Werlin & Pabian, LLP
265 Franklin Street
Boston, MA 02110-3113

_____
Maura A. Greene, Esq.

## Schedule A

1.  Any and all facts concerning a Global Manufacturing and Marketing Licensing Agreement entered into between J. J. Reidy & Company, Inc. ("J.J. Reidy") and AirWater Corporation.

2.  Any and all facts concerning the assignment of a Global Manufacturing and Marketing Licensing Agreement to AirWater Patents Corporation.

3.  Any and all facts concerning the payment of royalties pursuant to the terms of the Global Manufacturing and Marketing Licensing Agreement.

4.  Any and all facts regarding the efforts, if any, of Airwater Corporation and/or AirWater Patents to establish and maintain the awareness and exposure of products manufactured by AirWater Corporation and/or AirWater Patents based on the patents licensed by J.J. Reidy.

5.  The relationship, if any between Universal Communications Systems, Inc., Air Water Corporation and AirWater Patents.

6.  The complete factual basis for the claim of AirWater Patents in the case filed against J.J. Reidy that "both parties reasonably anticipated and expressly acknowledged that there would be a substantial delay in the flow of AirWater's royalty payments to Reidy."

7.  Any and all facts concerning AirWater Patent's performance of its obligations under the Global Manufacturing and Marketing Licensing Agreement.

8.  The factual basis for any claim for damages by AirWater Corporation and/or AirWater Patents.

9.  Any and all facts concerning third-party agreements entered into by AirWater Patents based on the patents licensed by J.J. Reidy.

# EXHIBIT C

# KEEGAN WERLIN LLP

ATTORNEYS AT LAW
265 FRANKLIN STREET
BOSTON, MASSACHUSETTS 02110-3113

(617) 951-1400

TELECOPIERS:
(617) 951-1354
(617) 951-0586

August 30, 2006

## VIA FACSIMILE NO. (508) 929-3021
## AND FIRST CLASS MAIL

Maura A. Greene, Esq.
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, Massachusetts 01615-0156

> Re:    J.J. Reidy & Col, Inc. v. Airwater Corporation, et al.,
>        United States District Court for the District of Massachusetts
>        – Central Division Civil Action No. 05-40049-FDS

Dear Ms. Greene:

Please be advised that I am not available for the Rule 30(b)(6) depositions you noticed for this Friday, September 1, 2006, nor is Richard Kirby. Moreover, Mr. Zwebner is in Israel and will have to make special arrangements to travel back to the United States for the depositions. Accordingly, I would request that you give me a call to discuss availability and possible alternative dates to conduct the depositions.

Thank you for your attention to this matter.

Very truly yours,

Matthew P. Zayotti

cc:    Richard B. Kirby, Esq.

# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, SS.                           CIVIL ACTION NO. 05-40049-FDS

(Consolidated with Airwater Patents, Inc.
v. J.J. Reidy & Co., Inc., a Massachusetts
Corporation; United States District Court
Southern District of Florida, Miami
Division, Case No. 05-20650-CIV-JORDAN)

J.J. REIDY & CO., INC.,                  )
                                         )
                    Plaintiff,           )
v.                                       )
                                         )
AIRWATER CORPORATION and                 )
AIRWATER PATENTS CORPORATION,            )
                                         )
                    Defendants.          )

To:    Richard B. Kirby, Esq.
       Matthew P. Zayotti, Esq.
       Keegan Werlin LLP
       265 Franklin Street
       Boston, MA 02110-3113

## RENOTICE OF 30(b)(6) DEPOSITION
## OF AIRWATER CORPORATION

PLEASE TAKE NOTICE, that the deposition by oral examination of **AirWater Corporation.,** will be taken pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure before a qualified court reporter at the offices of Bowditch & Dewey, LLP, 311 Main Street, Worcester, MA, on the 8th day of November, 2006 at 10:00 a.m. and thereafter by adjournment until the same shall be completed. **AirWater Corporation** shall designate one or more officers, agents or other persons who can testify on its behalf with respect to the specific matters set forth in the attached **Schedule A**.

**THE DEPONENT IS REQUIRED TO BRING PHOTO IDENTIFICATION.**

J.J. REIDY & COMPANY, INC.
By its attorneys,


Thomas J. Conte (BBO #566092)
Maura A. Greene (BBO #547204)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511

Dated: October 2 7, 2006

## CERTIFICATE OF SERVICE

I, Maura A. Greene, hereby certify that I have served a copy of the foregoing on the following by mailing same postage prepaid this 27 day of October, 2006 to:

Richard B. Kirby, Esq.
Matthew P. Zayotti, Esq.
Keegan Werlin LLP
265 Franklin Street
Boston, MA 02110-3113


Maura A. Greene, Esq.

