## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| J.J. REIDY & CO., INC., ) | |
| Plaintiff, ) | |
| vs. ) | **CIVIL ACTION** |
| ) | **NO. 05-40049-FDS** |
| AIRWATER CORPORATION AND AIRWATER ) | |
| PATENTS CORPORATION, ) | |
| Defendants, ) | |

|  |  |
|---|---|
| AIRWATER PATENTS, INC., ) | |
| Plaintiff, ) | |
| ) | **CIVIL ACTION** |
| vs. ) | **NO. 06-10137-FDS** |
| ) | |
| J.J. REIDY & CO., INC., ) | |
| Defendant, ) | |

## FINDINGS AND ORDER ON MOTION OF AIRWATER CORPORATION AND AIRWATER PATENTS, INC. TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

### January 29, 2007

**HILLMAN, M.J.**

### Nature of the Proceeding

By Order of Reference dated December 1, 2006, this matter has been referred to me for

disposition of Defendants' Motion To Compel Further Responses To Interrogatories And Request

For Production of Documents (Docket No. 46).  After review of the pleadings and hearing, I enter the following Order:

Order

AirWater has moved to compel further responses to document request with respect to those specifically numbered requests, I make the following Order:

### DOCUMENT REQUEST NO. 1

The Plaintiff agrees to supplement their response to the Defendants' request and to indicate whether the sought after documents have been produced or withheld.  If the documents have been withheld, the Defendants further agreed to specify the reason for withholding and where appropriate to provide a sufficiently detailed privilege log.

### DOCUMENT REQUEST NOS. 10 & 11

The Defendants' motion is allowed with respect to any communication between the Plaintiff and any other entity concerning patents during the period from January 2003 to January 2006.  In all other respects, it is denied.

### DOCUMENT REQUEST NOS. 12, 16 & 17

The Plaintiff agrees to supplement their response to the Defendants' request and to indicate whether the sought after documents have been produced or withheld.  If the documents have been withheld, the Defendants further agreed to specify the reason for withholding and where appropriate to provide a sufficiently detailed privilege log.

### DOCUMENTS REQUEST NO. 18

The Defendants motion is denied as to this request.

## DOCUMENT REQUEST NO. 19

The Defendants motion is allowed with respect to Document Request No. 19 in so far as it relates to any issue in the case.  In all other respects, it is denied.

## DOCUMENT REQUEST NO. 25

Defendant's motion as to Document Request No. 25 is allowed.

## DOCUMENT REQUEST NO. 26

The Plaintiff agrees to supplement their response to the Defendants' request and to indicate whether the sought after documents have been produced or withheld.  If the documents have been withheld, the Defendants further agreed to specify the reason for withholding and where appropriate to provide a sufficiently detailed privilege log.

## DOCUMENT REQUEST NO. 27

Defendant's motion as to Document Request No. 27 is allowed.

## DOCUMENT REQUEST NOS. 28, 29 & 30

The Defendants motion is allowed with respect to any such agreements from January 2003 to this date and continuing.

## DOCUMENT REQUEST NO. 32

Defendant's motion as to Document Request No. 32 is allowed.

## DOCUMENT REQUEST NO. 33

The Defendants' motion is allowed with respect to Document Request No. 33 insofar as it relates to any efforts to market or license the product to third parties since January 1, 2003.

## DOCUMENT REQUEST NO. 34

Defendant's motion as to Document Request No. 34 is denied.

**DOCUMENT REQUEST NO. 36**

Defendant's motion as to Document Request No. 36 is allowed.  The Plaintiff agrees to supplement their response to the Defendants' request and to indicate whether the sought after documents have been produced or withheld.  If the documents have been withheld, the Defendants further agreed to specify the reason for withholding and where appropriate to provide a sufficiently detailed privilege log.

With respect to the Defendants' Motion To Compel Further Responses To Interrogatories, the Court makes the following rulings:

**INTERROGATORY NOS. 7, 8, 9, 10, 12, 16, 17**

The Defendant's motion is allowed.

**INTERROGATORY NO. 18**

The Defendant's motion is allowed with respect to any communications relating to patents and a licensing arrangements from January 2003 to date and continuing.

**INTERROGATORY NO. 19**

The Defendant's motion is allowed.

**INTERROGATORY NO. 20**

The Defendant's motion is allowed.

All responses and further interrogatories answers shall be served on opposing counsel within fourteen (14) days of this Order.

/s/Timothy S. Hillman
TIMOTHY S. HILLMAN
MAGISTRATE JUDGE

4