UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **J.J. REIDY & CO., INC.,** | |
| **Plaintiff,** | CIVIL ACTION NO. 05-40049-FDS |
| **v.** | |
| **AIRWATER CORPORATION AND AIRWATER PATENTS CORPORATION,** | |
| **Defendants.** | |
| **AIRWATER PATENTS, INC.** | |
| **Plaintiff,** | CIVIL ACTION NO. 06-10137-FDS |
| **v.** | |
| **J.J. REIDY & CO., INC.** | |
| **Defendant.** | |

**OPPOSITION OF AIRWATER CORPORATION
AND AIRWATER PATENTS, INC. TO
PLAINTIFF J.J. REIDY & CO., INC.'S MOTION TO COMPEL THE
DEPOSITIONS OF DEFENDANTS AND TO COMPEL PRODUCTION OF
DOCUMENTS AND FOR ATTORNEY'S FEES AND COSTS**

AirWater Corporation and AirWater Patents, Inc. (collectively, "AirWater")

hereby oppose Plaintiff J.J. Reidy & Co., Inc.'s Motion to Compel the Depositions of

Defendants and to Compel Production of Documents and for Attorney's Fees and Costs.

In support of this opposition, AirWater states as follows:

1.      J.J. Reidy's motion to compel AirWater's deposition must be denied

because AirWater has never refused to appear for its deposition, and has now proposed

potential dates to conduct same in mid-February. Contrary to J.J. Reidy's motion, the previously scheduled depositions had to be rescheduled on account of conflicts in the schedule of AirWater's attorneys as stated in the confirming correspondence. Moreover, at the time that J.J. Reidy was attempting to schedule the deposition of AirWater, J.J. Reidy was persisting in its opposition to extend the discovery deadline (as it had previously agreed to do) which had expired back in July of 2006, unless AirWater agreed that such extension was limited for the purpose of completing previously noticed depositions only.

2.    J.J. Reidy's Motion to compel further responses to Document Request Nos. 4 and 5 must be denied because, as set forth below, AirWater has produced all responsive documents in its possession, custody or control.

> Request No.4:
>
> All sublicenses AirWater has entered into concerning or involving the License.
>
> Response No. 4:
>
> The Defendant objects to this request on the grounds that there is no colorable basis for subjecting the Defendant to personal jurisdiction in Massachusetts and, therefore, the requested discovery is unduly burdensome.
>
> Supplemental Response No. 4:
>
> In response to this request, the Defendant hereby produces the attached document labeled KW00587 through KW00591.
>
> Further Supplemental Response No. 4:
>
> In further response to this request, AirWater refers J.J. Reidy to documents produced herewith labeled KW 00766 through KW 00770. AirWater does not have

possession, custody or control of any other documents responsive to this request.

Request No.5:

All correspondence between AirWater and any person or entity concerning each sublicense entered into by AirWater with any person or entity pertaining to the License.

Response No. 5:

The Defendant objects to this request on the grounds that there is no colorable basis for subjecting the Defendant to personal jurisdiction in Massachusetts and, therefore, the requested discovery is unduly burdensome.

Supplemental Response No. 5:

See response No. 4 above.

Further Supplemental Response No. 5:

See Further Supplemental Response No. 4 above.

See Exhibit A, at 1-2.

3.    J.J. Reidy's motion to compel further responses to Document Request No.

6 must be denied to the extent that it seeks documents post-dating J.J. Reidy's wrongful

attempt to terminate the partiers' license agreement as such information is not relevant.

Request No.6:

All accountings of units shipped, units billed, and receivables aging prepared by you concerning the License or Licensed Products.

Response No. 6:

The Defendant objects to this request on the grounds that there is no colorable basis for subjecting the Defendant to personal jurisdiction in Massachusetts and, therefore, the requested discovery is unduly burdensome.

3

Supplemental Response No. 6:

    In response to this request, the Defendant hereby produces documents labeled KW00078.

See Exhibit B, at 6-7.

    4.    J.J. Reidy's motion to compel further responses to Document Request No. 7 must be denied to the extent that it seeks non-public, proprietary and/or confidential business information and or trade secrets. AirWater created a large number of brochures, leaflets and other materials, exemplars of which have already been produced to J.J. Reidy. To the extent that J.J. Reidy seeks documents beyond or in addition what has already been produced, J.J. Reidy's motion to compel must be denied on the grounds that this request is overly broad, unduly vague and burdensome.

