UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| J.J. REIDY & CO., INC.,<br><br>        **Plaintiff,**<br><br>v.<br><br>**AIRWATER CORPORATION AND AIRWATER PATENTS CORPORATION,**<br><br>        **Defendants.** | CIVIL ACTION NO. 05-40049-FDS |
|---|---|
| **AIRWATER PATENTS, INC.**<br><br>        **Plaintiff,**<br><br>v.<br><br>**J.J. REIDY & CO., INC.**<br><br>        **Defendant.** | CIVIL ACTION NO. 06-10137-FDS |

**MOTION OF AIRWATER CORPORATION AND AIRWATER PATENTS, INC. TO AMEND SCHEDULING ORDER AND TO CONTINUE HEARING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT UNTIL COMPLETION OF DISCOVERY**

AirWater Corporation and AirWater Patents, Inc. collectively, ("AirWater") hereby move to amend the scheduling order to extend the time for discovery, and to continue the hearing on the parties' cross-motions for summary judgment until after discovery is complete. In support of this motion, and for reasons more fully set forth in the attached Affidavit of Matthew P. Zayotti filed herewith, AirWater states as follows:

1.     J.J. Reidy & Co., Inc. ("J.J. Reidy") has engaged in bad faith, dilatory and evasive discovery tactics in a deliberate effort to unfairly obstruct AirWater from discovering evidence highly relevant to its claims and defenses, including but not limited

to deliberately failing to obey the Court's Order dated January 29, 2007, compelling J.J. Reidy to supplement its responses to interrogatories and document requests, produce additional documents and provide a privilege log, within fourteen (14) days of such Order.

2.      Although J.J. Reidy's supplemental responses to interrogatories and document requests, privilege log and supplemental document production were due to be served on or before February 12, 2007, J.J. Reidy requested from AirWater a 7-day extension of time to comply with the Court's Order to which AirWater agreed. Zayotti Affidavit, Exh. A.

3.      Notwithstanding the expiration of the extension of time on February 19, 2007, J.J. Reidy failed to serve its supplemental discovery responses and documents on or before that date and failed to seek an additional extension of time to comply with the Court's Order. Id. at ¶ 4.

4.      On March 7, 2007, J.J. Reidy served by mail supplemental responses to interrogatories and document requests; on March 8 and 9, 2007, J.J. Reidy served by first class mail its supplemental document production, consisting of 133 pages, many of which had already been produced. Id., Exhs. B, C and D. Because AirWater's counsel was in Saginaw, Michigan for depositions on March 12th and 13th, 2007, counsel for AirWater did not actually see and have an opportunity to review J.J. Reidy's supplemental document production until Thursday, March 15, 2007. Id. at ¶ 7.

5.      J.J. Reidy failed to timely provide <u>any</u> supplemental discovery responses within the time ordered by the Court or within the 7-day extension of time granted by AirWater, and when J.J. Reidy finally did supplement its discovery responses, such

responses were both evasive and incomplete. Among other things, J.J. Reidy has failed to produce documents that J.J. Reidy was ordered to produce and which are known to be in existence; failed to designate in its supplemental written responses to document requests which documents are responsive to which discovery requests; failed to state whether it has produced all responsive documents and whether any documents have been withheld on a claim of privilege; and failed to produce a privilege log. Id. at ¶¶ 8; and Exh. B.

6. Moreover, it has now come to light as a result of J.J. Reidy's partial document production served by mail on March 8, 2007, that J.J. Reidy withheld in bad faith documents relating to J.J. Reidy's October 4th, 2005 sale of the Patents to an entity known as Free Water Company, in violation of AirWater's right of first refusal under the parties' Global Manufacturing and Marketing Licensing Agreement. Id., Exhs. E and F at 14. The Patents that J.J. Reidy sold to Free Water are the very same Patents that J.J. Reidy licensed to AirWater on an exclusive world-wide basis, and the very same Patents as to which J.J. Reidy is now seeking to recover from AirWater alleged unpaid royalties! Obviously, the Patent and Asset Purchase Agreement is highly relevant to AirWater's claims and defenses and was patently discoverable, yet AirWater only recently received this document from J.J. Reidy more than one (1) year after it was requested, and nearly one (1) month after J.J. Reidy was ordered by this Court to produce such document. As such, it is simply inconceivable that J.J. Reidy's objections to producing this agreement on the grounds that it was not relevant were advanced in good faith.

