UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

.  CIVIL ACTION NO. 05-40049-FDS

(Consolidated with <u>AirWater Patents, Inc. v. J.J. Reidy & Co., Inc., a Massachusetts Corporation</u>; United States District Court Southern District of Florida, Miami Division, Case No. 05-20650-CIV-JORDAN)

J.J. REIDY & CO., INC.,                      )
                                             )
            Plaintiff,                       )
v.                                           )
                                             )
AIRWATER CORPORATION and                     )
AIRWATER PATENTS CORPORATION,                )
                                             )
            Defendants.                      )

**OPPOSITION OF J.J. REIDY & CO., INC. TO MOTION OF AIRWATER CORPORATION AND AIRWATER PATENTS, INC. TO AMEND SCHEDULING ORDER AND TO CONTINUE HEARING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT UNTIL COMPLETION OF DISCOVERY**

The Plaintiff J.J. Reidy & Company, Inc. ("Reidy") opposes the motion of AirWater Corporation and AirWater Patents, Inc. ("AirWater") to amend the scheduling order and to continue the hearing on cross-motions for summary judgment until the completion of discovery. In opposition to this motion, Reidy states as follows:

1.      The Court previously granted Defendants' motion to extend the scheduling order and continued the discovery period to March 23, 2007. AirWater now seeks an additional extension of time which is unwarranted.

2.      In accordance with the Court's order, Reidy has supplemented its answers to interrogatories and document responses and produced additional documents, including communications with Attorney Brian Dingman that were previously withheld on the basis of attorney client privilege and a third-party agreement with FreeWater Corporation, among other

documents. Reidy has not withheld any documents on the basis of privilege. AirWater's allegations of "bad faith, dilatory and evasive discovery tactics" are serious yet unsubstantiated allegations apparently directed at Reidy simply because Reidy would not agree to AirWater's request for another extension of the scheduling order.

3. Although AirWater's present motion appears to be more in the nature of a motion to compel, AirWater's counsel did not confer with Reidy's counsel about any of Reidy's discovery responses prior to filing its motion. Reidy has therefore not had the opportunity to narrow the issues for the Court, such as the fact that Reidy has not withheld any documents on the basis of privilege and therefore did not provide AirWater with a privilege log. In fact, as previously stated, Reidy produced all documents in its possession relating to correspondence with patent counsel, Attorney Brian Dingman. Given the seriousness of AirWater's allegations, including one of "bad faith," it is astounding that AirWater's counsel did not discuss the document production with Reidy's counsel if he had questions concerning what documents were or were not produced.

4. Reidy had not previously produced the agreement with Free Water Corporation because Reidy entered into the agreement <u>after</u> it terminated its Agreement with AirWater. Reidy, having properly terminated the agreement with AirWater, has a right to enter into other agreements concerning the patents. Reidy has now produced the agreement in accordance with the Court's order.

5. If additional documents were produced in the Florida litigation, the Florida case has been consolidated with this litigation and AirWater has those documents, AirWater cannot seriously contend that Reidy did not produce them here. Again, this issue was raised for the first time in AirWater's motion.

6. AirWater alleges that Reidy has withheld documents concerning inquiries from third parties relating to Reidy's patents. In the first document production Reidy produced numerous e-mail messages from people inquiring about Reidy's patents. Reidy also produced the only documents it has relating to third-party agreements.

7. There are very limited documents relating to disposition of stock and revenues to date concerning the patents. Reidy has located documents relating to stock transactions and documents showing revenues from an agreement with Free Water Company and Reidy has produced those documents to AirWater.

8. At the same time that AirWater asserts that Reidy has not produced certain documents, AirWater, despite Reidy's repeated requests, has utterly failed to produce <u>any</u> documents relating to the revenues AirWater has received from the Reidy patents, marketing efforts and sales. Despite Reidy's numerous requests <u>and</u> repeated assurances from AirWater's counsel that these documents will be produced, AirWater has not produced these documents.

Airwater's motion should be denied because (a) as Reidy has complied with the Court's Order to supplement its discovery responses; (b) Reidy has not withheld any documents on the basis of attorney client privilege and (c) AirWater has set forth no new or compelling arguments as to why the scheduling order should be amended.

WHEREFORE, J.J. Reidy & Co. Inc. respectfully requests that the Court deny the motion of AirWater and award J.J. Reidy & Co., Inc. its attorney's fees in opposing this motion.

J.J. REIDY & COMPANY, INC.

By its attorneys,

/s/ Maura A. Greene
Thomas J. Conte (BBO #566092)
Maura A. Greene (BBO #547204)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
(508) 926-3415
FAX: (508) 929-3006
mgreene@bowditch.com

Dated: April 20, 2007

CERTIFICATE OF SERVICE

I, Maura A. Greene, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 20, 2007.

/s/ Maura A. Greene
Maura A. Greene