**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
(Boston Division)

| | | |
|---|---|---|
| J. J. REIDY & COMPANY, INC. | ) | |
|          Plaintiffs | ) | CIVIL ACTION |
| vs. | ) | CASE NO. 05-40049-FDS |
| | ) | |
| AIRWATER CORP. ET. AL. | ) | |
|          Defendants | ) | |
| _____ / | | |

**NOTICE OF SERCICE OF**
**RULE 45 RECORDS CUSTODIAN SUBPOENA**
**ON AIR2WATER LLC.**

PLEASE TAKE NOTICE that AirWater Corp. has served the attached Rule 45 Record's Custodian Subpoena on AIR2WATER, LLC. on Thursday, June 13, 2007.   The Subpoena calls for the production of records at the offices of the lead counsel on or before June 29, 2007.

                                                                                         Respectfully,

                                                                                       /s/ John H. Faro
                                                                                       John H. Faro, Esq.
                                                                                       (BBO #159260)
                                                                                       JohnF75712@aol.com

Faro & Associates
44 W. Flagler Street, Suite 1100
Miami, FL  33130
Phone  (305) 424-1112
Fax     (305) 424-1114

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this document, filed through the ECF system, will be sent electronically to the registered participants, as identified in the Notice of Electronic Filing (NEF), and that paper copies will be sent to the individuals indicated as non-registered participants, as per the attached Distribution List, on June 18, 2007.

Respectfully,

/s/ John H. Faro
John H. Faro, Esq.
BBO # 159,260
Attorney For Defendant

DISTRIBUTION:

Richard Kirby, Esq.
Matthew Zayotti, Esq.
KEEGAN WERLIN LLP
265 Franklin Street
Boston, MA 02110-3113
Phone  (617) 951-1400
Facsimile (617) 951-1354

Thomas J. Conte, Esq.
Daniel P. Flynn, Esq.
Bowditch & Dewey, LLP
311 Main Street
PO Box 15156
Worcester, MA  01615-0156
Phone  (617) 791-3511

Civil Clerk's Office
U.S. District Court for Massachusetts
    Central Division
Harold D. Donohue Federal Bldg & Courthouse
595 Main Street, Suite 502
Worcester, Massachusetts 01608

OAO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
## United States District Court

### DISTRICT OF MASSACHUSETTS
(Tallahassee Division)

| J.J. REIDY & COMPANY, INC. | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| vs. | Case Number:[1] 05-40049-FDS |
| AIRWATER CORPORATION ET AL | |

TO: AIR2WATER LLC
**c/o FRANK J. LONGO, ESQ.**
**280 BEVERY HILLS DRIVE – SUITE 210**
**BEVERY HILLS, CA 90212**

[ ]  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[ ]  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case of the person or persons most knowledgeable of the matters

| PLACE OF DEPOSITION: | |
|---|---|
|  | DATE AND TIME |

**[X]**  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects), as set forth in **EXHIBIT "A"**. :

| PLACE : SEE EXHIBIT "B" annexed hereto | DATE AND TIME |
|---|---|
|  | **FRIDAY, JUNE 29, 2007 @ 10:00 AM** |

[ ]  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| **PREMISES** | |
|---|---|
|  | DATE AND TIME |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER=S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ John H. Faro            Attorney For Derfendants | June 13, 2007 |

ISSUING OFFICER=S NAME, ADDRESS AND PHONE NUMBER

3

JOHN H. FARO, Esq. – Attorney for Defendants
44 West Flagler Street, Suite 1100,
PHONE (305) 424-1112; FAX (786) 425-2098

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| SERVED | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

   (2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

      (B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
      (iv)   subjects a person to undue burden.

   (B) If a subpoena

      (i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

   (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

5

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

    (i)    fails to allow reasonable time for compliance,
    (ii)   requires a person who is not a party or an officer of a

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Exhibit "A"

1. All corporate documents relating to the representations made in the Air2Water web pages as to the patent rights owned, controlled, and/or license which are listed on the web pages on its sites.

2. All telephone records relating to the communications between Air2Water and J.J. Reidy & Company, Inc. for the period January 2005, up to and including the present, including, without limitation, the telephone records of the company, its officers and directors, employees, acting on its behalf.

3. All correspondence, including facsimile and email records relating to communications between Air2Water and J.J. Reidy & Company for the period January 2005 up to and including the present, including, without limitation, the documents, facsimile, and emails of the company, its officers and directors and employees, acting on its behalf.

4. All documents reflecting hotel and air travel records relating to the travel between the offices of Air2Water and the offices of J.J. Reidy & Company in Massachusetts, for the period January 2005 up to and including the present, including, without limitation, all reservations for hotel and air travel, and credit card statements reflecting charges for hotel, rental car and air travel, of the company, its officers, directors and employees, acting on its behalf.

5. All communications between Air2Water and Freewater Corp. relating to J.J. Reidy & Company, including without limitation, the licensing or acquisition of an interest in the patent rights owned by J.J. Reidy & Company, including, without limitation, all record of communication of the company, its officers, directors and employees acting on its behalf.

6. All documents relating to the statements contained in the Affidavits submitted on behalf of Air2Water in support of the Motions To Dismiss in Airwater Corp. v. Worldwide Water, LLC et al., Case No. 06-CA-40288-FDS (District Court of Massachusetts).

Exhibit "B"

Method of Compliance With Subpoena

Please prepared copies of the documents responsive to this Subpoena, at AIRWATER CORP. expense. The counsel issuing this Subpoena requests an estimate of the copying expenses, and shall reimburse the Records Custodian, accordingly.  If remittance of the copying charges are required in advance, counsel shall comply with all reasonable requests.

The documents responsive to this Subpoena are to be copied and forwarded by Express Mail, or in any manner in which verification of transmittal is provided, to the following address:

> John H. Faro, Esq.
> c/o Matthew Zayotti, Esq.
> KEEGAN WERLIN LLP
> 265 Franklin Street
> Boston, MA 02110-3113
> Phone  305, 424-1112
> Cell    305, 761-6921