UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| . | CIVIL ACTION NO. 05-40049-FDS |
|  | (Consolidated with <u>AirWater Patents, Inc. v. J.J. Reidy & Co., Inc., a Massachusetts Corporation</u>; United States District Court Southern District of Florida, Miami Division, Case No. 05-20650-CIV-JORDAN) |

J.J. REIDY & CO., INC.,           )
                                  )
          Plaintiff,              )
v.                                )
                                  )
AIRWATER CORPORATION and          )
AIRWATER PATENTS CORPORATION,     )
                                  )
          Defendants.             )

**PLAINTIFF J.J. REIDY & CO., INC.'S EMERGENCY MOTION FOR PROTECTIVE ORDER**

The plaintiff, J.J. Reidy & Co., Inc. ("Reidy") respectfully requests pursuant to Fed. Rule Civ. P. 26(C) that this Court enter an order quashing the defendants' noticed deposition of Mike Klein, a non-party witness, on June 27, 2007 in Santa Monica, California. As grounds for this motion, Reidy states as follows:

1.    The defendants AirWater Corporation and AirWater Patents Corporation (collectively "AirWater") have noticed the deposition of a non-party witness, Mike Klein, to take place on June 27, 2007, in Santa Monica, California.

2.    AirWater did not name Mr. Klein as an individual likely to have discoverable information in their Initial Disclosure Statement, attached hereto as Exhibit A.

3.    AirWater has not disclosed how Mr. Klein's potential testimony is relevant or relates in any way to the claim or defenses in this lawsuit, which has been filed in Massachusetts.

4. Moreover, it bears noting that Mr. Zwebner and Mr. Klein are rivals, operate competing companies and, upon information and belief, are presently involved in lawsuits against one another in California state court and Federal Court in Worcester, Massachusetts. As such, the noticing of Mr. Klein's deposition in this lawsuit in California seems nothing more than a fishing expedition for the other lawsuits, at Reidy's expense. Reidy objects to the deposition on the grounds that the testimony of Mike Klein is not reasonably calculated to lead to the discovery of admissible evidence.

5. The case has been pending since 2005. AirWater has not explained why it is necessary to take an out-of-state deposition two days before the close of discovery where such deadline has already been extended several times at AirWater's request.

6. Attending a deposition in Santa Monica will pose an unnecessary burden and expense to Reidy as his attorneys are in Worcester, Massachusetts and will need to travel to California for the deposition.

7. Pursuant to Fed. R. Civ. P. 26 (b) (2)(c) ii and iii, Reidy seeks a protective order from the Court that the discovery not be had on the grounds that the burden and expense of the proposed discovery outweighs its likely benefit and AirWater has had ample opportunity during the extended course of discovery in this case to obtain the information sought. Federal R. Civ. P. 26(b) (2) (c) ii and iii provides that the Court may limit discovery if:

> (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. The court may act upon its own initiative after reasonable notice or pursuant to a motion under Rule 26(c).

WHEREFORE, the plaintiff J.J. Reidy & Company, Inc. respectfully requests that the Court allow this motion for a protective order against the taking of the deposition of Mr. Klein in Santa Monica California.

>J.J. REIDY & COMPANY, INC.
>
>By its attorneys,
>
>/s/ Maura A. Greene
>Thomas J. Conte (BBO #566092)
>Maura A. Greene (BBO #547204)
>Bowditch & Dewey, LLP
>311 Main Street, P.O. Box 15156
>Worcester, MA 01615-0156
>(508) 926-3415
>FAX: (508) 929-3006
>tconte@bowditch.com
>mgreene@bowditch.com

Dated:  June 19, 2007

### CERTIFICATION PURSUANT TO LOCAL RULES 7.1 AND 37.1

In accordance with the provisions of Local Rules 7.1 and 37.1 Maura A. Greene, Esquire of this firm conferred with opposing counsel, Matthew Zayotti, Esquire on June 14, 2007, before the filing of this Motion, in a good faith attempt to resolve this dispute.

>/s/ Maura A. Greene
>Maura A. Greene

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 19, 2007.

>/s/ Maura A. Greene
>Maura A. Greene