UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| J.J. REIDY & CO., INC., <br><br>Plaintiff, <br><br>v. <br><br>AIRWATER CORPORATION AND AIRWATER PATENTS CORPORATION, <br><br>Defendants. | CIVIL ACTION NO. 05-40049-FDS |
| AIRWATER PATENTS, INC. <br><br>Plaintiff, <br><br>v. <br><br>J.J. REIDY & CO., INC. <br><br>Defendant. | CIVIL ACTION NO. 06-10137-FDS |

**OPPOSITION OF AIRWATER CORPORATION AND AIRWATER PATENTS, INC. TO PLAINTIFF J.J. REIDY & CO., INC.'S EMERGENCY MOTION FOR PROTECTIVE ORDER**

AirWater Corporation and AirWater Patents, Inc. collectively, ("AirWater") hereby oppose Plaintiff J.J. Reidy & Co., Inc.'s so-called Emergency Motion for Protective Order quashing non-party subpoena for the deposition of Mike Klein on June 27, 2007. In support of this opposition, AirWater states as follows:

1. J.J. Reidy has no standing to object to the subpoena issued to Mike Klein on grounds of relevancy or burdensomeness. Indeed, it is well-settled that "a party ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right." Green v. Baca, 2005 WL 283361, *1 (C.D.Cal. 2005), citing, Nova Products, Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 241 (S.D.N.Y. 2004); Donahoo v. Ohio Dept. of Youth Services, 211 F.R.D. 303, 306

(N.D.Ohio 2002) ("The law is clear, absent a claim of privilege, a party has no standing to challenge a subpoena to a nonparty"); 9A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2459 (2d ed.2004). See also, G.K. Las Vegas Ltd. Partnership v. Simon Property Group, Inc., 2007 WL 119148, *3 (D.Nev. 2007) ("As a general proposition, a party lacks standing under Fed.R.Civ.Pro. 45(c)(3) to challenge a subpoena issued to a non-party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena."); Nova Products, Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 241 (S.D.N.Y.2004) (A party "ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right".); U.S. v. Viltrakis, 108 F.3d 1159, 1160-61 (9th Cir. 1997) ("courts have regularly held that a defendant or a putative defendant lacks standing to object to a subpoena issued to a nonparty witness"); Davis v. General Acc. Ins. Co., 1999 WL 228944, *2 (E.D.Pa. 1999) ("Ordinarily, only the non-parties whom were served with the subpoenas may move to have them quashed under Federal Rule of Civil Procedure 45(c)(3)(A).").

  2. Additionally, by virtue of this Court's Order dated January 29, 2007, granting AirWater's Motion to Amend Scheduling Order and this Court's Findings and Order on Motion of AirWater Corporation and AirWater Patents, Inc. to Compel Further Responses to Interrogatories and Requests for Production of Documents of the same date, this Court has already rejected the argument resurrected by J.J. Reidy in its so-called Emergency Motion for Protective Order that the discovery requested from Mike Klein is

irrelevant and overly burdensome to J.J. Reidy.[1]

3. Finally, J.J. Reidy has no legitimate basis for seeking a protective order on an emergency basis where AirWater's Notice of Deposition was served on June 12, 2007.

WHEREFORE, AirWater respectfully requests that this Honorable Court enter an order:

1. Denying Plaintiff J.J. Reidy & Co., Inc.'s Emergency Motion for Protective Order;

2. Awarding AirWater reasonable attorney's fees and costs incurred in connection with opposing Plaintiff's motion; and

3. Awarding AirWater such other and further relief as this Court deems just and proper.

---

[1] J.J. Reidy's misguided attempt to obstruct the deposition of Mike Klein is the latest in a long string of obstructionist discovery tactics. In that regard, after agreeing to suspend discovery pending the outcome of mediation, J.J. Reidy repudiated its agreement to jointly seek an extension of discovery when the mediation failed to resolve the matter. J.J. Reidy opposed AirWater's motion to extend discovery and requested that all further discovery be limited solely to the depositions of the parties. Thereafter, notwithstanding J.J. Reidy's failure to comply with the Court's Order compelling J.J. Reidy to provide further responses to interrogatories and document requests despite an extension of time granted by AirWater to do so, J.J. Reidy again opposed AirWater's motion to extend discovery necessitated on account of J.J. Reidy's recalcitrance. In the meantime, J.J. Reidy has still not produced any documents that constitute, relate or refer to communications by and between J.J. Reidy and Mike Klein in willful disregard of the Court's Findings and Order on AirWater's Motion to Compel Further Responses to Interrogatories and Document Requests. Certain written communications between J.J. Reidy and Mike Klein are known to exist because AirWater's Florida counsel obtained copies thereof by means of subpoena before the case was transferred to and consolidated in Massachusetts. Further, J.J. Reidy has failed to provide a privilege log. More recently, in responding to AirWater's Second Request for Documents relating primarily to the contract belatedly disclosed by J.J. Reidy pursuant to which J.J. Reidy sold the Patents to an entity known as Freewater Company, Inc., J.J. Reidy belatedly served blanket objections to all of AirWater's document requests and produced no documents whatsoever. In that regard, AirWater has learned that Mike Klein and Freewater Company have entered into a Strategic Alliance Agreement concerning products based on the Reidy Patents. J.J. Reidy's obstructionist discovery tactics serve only to reinforce the suspicion that J.J. Reidy has something to hide.

AIRWATER CORPORATION AND
AIRWATER PATENTS, INC.

By their attorneys,

_____
Richard Kirby, BBO# 273600
Matthew P. Zayotti, BBO# 638265
Keegan Werlin LLP
265 Franklin Street
Boston, Massachusetts 02110-3113
(617) 951-1400

Dated: June 22, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 22, 2007.

_____