UNITED STATES DISTRICT COURT
FOR MASSACHUSETTS

| | |
|---|---|
| J.J. REIDY & CO., INC., | ) CIVIL ACTION NO. 05-40049-FDS |
| | ) (Consolidated with U.S. District Court |
| Plaintiff, | )   Southern District of Florida, Miami Division |
| | )   Case No. 05-20650-CIV-JORDAN) |
| vs. | ) |
| | )  WITNESSES' OBJECTIONS TO |
| AIRWATER CORPORATION and | )  DEFENDANTS' SUBPOENA DUCES |
| AIRWATER PATENTS | )  TECUM AND DEPOSITION SUBPOENA |
| CORPORATION, | )  DUCES TECUM |
| | ) |
| Defendants. | ) |
| | ) |

**THE WITNESSES, WHO ARE DEFENDANTS' IN ANOTHER CASE PENDING IN THIS JURISDICTION, OBJECT TO THE SUBPOENAS ISSUED TO THEM IN THIS INSTANT CASE, WHICH HAVE NOTHING TO DO WITH THIS CASE, BUT HAVE AS THEIR PURPOSE SEEKING DISCOVERY AND A BASIS FOR JURISDICTION IN THE "OTHER CASE"**

Come now WORLDWIDE WATER, LLC, a Nevada Limited Liability Company ("WWW"), AIR2WATER, LLC, a Delaware Limited Liability Company ("AIR2WATER"), and MICHAEL KLEIN ("KLEIN"), a citizen of the State of California, by and through their counsel of record, and file the following objections to the Defendants' discovery subpoenas in their entirety and request that said objections be sustained.

1

These objections are based on the below set forth memorandum of points and authorities, and all of the files and pleadings in this case.

INTRODUCTION:

PROCEDURAL ALLEGATIONS

It is essential for this Honorable Court, in order to rule on the witnesses motions to quash and their objections to the deposition subpoena and subpoena duces tecum for documents to have an understanding of another case in this jurisdiction which will be referred to *infra*.

The sequence of pleadings is that case is as follows:

1.　On December 29, 2006, AirWater Corporation (one of the defendants in the instant case and the party who issued the subject subpoenas) filed a separate Complaint in this jurisdiction which was assigned Case No. 06-CV-40288-FDS.[1]

2.　The defendants in Case No. 06-CV-40288-FDS (who are the witnesses subpoenaed in the instant case and are the objecting parties herein) filed a timely Motion to Dismiss the Complaint for lack of personal jurisdiction in March, 2007.[2]

3.　AirWater Corporation filed its First Amended Complaint in Case No. 06-CV-40288-FDS on March 29, 2007.[3] On April 2, 2007, AirWater Corporation filed its Opposition to Defendants' Motion to Dismiss the Complaint which was based on new allegations in the First Amended Complaint and exhibits annexed thereto.

4.　The defendants in Case No. 06-CV-40288-FDS filed a Motion to Dismiss

---

[1]　See Case No. 06-CV-40288-FDS, Doc. # 1.

[2]　See Case No. 06-CV-40288-FDS, Doc. # 4, 5 & 6.

[3]　See Case No. 06-CV-40288-FDS, Doc. # 9 through 15.

the First Amended Complaint because of lack of personal jurisdiction.[4] AirWater Corporation then filed a motion with the court for an order allowing it to take mid-motion discovery in order to enable it to establish jurisdiction[5] and the defendants in Case No. 06-CV-40288-FDS filed an opposition to that motion.[6]

     5.     AirWater Corporation, in effect conceding the propriety of the defendants', in Case No. 06-CV-40288-FDS, two prior motions to dismiss because of lack of jurisdiction, very recently filed a Motion requesting the Court's permission to file a Second Amended Complaint.[7]  The defendants in Case No. 06-CV-40288-FDS  have not yet responded to that motion,[8] but would like the Court to note that AirWater Corporation has, in the proposed second amended complaint, has stricken the allegations which were its basis' for jurisdiction in the original Complaint and the First Amended Complaint and created a different theory of jurisdiction which is fallacious.

     Counsel for the plaintiff in this instant case filed an emergency motion for a protective order in response to defendants defective and disingenuous requests for discovery. In the interest of brevity the allegations contained therein are incorporated herein as though set forth in full.[9]

     As set forth above AirWater Corporation's frustrations in Case No. 06-CV-40288-FDS  in getting over its jurisdictional hurdle or obtaining discovery therein resulted in

---

[4]     See Case No. 06-CV-40288-FDS, Doc. # 20, 21 & 23

[5]     See Case No. 06-CV-40288-FDS, Doc. # 24

[6]     See Case No. 06-CV-40288-FDS, Doc. # 25.

[7]     See Case No. 06-CV-40288-FDS, Doc. # 27 & 32 through 36

[8]     See Case No. 06-CV-40288-FDS, Doc. # 32

[9]     See instant case herein, Doc. # 90

causing it to issue a subpoena duces tecum for documents and a deposition subpoena duces tecum to obtain discovery using the vehicle of this instant case for the sole purpose of obtaining discovery which it hopes will establish jurisdiction in Case No. 06-CV-40288-FDS.

## MEMORANDUM OF POINTS AND AUTHORITIES

The two subpoenas which are the subject of these objections are in violation of F.R.C.P. §§ 26(a), 26(b)(1)(2) as specifically set forth in the Plaintiff's recently filed motion for a protective order which are incorporated herein by reference. In addition , it is respectfully submitted that the act of issuing the subpoenas is sanctionable in that it was done to avoid a possible adverse ruling in another action in this District, it seeks information relevant only to the other lawsuit for which a motion to dismiss is pending and was done to obstruct the proper functions of the Court.

Respectfully submitted,

/s/ Michael C. Bourbeau
MICHAEL C. BOURBEAU. BBO #545908
Bourbeau & Bonilla, LLP.
77 Central Street, Second Floor
Boston, MA 02109
(617) 350-6565

Attorney Specially Appearing for
Worldwide Water, LLC, Air2Water, LLC.,
and Michael Klein

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

*S/ Michael C. Bourbeau*