**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
(Boston Division)

| | | |
|---|---|---|
| J. J. REIDY & COMPANY, INC. | ) | |
| Plaintiffs | ) | CIVIL ACTION |
| vs. | ) | CASE NO. 05-40049-FDS |
| | ) | |
| AIRWATER CORP. ET. AL. ) | | |
| Defendants | ) | |

_____/

DEFENDANT'S SUPPLEMENTAL OPPOSITION TO PLAINTIFF'S EMERGENCY
MOTION FOR PROTECTIVE ORDER [DE 91]
&
RESPONSE TO OBJECTIONS TO RULE 45 SUBPOENAS [DE 93]

The Defendant, Airwater Corp., (AIRWATER), herein supplements its prior filed Opposition [DE 92] to the Plaintiff, J.J. Reidy & Co., Inc. Emergency Motion For Protective Order [DE 92], and, herein asserts it Response To the World Wide Water et al, Objections to the Rule 54 Records Custodian Subpoena [DE 93], served on its affiliate company, Air2Water, LLC. on about June 14, 2007, as follows:

A.     Substantive Basis Of Motion & Objections - In each case, the substantive basis for the Motion For Protective Order, and Objections to the Rule 45 Subpoena, are based upon the same ground, namely, that the AIRWATER Rule 26(a)(1) Initial Disclosure, served on Plaintiff on February 3, 2006, did not identify either the deponent, Michael Klein, or the Record's Custodian of Air2Water, LLC, as having evidence relevant to the claims and counterclaims in this matter.   Accordingly, the opponents of such further discovery, in essence, contend that such belated effort at discovery of Klein et al, is potentially prejudicial to the Plaintiff.   Rule 26(a)(1) only requires that AIRWATER identify those individuals and documents of which it was aware at the time of the service of its Initial Disclosures.   The involvement of both Klein and

Air2Water with the Reidy Patents – the same patents covered by the disputed license in this litigation – was not known to AIRWATER at the time its Initial Disclosures were made in February 2006.

      B.    <u>Equitable Estoppel Precludes Entry Of A Protective Order</u> -  J. J. Reidy & Company had information relative to the Klein and Air2Water involvement in the conveyance of rights under the Reidy Patents to Freewater Corp., and did not disclose it to AIRWATER, pursuant to its Initial Disclosure obligations under Rule 26(a)(1) – specifically, the assignment of the Reidy Patents from J.J. Reidy & Company, to Freewater Corp, a holding company caused to be formed by Klein.

      The relevancy of the information sought to be discovered, both to (a) the <u>standing</u> of  J.J. Reidy & Company to continue this litigation in its own name, and (b) the right to receive patent royalties from AIRWATER, from and after the date of such assignment, cannot be seriously disputed.   Moreover, if J.J. Reidy & Company no longer owned the Reidy Patents, its persistence in the pursuit of this litigation, to obtain patent royalties from and <u>after</u> October 4, 2005, (the date it assigned the Reidy Patents to Freewater Corp.), is dishonest and sanctionable (Rule 11, Fed.R.Civ.Proc.).   AIRWATER reserves the right, in the future, to pursue a Motion for reimbursement of its attorney fees from J.J. Reidy & Company, and its counsel, which it incurred from and after October 4, 2005.

      To the extent equitable principles are applicable to this Court's review of and ruling upon the foregoing Motion and Objections, each of J.J. Reidy & Company and Klein, are estopped to complain, by virtue of their withholding of information relative to the Klein et al interest in the instant litigation until J.J. Reidy & Company was compelled to disclose it by this Court in <u>March 2007</u>.   The obstructionist discovery practices of J.J. Reidy & Company, have been previously

noted in the AIRWATER Opposition [DE 92][1] to J.J. Reidy & Company Emergency Motion however bear repeating – See footnote.

        C.     Relevancy Of Information Sought To Be Discovered-  In March 2007, J.J. Reidy & Co. was compelled by this Court to disclose the contractual relationships it (Reidy) had with third parties, relative to the ownership, assignment and/or licensing of the REIDY PATENTS. At that time, and the first time, AIRWATER, became aware of the assignment of the REIDY PATENTS to a holding company, Freewater Corp. – a marketing partner of Air2Water, a Klein controlled company.   The significance of this assignment to this litigation cannot be overstated – J.J. Reidy & Co. has and continued to assert to a right to royalties from and after the date it made such assignment of its patent rights; and, such assignment was in denigration of the AIRWATER "right of first refusal" to acquire such patents, if and when such rights were offered for sale. Thus, had AIRWATER been made aware of the potential sale of such rights, and exercised it "right of first refusal", this case would have been be over long ago!