{J:\CLIENTS\LIT\304269\0002\PLD\F0376099.DOC;1}

Schedule A

1.  Any and all facts concerning a Global Manufacturing and Marketing Licensing Agreement entered into between J. J. Reidy & Company, Inc. ("J.J. Reidy") and AirWater Corporation.

2.  Any and all facts concerning the assignment of a Global Manufacturing and Marketing Licensing Agreement to AirWater Patents Corporation.

3.  Any and all facts concerning the payment of royalties pursuant to the terms of the Global Manufacturing and Marketing Licensing Agreement.

4.  Any and all facts regarding the efforts, if any, of Airwater Corporation and/or AirWater Patents to establish and maintain the awareness and exposure of products manufactured by AirWater Corporation and/or AirWater Patents based on the patents licensed by J.J. Reidy.

5.  The relationship, if any between Universal Communications Systems, Inc., Air Water Corporation and AirWater Patents.

6.  The complete factual basis for the claim of AirWater Patents in the case filed against J.J. Reidy that "both parties reasonably anticipated and expressly acknowledged that there would be a substantial delay in the flow of AirWater's royalty payments to Reidy."

7.  Any and all facts concerning AirWater Patent's performance of its obligations under the Global Manufacturing and Marketing Licensing Agreement.

8.  The factual basis for any claim for damages by AirWater Corporation and/or AirWater Patents.

9.  Any and all facts concerning third-party agreements entered into by AirWater Patents based on the patents licensed by J.J. Reidy.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, SS.                          CIVIL ACTION NO. 05-40049-FDS

(Consolidated with <u>Airwater Patents,</u>
<u>Inc. v. J.J. Reidy & Co., Inc., a</u>
<u>Massachusetts Corporation</u>; United
States District Court Southern
District of Florida, Miami Division,
Case No. 05-20650-CIV-JORDAN)

J.J. REIDY & CO., INC.,                 )
                                        )
                  Plaintiff,            )
                                        )
v.                                      )
                                        )
AIRWATER CORPORATION and                )
AIRWATER PATENTS CORPORATION,           )
                                        )
                  Defendants.           )

To:    Richard B. Kirby, Esq.
       Matthew P. Zayotti, Esq.
       Keegan Werlin LLP
       265 Franklin Street
       Boston, MA 02110-3113

## RENOTICE OF 30(b)(6) DEPOSITION
## OF AIRWATER PATENTS CORPORATION

PLEASE TAKE NOTICE, that the deposition by oral examination of **AirWater Patents**

**Corporation,** will be taken pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure

before a qualified court reporter at the offices of Bowditch & Dewey, LLP, 311 Main Street,

Worcester, MA, on the 8th day of November, 2006 at 2:00 p.m. and thereafter by adjournment

until the same shall be completed. **AirWater Patents Corporation** shall designate one or more

officers, agents or other persons who can testify on its behalf with respect to the specific matters

set forth in the attached **Schedule A**.

{J:\CLIENTS\LIT\304269\0002\PLD\F0376100.DOC;1}

**THE DEPONENT IS REQUIRED TO BRING PHOTO IDENTIFICATION.**

J.J. REIDY & COMPANY, INC.

By its attorneys,


Thomas J. Conte (BBO #566092)
Maura A. Greene (BBO #547204)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
Tel. No. (508) 791-3511

Dated: October ___, 2006

CERTIFICATE OF SERVICE

I, Maura A. Greene, hereby certify that I have served a copy of the foregoing on the following by mailing same postage prepaid this ___ day of October, 2006 to:

Richard B. Kirby, Esq.
Matthew P. Zayotti, Esq.
Keegan Werlin LLP
265 Franklin Street
Boston, MA 02110-3113


Maura A. Greene, Esq.

## Schedule A

1.  Any and all facts concerning a Global Manufacturing and Marketing Licensing Agreement entered into between J. J. Reidy & Company, Inc. ("J.J. Reidy") and AirWater Corporation.

2.  Any and all facts concerning the assignment of a Global Manufacturing and Marketing Licensing Agreement to AirWater Patents Corporation.