Request No.7:

    All documents concerning AirWater's attempts to establish and maintain the awareness and exposure of products manufactured by or for AirWater based on the Licensed Patents and to enhance sales and future growth.

Response No. 7:

    The Defendant objects to this request on the grounds that there is no colorable basis for subjecting the Defendant to personal jurisdiction in Massachusetts and, therefore, the requested discovery is unduly burdensome.

Supplemental Response No. 7:

    In response to this request, the Defendant hereby produces the attached document labeled KW00222 through KW00313.

Further Supplemental Response No. 7:

    In supplemental response to this document request, AirWater objects to this request to the extent that it seeks non-public, proprietary and/or confidential business

4

information and or trade secrets.  Subject to and without
waiving this objection, AirWater states that it created a
large number of brochures, leaflets and other materials,
exemplars of which have already been produced to J.J.
Reidy.  To the extent that J.J. Reidy seeks documents
beyond or in addition what has already been produced,
AirWater objects on the grounds that this request is overly
broad, unduly vague and burdensome.

<u>Id.</u>

5.    J.J. Reidy's motion to compel further responses to Document Request

Nos. 10, 12 and 13 must be denied because AirWater cannot be compelled to produce

that which does not exist as set forth in its responses below:

Request No. 10:

All non-compete and non-disclosure agreements
concerning AirWater's contracts with any third party
manufacturers of Licensed Products.

Response No. 10:

The Defendant objects to this request on the
grounds that there is no colorable basis for subjecting the
Defendant to personal jurisdiction in Massachusetts and,
therefore, the requested discovery is unduly burdensome.

Supplemental Response No. 10:

None.

Request No. 12:

All communications between AirWater and
Watermaker PVT, Limited of Mumbia, India for the period
from 2002 to date.

Response No. 12:

The Defendant objects to this request on the
grounds that there is no colorable basis for subjecting the
Defendant to personal jurisdiction in Massachusetts and,
therefore, the requested discovery is unduly burdensome.

Supplemental Response No. 12:

     None.

Request No. 13:

     All documents concerning sublicenses for Watermaker PVT, Limited of Mumbia, India.

Response No. 13:

     The Defendant objects to this request on the grounds that there is no colorable basis for subjecting the Defendant to personal jurisdiction in Massachusetts and, therefore, the requested discovery is unduly burdensome.

Supplemental Response No. 13:

     None.

See Exhibit B, at 7-9.

6.    J.J. Reidy's motion to compel and its motion for attorney's fees must be denied because AirWater's responses, objections, nondisclosures and the like have been substantially justified.

WHEREFORE, AirWater Corporation and AirWater Patents, Inc. respectfully request that this Honorable Court enter an order denying Plaintiff J.J. Reidy & Co., Inc.'s Motion to Compel the Depositions of Defendants and to Compel Production of Documents and for Attorney's Fees and Costs.

AIRWATER CORPORATION AND
AIRWATER PATENTS, INC.

By their attorneys,

Richard Kirby, BBO# 273600
Matthew P. Zayotti, BBO# 638265
Keegan Werlin LLP
265 Franklin Street
Boston, Massachusetts  02110-3113
(617) 951-1400

Dated:  February 2, 2007

---

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 2, 2007.

---

## *EXHIBIT A*

# KEEGAN WERLIN LLP

ATTORNEYS AT LAW
265 FRANKLIN STREET
BOSTON, MASSACHUSETTS 02110-3113

TELECOPIERS:
(617) 951-1354
(617) 951-0586

(617) 951-1400

February 2, 2007

Maura A. Greene, Esq.
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, Massachusetts 01615-0156

Re:   J.J. Reidy & Col, Inc. v. Airwater Corporation, et al.,
      United States District Court for the District of Massachusetts
      – Central Division Civil Action Nos. 05-40049-FDS and 06-10137-FDS

Dear Ms. Greene:

In connection with the above-referenced matters, enclosed herewith please find the following:

1.   Defendant AirWater Patents Corporation's Further Supplemental Responses to Plaintiff's First Request for Documents; and

2.   Documents labeled KW 00766 through KW 00770.

With regard to dates for my client's deposition, he can be available February 13 through 16, 2007, but we would like to coordinate so that your client's deposition will be taken either the day following or the day before. My schedule is evolving, so please let me know your and your client's availability at your earliest convenience.

Thank you.