7. J.J. Reidy's sale of the Patents to another entity will be the basis for an additional motion for partial summary judgment concerning, at a bear minimum, J.J.

3

Reidy's claim for royalties following the date of the sale. Additional discovery concerning the interpretation and effect of the Patent and Asset Purchase Agreement will be required to determine what right, if any, J.J. Reidy has to maintain its claims against AirWater, and which of AirWater's existing claims properly lie against J.J. Reidy as opposed to Free Water Company. Moreover, it would appear that AirWater will have new claims to add against Free Water Company, including but not limited to claims for declaratory judgment, and that consolidation with this case of AirWater's pending patent infringement claims against Free Water Company may be appropriate. Apparently recognizing the relevance and importance of the sale to AirWater's case, J.J. Reidy has deliberately stalled and delayed producing the Patent and Asset Purchase Agreement in a bad faith effort to obstruct AirWater from engaging in any additional discovery on this issue and to obstruct AirWater from obtaining evidence necessary to its claims and defenses.

8. Additionally, J.J. Reidy has willfully failed and refused to obey the Court's Order to describe and identify communications with third parties and produce documents concerning the Patents and efforts to license the same that are known to exist. For example, the Court granted AirWater's motion to compel J.J. Reidy to identify and describe the content of any and all communications between J.J. Reidy and World Wide Water, Inc., World Wide Water, LLC and/or Mike Klein concerning the Patents and licensing arrangements from 2003 to present. In flagrant disregard of the Court's Order, J.J. Reidy failed to describe its discussions with Mike Klein concerning the Patents and potential licensing arrangements and J.J. Reidy failed to produce documents relating to the same. Zayotti Affidavit, Exh. B (interrogatory responses), at 14. Documents

4

concerning these discussions are know by AirWater to exist because AirWater obtained certain of these documents by means of a subpoena in the Florida litigation before that case was transferred to and consolidated in Massachusetts. Zayotti Affidavit, Exh. G.

9.  Further, although the Court ordered J.J. Reidy to produce documents relating to revenues that J.J. Reidy received on account of any agreements that J.J. Reidy has with any third party from January 2003 to present, J.J. Reidy has failed to produce any responsive documents to date. Id. at ¶ 11.

10. Similarly, although the Court ordered J.J. Reidy to produce documents relating to efforts to license the Patents to third parties from January 2003 to present, and although J.J. Reidy has described receiving numerous emails on this subject from around the world, J.J. Reidy has produced only two responsive documents. Id. at ¶ 12.

11. Additionally, although the Court allowed AirWater's motion to compel production of all documents that constitute, relate or refer to the disposition of the UCSY, AirWater and/or AirWater stock that was issued to J.J. Reidy pursuant to the parties' Agreement, J.J. Reidy has failed to produce any responsive documents. Id. at ¶ 13.

12. Because J.J. Reidy has not stated in its supplemental written responses to document requests whether it has produced all responsive documents; not designated which documents are responsive to which requests; not stated whether any documents have been withheld on a claim of privilege; and not provided a privilege log, all as ordered by the Court, it is impossible for AirWater to tell whether additional documents may exist to which AirWater is entitled.

13. Throughout the course of this litigation, J.J. Reidy has acted in a bad faith effort to obstruct AirWater from engaging in legitimate discovery necessary to proving its

claims and defenses. J.J. Reidy's initial responses to AirWater's discovery requests were served late. Specifically, J.J. Reidy's unsworn responses to interrogatories were served several months late; J.J. Reidy's document production was served several months late; and J.J. Reidy's written responses to documents requests were late as well. Moreover, as evidenced by this Court's allowance of AirWater's motion to compel with respect to nearly every single discovery request, J.J. Reidy's written responses to discovery were evasive, incomplete and rife with patently invalid objections.

14. Thereafter, although the parties agreed to suspend all discovery and motions to compel pending the outcome of a mediation in late July of 2006, and to jointly seek an extension of discovery if the mediation did not result in resolution, when the mediation in fact proved to be unsuccessful J.J. Reidy reneged in bad faith on its agreement to jointly seek an extension of discovery, insisting instead that it would only agree to extend discovery for the sole purpose of completing depositions of the parties which had already been noticed and filing motions to compel.[1] In so doing, J.J. Reidy not only sought to unfairly obstruct AirWater from engaging in legitimate discovery necessary to its claims and defenses, but J.J. Reidy caused substantial delays in completing discovery, requiring AirWater to file a motion to extend discovery which J.J. Reidy opposed.