---

[1] J.J. Reidy's misguided attempt to obstruct the deposition of Mike Klein is the latest in a long string of obstructionist discovery tactics.  In that regard, after agreeing to suspend discovery pending the outcome of mediation, J.J. Reidy repudiated its agreement to jointly seek an extension of discovery when the mediation failed to resolve the matter.  J.J. Reidy opposed AirWater's motion to extend discovery and requested that all further discovery be limited solely to the depositions of the parties.  Thereafter, notwithstanding J.J. Reidy's failure to comply with the Court's Order compelling J.J. Reidy to provide further responses to interrogatories and document requests despite an extension of time granted by AirWater to do so, J.J. Reidy again opposed AirWater's motion to extend discovery necessitated on account of J.J. Reidy's recalcitrance. In the meantime, J.J. Reidy has still not produced any documents that constitute, relate or refer to communications by and between J.J. Reidy and Mike Klein in willful disregard of the Court's Findings and Order on AirWater's Motion to Compel Further Responses to Interrogatories and Document Requests. Certain written communications between J.J. Reidy and Mike Klein are known to exist because AirWater's Florida counsel obtained copies thereof by means of subpoena before the case was transferred to and consolidated in Massachusetts.  Further, J.J. Reidy has failed to provide a privilege log.  More recently, in responding to AirWater's Second Request for Documents relating primarily to the contract belatedly disclosed by J.J. Reidy pursuant to which J.J. Reidy sold the Patents to an entity known as Freewater Company, Inc., J.J. Reidy belatedly served blanket objections to all of AirWater's document requests and produced no documents whatsoever.  In that regard, AirWater has learned that Mike Klein and Freewater Company have entered into a Strategic Alliance Agreement concerning products based on the Reidy Patents.  J.J. Reidy's obstructionist discovery tactics serve only to reinforce the suspicion that J.J. Reidy has something to hide.

In lieu of providing AIRWATER with this opportunity, J.J. Reidy & Co., and its co-conspirators, Klein and Air2Water, concealed the transfer of the REIDY PATENTS[2i], and have since pretended that such transfer was irrelevant to the issues in this case.   As is evident from the above abbreviated discussion, nothing could be further from the truth.

In summary, the discovery sought by AIRWATER seeks highly relevant information, (J.J. Reidy & Co. standing to sue), was timely undertaken, and within the amended schedule set forth by this Court.   Moreover, the extent of involvement of Klein and his company, Air2Water LLC, is also relevant to the interference with the putative termination AIRWATER exclusive world wide patent rights under the REIDY PATENTS; and, to the AIRWATER right of first refusal acquire the REIDY PATENTS.    Accordingly, the J.J. Reidy & Co. Motion For Protective Order and the World Wide Water Objections (which are both founded upon the same specious grounds) should be denied/rejected.

Respectfully,

/s/ John H. Faro
John H. Faro, Esq.
(BBO #159260)
JohnF75712@aol.com

Faro & Associates
44 W. Flagler Street, Suite 1100
Miami, FL  33130
Phone  (305) 424-1112
Fax      (305) 424-1114

---

[2]   In order for an assignment of an interest in a U.S. Patent to be effective, it must be in writing and recorded with the U.S. Patent Office, 35 USC 261.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that this document, filed through the ECF system, will be sent electronically to the registered participants, as identified in the Notice of Electronic Filing (NEF), and that paper copies will be sent to the individuals indicated as non-registered participants, as per the attached Distribution List, on June 29, 2007.

Respectfully,


<u>/s/ John H. Faro</u>
John H. Faro, Esq.
BBO # 159,260
Attorney For Plaintiff

DISTRIBUTION:

Michael C. Bourbeau, Esq.
Bourbeau & Bonilla
77 Central Street – 2nd Floor
Boston, MA  02109
Phone  617, 350-6565
Fax      617, 350-7766
Email   mike@lawgenie.com

John D. Montague, Esq.
Montague & Viglione
1500 River Park Drive – Suite 110
Sacramento, CA  95815
Phone  916, 929-5018
Fax      916, 929-8967

Richard G. Sherman, Esq.
149 South Barrington Avenue
Los Angeles, CA  90049

Phone: 310, 440-5647
Email: RGSman@aol.com


Civil Clerk's Office

U.S. District Court for Massachusetts
        Central Division
Harold D. Donohue Federal Bldg & Courthouse
595 Main Street, Suite 502
Worcester, Massachusetts 01608

---

i