3.  Any and all facts concerning the payment of royalties pursuant to the terms of the Global Manufacturing and Marketing Licensing Agreement.

4.  Any and all facts regarding the efforts, if any, of Airwater Corporation and/or AirWater Patents to establish and maintain the awareness and exposure of products manufactured by AirWater Corporation and/or AirWater Patents based on the patents licensed by J.J. Reidy.

5.  The relationship, if any between Universal Communications Systems, Inc., Air Water Corporation and AirWater Patents.

6.  The complete factual basis for the claim of AirWater Patents in the case filed against J.J. Reidy that "both parties reasonably anticipated and expressly acknowledged that there would be a substantial delay in the flow of AirWater's royalty payments to Reidy."

7.  Any and all facts concerning AirWater Patent's performance of its obligations under the Global Manufacturing and Marketing Licensing Agreement.

8.  The factual basis for any claim for damages by AirWater Corporation and/or AirWater Patents.

9.  Any and all facts concerning third-party agreements entered into by AirWater Patents based on the patents licensed by J.J. Reidy.

# EXHIBIT E

# KEEGAN WERLIN LLP

ATTORNEYS AT LAW
265 FRANKLIN STREET
BOSTON, MASSACHUSETTS 02110-3113
————
(617) 951-1400

TELECOPIERS:
(617) 951-1354
(617) 951-0586

November 1, 2006

*VIA FACSIMILE NO. (508) 929-3021*
*AND FIRST CLASS MAIL*

Maura A. Greene, Esq.
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, Massachusetts 01615-0156

Re:    J.J. Reidy & Co., Inc. v. Airwater Corporation, et al.,
       United States District Court for the District of Massachusetts -- Central Division,
       Consolidated Civil Action Nos. 05-40049-FDS and 06-10137-FDS

Dear Ms. Greene:

Pursuant to my voicemail message to you yesterday, this will confirm that the deposition of Michael Zwebner, scheduled for November 8, 2006 at your office, will have to be postponed due to an unavoidable conflict that has arisen in my schedule. As I mentioned, I learned on Monday of this week that I will be traveling next week to Gainesville, Florida for a deposition in an unrelated matter. Unfortunately, due to the nature of the plaintiff's illness (i.e., malignant mesothelioma), and because there are more than two dozen defendants in the case, I had no knowledge of, or involvement in, the scheduling of the Gainesville deposition, nor do I have any ability to postpone that deposition. Additionally, Richard Kirby will be in Memphis, Tennessee for a deposition and, therefore, he would not be available to cover Mr. Zwebner's deposition in my absence.

Please let me know at your earliest convenience if you have any dates in late November that might work. My client is generally available but his schedule tends to fill up quickly.

Thank you.

Very truly yours,

Matthew P. Zayotti

cc:    Richard B. Kirby, Esq.

# EXHIBIT F

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, SS.                    CIVIL ACTION NO. 05-40049-FDS

J.J. REIDY & CO., INC.,                    )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )
                                           )
AIRWATER CORPORATION and                   )
AIRWATER PATENTS CORPORATION,              )
                                           )
            Defendants.                    )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS TO DEFENDANT AIRWATER PATENTS CORPORATION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff J.J. Reidy &
Company, Inc. ("Reidy") requests that Defendant AirWater Patents Corporation ("AirWater")
produce for inspection and copying the documents described below at the offices of Bowditch &
Dewey, LLP, 311 Main Street in Worcester, Massachusetts.

### DEFINITIONS AND INSTRUCTIONS

1.    The word "document" or "documents" as used herein shall mean any original
written record or graphic matter (or when the original is not in plaintiff's possession, custody, or
control, a carbon or other identical copy), however produced or reproduced and each copy of the
original that contains any attachments, notes or markings not contained in or on the original,
including without limitation the following, whether printed, recorded or produced by hand:
agreements, communications, correspondence, email, telegrams, memoranda, summaries or
records of personal conversations or interviews, diaries, graphs, reports, notebooks, charts, plans
and specifications, drawings, notes, reports, sketches, maps, summaries or records of meetings or

conferences, summaries or reports of investigations or negotiations, progress reports, opinions or reports of consultants, photographs, motion picture film, brochure, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any documents, sound records and transcripts thereof, accounts ledgers, financial records, corporate records, newspapers, magazines and other publications and clippings therefrom, estimates, engineer's reports, licenses, permits, requisitions, invoices, leases, assignments, microfilm, and computer printouts or other data together with any materials required for the reasonable interpretation thereof, in your possession or control, or that of your agents, employees, servants or assigns. A document in the possession, custody or control of another person is considered to be in your possession, custody or control if you have a right or privilege to examine it upon request or demand.