Very truly yours,

Matthew P. Zayotti

Enclosures
cc:   Richard B. Kirby, Esq.

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **J.J. REIDY & CO., INC.,** | |
| **Plaintiff,** | CIVIL ACTION NO. 05-40049-FDS |
| **v.** | |
| **AIRWATER CORPORATION AND AIRWATER PATENTS CORPORATION,** | |
| **Defendants.** | |
| **AIRWATER PATENTS, INC.** | |
| **Plaintiff,** | CIVIL ACTION NO. 06-10137-FDS |
| **v.** | |
| **J.J. REIDY & CO., INC.** | |
| **Defendant.** | |

## DEFENDANT AIRWATER PATENTS CORPORATION'S FURTHER SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 34, the Defendant, AirWater Patents Corporation, hereby supplements its responses to the Plaintiff's First Request for Production of Documents as follows.

Request No.4:

All sublicenses AirWater has entered into concerning or involving the License.

Response No. 4:

The Defendant objects to this request on the grounds that there is no colorable basis for subjecting the Defendant to personal jurisdiction in Massachusetts and, therefore, the requested discovery is unduly burdensome.

Supplemental Response No. 4:

In response to this request, the Defendant hereby produces the attached document labeled KW00587 through KW00591.

Further Supplemental Response No. 4:

In further response to this request, AirWater refers J.J. Reidy to documents produced herewith labeled KW 00766 through KW 00770. AirWater does not have possession, custody or control of any other documents responsive to this request.

Request No.5:

All correspondence between AirWater and any person or entity concerning each sublicense entered into by AirWater with any person or entity pertaining to the License.

Response No. 5:

The Defendant objects to this request on the grounds that there is no colorable basis for subjecting the Defendant to personal jurisdiction in Massachusetts and, therefore, the requested discovery is unduly burdensome.

Supplemental Response No. 5:

See response No. 4 above.

Further Supplemental Response No. 5:

See Further Supplemental Response No. 4 above.

Request No.7:

All documents concerning AirWater's attempts to establish and maintain the awareness and exposure of products manufactured by or for AirWater based on the Licensed Patents and to enhance sales and future growth.

Response No. 7:

The Defendant objects to this request on the grounds that there is no colorable basis for subjecting the Defendant to personal jurisdiction in Massachusetts and, therefore, the requested discovery is unduly burdensome.

Supplemental Response No. 7:

In response to this request, the Defendant hereby produces the attached document labeled KW00222 through KW00313.

Further Supplemental Response No. 7:

In supplemental response to this document request, AirWater objects to this request to the extent that it seeks non-public, proprietary and/or confidential business information and or trade secrets. Subject to and without waiving this objection, AirWater states that it created a large number of brochures, leaflets and other materials, exemplars of which have already been produced to J.J. Reidy. To the extent that J.J. Reidy seeks documents beyond or in addition what has already been produced, AirWater objects on the grounds that this request is overly broad, unduly vague and burdensome.

Request No. 11:

All documents concerning any manufacturing agreement entered into by AirWater by any person or entity for the manufacture of Licensed Products.

Response No. 11:

The Defendant objects to this request on the grounds that there is no colorable basis for subjecting the Defendant to personal jurisdiction in Massachusetts and, therefore, the requested discovery is unduly burdensome.

Supplemental Response No. 11:

The Defendant will produce any responsive documents in its possession, custody or control in due course.

Further Supplemental Response No. 11:

See Further Supplemental Response No. 4 above.

DEFENDANT AIRWATER PATENTS
CORPORATION

By its attorneys,

Richard Kirby, BBO# 273600
Matthew P. Zayotti, BBO# 638265
Keegan Werlin LLP
265 Franklin Street
Boston, Massachusetts  02110-3113
(617) 951-1400

Dated: ~~January~~ February 2, 2007

---

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document(s)
was served upon the attorney of record for each other party by ~~hand-delivery~~ - US Mail on February 2, 2007.