15. Most recently, AirWater proposed that the parties jointly move to extend the discovery deadline by an additional 60 days so that AirWater would not be prejudiced by J.J. Reidy's delays and noncompliance, rather than filing a motion or complaint for

---

[1] By contrast to J.J. Reidy's conduct, AirWater has consistently acted in good faith, agreeing to fly all the way from Israel to Boston, and then travel from Boston to the offices of J.J. Reidy's counsel in Worcester to participate in the mediation in July of 2006. Had AirWater known that J.J. Reidy sold the Patents to another entity, information that AirWater had requested through discovery months prior and to which

6

contempt against J.J. Reidy. Indeed, in the absence of an extension of discovery, J.J. Reidy's delays and continuing failure to comply with this Court's Order compelling J.J. Reidy to provide additional discovery[2] will cause prejudice to AirWater because the discovery cut off of March 23, 2007 will prevent AirWater from completing legitimate discovery, including but not limited to the depositions of J.J. Reidy, Mike Klein and/or his entities World Wide Water, LLC, World Wide Water, Inc. and Air2Water, Inc., ELGT and now, the deposition of Free Water Company and potentially other discovery related thereto.

16. Additionally, AirWater proposed to continue the presently scheduled March 28, 2007 hearing on the parties' cross-motions for summary judgment until such time as discovery is completed in light of AirWater's recent discovery that J.J. Reidy sold the Patents to a third party, which sale will undoubtedly be the basis of a further motion for summary judgment by AirWater. Hearing all motions for summary judgment simultaneously after discovery has been completed is not only in the interest of judicial economy, but it is absolutely necessary to fair resolution of this case where, as here, J.J. Reidy has deliberately withheld discovery that will be determinative of the issues.

17. Despite the reasonableness of AirWater's proposal, and notwithstanding J.J. Reidy's flagrant disobedience of the Court's Order and the courtesies that AirWater graciously extended to J.J. Reidy by granting J.J. Reidy's request for extension of time and forbearing on a motion for contempt, J.J. Reidy is again attempting to unfairly obstruct AirWater from discovering relevant evidence needed to litigate the merits of

---

AirWater was entitled, it would have had no reason to participate in the mediation at all.
[2] The delineation herein of the various examples of J.J. Reidy's noncompliance is not meant to be exhaustive.

7

18.   AirWater's claims and defenses by refusing to agree to extend the March 23, 2007 discovery deadline, and taking the position that any further discovery should be limited to the depositions of the parties that were previously scheduled. Id., Exh. H.

WHEREFORE, AirWater respectfully requests that this Honorable Court enter an order:

1. Extending the deadline for completing discovery through and including sixty (60) days from the date of this Court's order;

2. Extending the deadline for filing dispositive motions through and including sixty (60) days from the close of discovery;

3. Extending all other scheduling deadlines in accordance with the extensions set forth in requests 1 and 2 above;

4. Continuing the March 28, 2007 hearing on the parties' cross-motions for summary judgment until such time as discovery has been completed so that all pending and forthcoming motions for summary judgment may be heard at once; and

5. Awarding AirWater its reasonable attorneys fees and costs incurred in connection with the preparation and filing of this motion.

AIRWATER CORPORATION AND
AIRWATER PATENTS, INC.

By their attorneys,

/s/ Matthew P. Zayotti

Richard Kirby, BBO# 273600
Matthew P. Zayotti, BBO# 638265
Keegan Werlin LLP
265 Franklin Street
Boston, Massachusetts 02110-3113
(617) 951-1400

Dated: March 23, 2007

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I, Matthew P. Zayotti, hereby certify that on March 15 and 22, 2007, I conferred with Maura A. Greene, Esq. of Bowditch & Dewey, LLP, counsel for the Plaintiff J.J. Reidy & Co., Inc. in a good faith attempt to resolve or narrow the issues related to this motion.

/s/ Matthew P. Zayotti

---

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 23, 2007.

/s/ Matthew P. Zayotti

---