2.    As used herein, the terms "plaintiff" and "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party such as "you" or "your" means the party and, where applicable, its agents, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, representatives and all other persons acting or purporting to act on its behalf.

3.    The term "Complaint" as used herein refers to the complaint and/or amended complaint(s) filed by the Plaintiff in the above-captioned lawsuit.

4.    If any documents responsive to this request have been destroyed, please describe such documents and state: (a) the date of the destruction of such documents; (b) the names of the persons who destroyed such documents; and (c) the reasons why such documents were destroyed.

5.    If you contend that any requested document is privileged or is otherwise not subject to discovery, please:

      (a)    state the name of each signatory to the document and the capacity in which each signed;

      (b)    state the date of the document;

      (c)    state the name of each addressor of the document and the capacity in which each was acting at the time he or she addressed the document;

      (d)    state the name of each addressee of the document (including all persons to whom copies were sent) and the capacity in which each such addressee was addressed;

      (e)    set forth the subject matter of the document; and

      (f)    set forth the specific grounds or reasons asserted for withholding the document.

6.    The term "Licensed Patents" as used herein shall refer to the patents licensed to AirWater Corporation and/or AirWater Patents Corporation pursuant to the Global Manufacturing and Marketing Licensing Agreement between the parties.

7.    The term "Licensed Products" as used herein shall refer to the Water Production/Generation System Products, and components thereof, falling under the scope of any Licensed Patent.

## DOCUMENTS REQUESTED

Request No. 1

All documents that evidence, reflect or reference all communications between Reidy and AirWater, whether oral or written, concerning the Global Manufacturing and Marketing Licensing Agreement (the "License").

Request No. 2

All documents concerning communications between AirWater and any person or entity, whether oral or written, pertaining to the License for the period from 2000 to date.

Request No. 3

All documents concerning any payments made by AirWater to Reidy pursuant to the License.

Request No. 4

All sublicenses AirWater has entered into concerning or involving the License.

Request No. 5

All correspondence between AirWater and any person or entity concerning each sublicense entered into by AirWater with any person or entity pertaining to the License.

Request No. 6

All accountings of units shipped, units billed, and receivables aging prepared by you concerning the License or Licensed Products.

Request No. 7

All documents concerning AirWater's attempts to establish and maintain the awareness and exposure of products manufactured by or for AirWater based on the Licensed Patents and to enhance sales and future growth.

Request No. 8

All documents concerning any changes AirWater made to goods sold under trademark pursuant to the License.

Request No. 9

All insurance policies concerning sublicensees' sales of Licensed Products.

Request No. 10

All non-compete and non-disclosure agreements concerning AirWater's contracts with any third party manufacturers of Licensed Products.

Request No. 11

All documents concerning any manufacturing agreement entered into by AirWater by any person or entity for the manufacture of Licensed Products.

Request No. 12

All communications between AirWater and Watermaker PVT, Limited of Mumbia, India for the period from 2002 to date.

Request No. 13

All documents concerning sublicenses for Watermaker PVT, Limited of Mumbia, India.

Request No. 14

All documents concerning safety features used in the production of Licensed Products by AirWater.

Request No. 15

All documents and tangible things which you intend to offer into evidence at any trial of this matter.

Request No. 16

All documents concerning any Licensed Products, including, but not limited to, photographs, press releases, sales literature, annual reports, and SEC filings.

Request No. 17

All internal communications, including, without limitation, email, concerning the License, Licensed Patents and/or Licensed Products.

Request No. 18

All documents which evidence, reflect or reference the bases for each affirmative defense
asserted in your answer to the Complaint.

J.J. REIDY & COMPANY, INC.

By its attorneys,

Thomas J. Conte (BBO #566092)
Daniel P. Flynn (BBO #655180)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
(508) 926-3415
FAX: (508) 929-3006

Dated:  May 17, 2005

CERTIFICATE OF SERVICE

I, Thomas J. Conte, hereby certify, that on this 17th day of May 2005, I served a copy of the foregoing by mailing same, postage prepaid, to:

Richard B. Kirby
Matthew P. Zayotti
Keegan, Werlin & Pabian, LLP
265 Franklin Street
Boston, MA 02110-3113

Thomas J. Conte