4



# PATENT SUB - LICENSE AGREEMENT

This Agreement is entered into today the 4th day of May 2004, by and between the following parties:

On the one hand:

**AirWater Corporation,** doing business at: 12F 407 Lincoln Road, Miami Beach FL 33139 USA, (hereafter known as The Licensor)

and:

**Fujian Yuxin Electronic Equipment Co Ltd,** doing business at: RONGQIAO Economic Development Zone. Fuqing Fujian 350301 Peoples Republic of China (hereafter known as the SubLicensee)

**Whereas,** AirWater Corporation (The Licensor) is in the business of manufacturing Water from Air Machines, and the sales and distribution thereof, and;

**Whereas,** AirWater Corporation (The Licensor) is the beneficial owner of four valid and current Patents originally issued by the United States Patent Office, and attached hereto as exhibits A, B, C, and D to this agreement, and;

**Whereas,** Licensor represent and warrants that it has the entire right, title, and interest in and to United States Patents numbered 5,106,512, 5,149,446, 5,203,989 and 5,366,705 relating to a Water Production / Generation System and any patents to issue, foreign or domestic on any continuation or division thereof and any new patents, foreign or domestic, granted to LICENSOR relating to the Water Production / Generations System (hereinafter collectively referred to as "LICENSED PATENTS"), and generally known as the WATERSTAR systems, and that LICENSOR has the absolute and undisputed rights to grant the licenses AND ANY SUBLICENSES under the LICENSED PATENTS as specified hereinafter, and;

KW00766

1

**Whereas** Fuqing Yuxin Electronic Equipment Co Ltd
(The SubLicensee) is an established manufacturer of AirWater Machines in
China, and;

**Whereas**, Fuqing Yuxin Electronic Equipment Co Ltd
 (The SubLicensee) is eager to market their manufactured products in all
markets all over the world, and;

**Whereas** Fuqing Yuxin Electronic Equipment Co Ltd
(The SubLicensee) is eager to acquire International Patent Rights from
AirWater Corporation, (The Licensor) to so be able to manufacture and
market the said AirWater Machines, and;

**Whereas** AirWater Corporation (The Licensor) is willing and eager to offer
such a Patent License,

**NOW THEREFORE**, the parties mutually agree as follows;

### THE SUBLICENSE

1)       The Licensor grants to the Licensee a SUBLICENSE,
entailing the full rights to design, manufacture, build,
deliver, sell and market on a Global Basis all air to water
machines that are manufactured by the SubLicensee.

2)       The SUBLICENSE shall be covered in whole by the original
GLOBAL LICENSING AGREEMENT as entered into
between the then Licensor (J. J. Reidy & Co Inc) and the
Licensee (Air Water Corporation), this Global Licensing
Agreement having been signed and executed on 21st day of
March 2003.

3)       The SubLicensee shall be free to operate his business, to
include the manufacturing base in Fuqing, Peoples Republic
of China for all sales of products within the Peoples
Republic of China etc, free of all Payments and Royalties.

KW00767

4) In all other respects for sales to all other countries all over the world, the SubLicensee agrees to be bound to all the terms and conditions as they are stipulated in the original Global Licensing Agreement except as outlined below.

## THE PAYMENT

5) The SubLicensee agrees to pay a One Time Non Recurring SUBLICENSE FEE PAYMENT in the amount of US $50,000 for all the rights appertaining to this SUBLICENSE.

## THE ROYALTY

6) The SubLicensee agrees to pay ongoing Royalty payments in the amount of ONE per cent (1%) for all products manufactured and sold by the SubLicensee.

## TERM

7) The term of this Agreement shall commence upon the date of execution of this agreement and shall remain binding and continue for a period of not less than 10 years, and / or for the life of the last expiring LICENSED PATENT, whichever comes last, unless terminated sooner as provided herein

## TERMS AND CONDITIONS

8) The terms and conditions appertaining to this agreement shall emulate and be in line with the general terms and conditions as they appear and are printed in the Global Licensing Agreement as attached to this SubLicense Agreement.



KW00768

3

# SPECIAL CONDITION PRECEDENT

## *PRODUCT LIABILITY INSURANCE*

9)    SUBLICENSEE shall during the entire term of this agreement, maintain an adequate Insurance Policy, to commence upon the first commercial production and sales of product, such product liability insurance to cover LICENSED PROPERTY sold by LICENSEE or any of its sub licensees, and AirWater Corporation and J.J. Reidy & Co Inc., shall be named "additional insured" thereon with respect to any claims made against LICENSOR or the LICENSEE or any of its SUBLICENSEE's sales of LICENSED PROPERTY.

SUBLICENSEE agrees to provide a copy of such insurance policy within 30 days of execution of its marketing opening dates of sales. SUBLICENSEE shall also indemnify and hold harmless Air Water Corporation and J. J. Reidy & Co Inc, its employees, directors, officers, shareholders as to any claims, lawsuits, threatened litigation or judgment rendered, relating to the LICENSED PROPERTY sold by the SUBLICENSEE.

## NOTIFICATION

Any notice hereunder must be in writing and by courier service with signed receipt and shall be deemed to have been given when such notification, properly addressed to the addressee indicated above, is sent by courier and receipt acknowledged Either party hereto may at any time by thirty (30) days notice to the other; designate any other address in place of those given above.

## EFFECTIVE DATE

The effective date of this Agreement shall he upon the acceptance and execution thereof by both parties.

## FURTHER SUBLICENSING

SUBLICENSEE undertakes to notify Licensor if it has an intention to further SUBLICENSE any 3rd party and shall apply for a permit to so do. The LICENSOR shall not unreasonably withhold such permission.

KW00769                                                    4

## AUTHORITY

All parties warrant that they have the requisite authority and capacity to execute this Agreement and that its terms and provisions constitute valid and legally enforceable rights and obligations against the parties, their successors, administrators, etc,

IN WITNESS WHEREOF, the parties have affixed their names, signatures, and seals, by their executive officers thereto duly authorized, on the day and year first above written.

ON BEHALF OF SUBLICENSEE:

Hendrik Tjandra - Chairman
Fujian Yuxin Electronic Equipment Co Ltd

ON BEHALF OF LICENSOR:

M J Zwebner – Chairman
AirWater Corporation

KW00770                                                5

## *EXHIBIT B*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-40049-FDS

J.J. REIDY & CO., INC.,

Plaintiff,

v.

AIRWATER CORPORATION AND
AIRWATER PATENTS
CORPORATION,

Defendants.

### DEFENDANT AIRWATER PATENTS CORPORATION'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 34, the Defendant, AirWater Patents Corporation, hereby supplements its responses to the Plaintiff's First Request for Production of Documents.

### GENERAL OBJECTIONS

1.      The Defendant objects generally to the requests for production in each and every instance in which they request information protected by the attorney-client privilege, work product doctrine or which is otherwise protected from discovery.

2.      The Defendant objects generally to the requests for production in each and every instance in which they are beyond the permissible scope of discovery as provided by Rule 26(b) of the Federal Rules of Civil Procedure or are an annoyance, embarrassing, oppressive, or unduly burdensome or expense.

3.    Where a response to any request for production may be derived or ascertained only from a detailed examination, audit or inspection of such records, including a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the responsiveness of each document or thing is substantially the same for all parties, the Defendant reserves the right to produce generally the documents and to afford the requesting party reasonable opportunity to examine, audit or inspect such records, and to make copies, compilations, abstracts or summaries thereof at the requester's expense.

4.    Defendant objects generally to each request to the extent and degree to which it calls for the production of documents or things not within the custody or control of the Defendant.

5.    Defendant objects generally to each request that identifies a document by use of the terms "relating to" or "referring to" on the grounds that such terms fail to describe the document or thing sought to be produced with reasonable particularity required as by Rule 34(b).

6.    Defendant objects generally to each request which fails to specify a relevant time period to which it pertains on the grounds that such request is overbroad, unduly burdensome and insufficient to satisfy the requirements that the documents be specified with reasonable particularity in conformity with Rule 34(b). Defendant further objects to any request to the extent that it calls for the production of documents which post date the filing of the Complaint in this action or which were prepared in contemplation of or in response to the instant litigation, or otherwise constitutes or represents the mental impressions, conclusions, opinions, or legal theories of any attorney or other representative of the Defendant concerning the litigation.

2

7.    Defendant objects generally to making production by copying documents and transmitting them to counsel for the requesting party on the grounds that the Defendant is not required to do so under Rule 34 of the Federal Rules of Civil Procedure.

8.    The Defendant generally objects to the "Definitions and Instructions" to the extent the requesting party seeks information beyond the scope of discovery under Rules 26 and 34 of the Federal Rules of Civil Procedure.  Such "Definitions and Instructions" are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

## SPECIFIC RESPONSES AND OBJECTIONS

The foregoing General Objections are hereby made a part of and incorporated by this reference in each and every specific response hereinafter made to the respective numbered paragraphs of Plaintiffs' Request for Production of Documents.  Subject to such General Objections, the Defendant responds to the respective numbered paragraphs of the Plaintiffs' request for documents as follows:

Request No. 1:

All documents that evidence, reflect or reference all communications between Reidy and AirWater, whether oral or written, concerning the Global Manufacturing and Marketing Licensing Agreement (the "License").

Response No. 1:

The Defendant objects to this request on the grounds that there is no colorable basis for subjecting the Defendant to personal jurisdiction in Massachusetts and, therefore, the requested discovery is unduly burdensome.

3

Supplemental Response No. 1:

In response to this request, the Defendant hereby produces the attached documents labeled KW00001 through KW00077, KW00081 through KW00100, and KW00314 through KW00765.

Request No.2:

All documents concerning communications between AirWater and any person or entity, whether oral or written, pertaining to the License for the period from 2000 to date.

Response No. 2:

The Defendant objects to this request on the grounds that there is no colorable basis for subjecting the Defendant to personal jurisdiction in Massachusetts and, therefore, the requested discovery is unduly burdensome.

Supplemental Response No. 2:

The Defendant objects to this request to the extent that it seeks documents protected by the attorney-client privilege and or the attorney work product doctrine. Subject to and without waiving the foregoing objections, the Defendant refers the Plaintiff to documents produced in response to request no. 1 above.

Request No.3:

All documents concerning any payments made by AirWater to Reidy pursuant to the License.

Response No. 3:

The Defendant objects to this request on the grounds that there is no colorable basis for subjecting the Defendant to personal jurisdiction in Massachusetts and, therefore, the requested discovery is unduly burdensome.

4

Supplemental Response No. 3:

In response to this request, the Defendant refers Plaintiff to documents produced in response to Plaintiff's request for documents and labeled KW00079 through KW00080. Further responding, the Defendant states that it is in the process of searching for additional documents reflecting payments copies of which will be supplied when they become available.

Request No.4:

All sublicenses AirWater has entered into concerning or involving the License.

Response No. 4:

The Defendant objects to this request on the grounds that there is no colorable basis for subjecting the Defendant to personal jurisdiction in Massachusetts and, therefore, the requested discovery is unduly burdensome.

Supplemental Response No. 4:

In response to this request, the Defendant hereby produces the attached document labeled KW00587 through KW00591.

Request No.5:

All correspondence between AirWater and any person or entity concerning each sublicense entered into by AirWater with any person or entity pertaining to the License.

Response No. 5:

The Defendant objects to this request on the grounds that there is no colorable basis for subjecting the Defendant to personal jurisdiction in Massachusetts and, therefore, the requested discovery is unduly burdensome.

Supplemental Response No. 5:

See response No. 4 above.

Request No.6:

All accountings of units shipped, units billed, and receivables aging prepared by you concerning the License or Licensed Products.

Response No. 6:

The Defendant objects to this request on the grounds that there is no colorable

basis for subjecting the Defendant to personal jurisdiction in Massachusetts and,

therefore, the requested discovery is unduly burdensome.

Supplemental Response No. 6:

In response to this request, the Defendant hereby produces documents labeled

KW00078.

Request No.7:

All documents concerning AirWater's attempts to establish and maintain the awareness and exposure of products manufactured by or for AirWater based on the Licensed Patents and to enhance sales and future growth.

Response No. 7:

The Defendant objects to this request on the grounds that there is no colorable

basis for subjecting the Defendant to personal jurisdiction in Massachusetts and,

therefore, the requested discovery is unduly burdensome.

Supplemental Response No. 7:

In response to this request, the Defendant hereby produces the attached document

labeled KW00222 through KW00313.

Request No.8:

All documents concerning any changes AirWater made to goods sold under trademark pursuant to the License.

Response No. 8:

6

The Defendant objects to this request on the grounds that there is no colorable basis for subjecting the Defendant to personal jurisdiction in Massachusetts and, therefore, the requested discovery is unduly burdensome.

Supplemental Response No. 8:

The Defendant objects to this request on the grounds that it is unduly vague.  To the extent that this request seeks documents concerning any changes AirWater made to goods sold under the trademark

Request No.9:

All insurance policies concerning sublicensees' sales of Licensed Products.

Response No. 9:

The Defendant objects to this request on the grounds that there is no colorable basis for subjecting the Defendant to personal jurisdiction in Massachusetts and, therefore, the requested discovery is unduly burdensome.

Supplemental Response No. 9:

None.

Request No. 10:

All non-compete and non-disclosure agreements concerning AirWater's contracts with any third party manufacturers of Licensed Products.

Response No. 10:

The Defendant objects to this request on the grounds that there is no colorable basis for subjecting the Defendant to personal jurisdiction in Massachusetts and, therefore, the requested discovery is unduly burdensome.

Supplemental Response No. 10:

None.

Request No. 11:

     All documents concerning any manufacturing agreement entered into by AirWater by any person or entity for the manufacture of Licensed Products.

Response No. 11:

     The Defendant objects to this request on the grounds that there is no colorable basis for subjecting the Defendant to personal jurisdiction in Massachusetts and, therefore, the requested discovery is unduly burdensome.

Supplemental Response No. 11:

     The will produce any responsive documents in its possession, custody or control in due course.

Request No. 12:

     All communications between AirWater and Watermaker PVT, Limited of Mumbia, India for the period from 2002 to date.

Response No. 12:

     The Defendant objects to this request on the grounds that there is no colorable basis for subjecting the Defendant to personal jurisdiction in Massachusetts and, therefore, the requested discovery is unduly burdensome.

Supplemental Response No. 12:

     None.

Request No. 13:

     All documents concerning sublicenses for Watermaker PVT, Limited of Mumbia, India.

Response No. 13:

The Defendant objects to this request on the grounds that there is no colorable

basis for subjecting the Defendant to personal jurisdiction in Massachusetts and,

therefore, the requested discovery is unduly burdensome.

Supplemental Response No. 13:

None.

Request No. 14:

All documents concerning safety features used in the production of Licensed
Products by AirWater.

Response No. 14:

The Defendant objects to this request on the grounds that there is no colorable

basis for subjecting the Defendant to personal jurisdiction in Massachusetts and,

therefore, the requested discovery is unduly burdensome.

Supplemental Response No. 14:

In response to this request, the Defendant hereby produces the attached document

labeled KW00222 through KW00313.

Request No. 15:

All documents and tangible things which you intend to offer into evidence at any
trial of this matter.

Response No. 15:

The Defendant objects to this request on the grounds that there is no colorable

basis for subjecting the Defendant to personal jurisdiction in Massachusetts and,

therefore, the requested discovery is unduly burdensome.

Supplemental Response No. 15:

The Defendant has not yet determined which documents it intends to offer into evidence at any trial of this matter. The Defendant reserves the right to supplement this response.

Request No. 16:

All documents concerning any Licensed Products, including, but not limited to, photographs, press releases, sales literature, annual reports, and SEC filings.

Response No. 16:

The Defendant objects to this request on the grounds that there is no colorable basis for subjecting the Defendant to personal jurisdiction in Massachusetts and, therefore, the requested discovery is unduly burdensome.

Supplemental Response No. 16:

In response to this request, the Defendant hereby produces the attached document labeled KW00101 through KW00313.

Request No. 17:

All internal communications, including, without limitation, email, concerning the License, Licensed Patents and/or Licensed Products.

Response No. 17:

The Defendant objects to this request on the grounds that there is no colorable basis for subjecting the Defendant to personal jurisdiction in Massachusetts and, therefore, the requested discovery is unduly burdensome.

Supplemental Response No. 17:

The Defendant objects to this request on the grounds that it is unduly vague, and to the extent that it seeks documents protected by the attorney-client privilege and or

10

attorney-work product doctrine.  Subject to and without waiving the foregoing objections, the Defendant states that it does not have possession, custody or control of any documents responsive tot this request.

Request No. 18:

All documents which evidence, reflect or reference the bases for each affirmative defense asserted in your answer to the Complaint.

Response No. 18

The Defendant objects to this request on the grounds that there is no colorable basis for subjecting the Defendant to personal jurisdiction in Massachusetts and, therefore, the requested discovery is unduly burdensome.

Supplemental Response No. 18:

The Defendant objects to this request on the grounds that it is overly broad, unduly vague and burdensome.  The Defendant further objects to this request to the extent that it seeks documents protected by the attorney-client privilege and or attorney-work product doctrine.  Subject to and without waiving the foregoing objections, the Defendant reserves the right to supplement this responses in due course.

DEFENDANT AIRWATER PATENTS
CORPORATION

By its attorneys,

Richard Kirby, BBO# 273600
Matthew P. Zayotti, BBO# 638265
Keegan Werlin LLP
265 Franklin Street
Boston, Massachusetts  02110-3113
(617) 951-1400

Dated: February 3, 2006

11

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document(s) was served upon the attorney of record for each other party by hand-delivery - US Mail on _2/3/06_.

_Matthew P. Zayotti_