UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-40049-FDS

(Consolidated with <u>AirWater Patents, Inc. v. J.J. Reidy & Co., Inc.</u>, a Massachusetts Corporation; United States District Court Southern District of Florida, Miami Division, Case No. 05-20650-CIV-JORDAN)

| | |
|---|---|
| J.J. REIDY & CO., INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| AIRWATER CORPORATION and AIRWATER PATENTS CORPORATION, | ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF J.J. REIDY & CO., INC.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

J. J. Reidy & Co., Inc. ("Reidy") files this supplemental memorandum with the Court in order to: (1) provide the Court with statements that the defendants' parent company made to the Securities and Exchange Commission ("SEC") in annual filings, which statements were certified by defendants' President, Michael Zwebner ("Zwebner"), acknowledging that minimum monthly royalty payments of $10,000 are required under the license agreement through October 2013, and (2) to provide the Court with excerpts from the Fed. R. Civ. P. 30(b)(6) deposition of the defendants taken on June 8, 2007, in which the defendants' designee, Zwebner, testified that the defendants never requested that Reidy make any applications for any foreign trademark or trade name registration.

I.  <u>Annual SEC Filings of the Defendants' Parent Company, Universal Communications Systems, Certified by the Defendants' President, Acknowledge that the Defendants Owed Royalty Monthly Royalty Payments of $10,000 Through October of 2013</u>

In this action, Reidy asserts that it is entitled to continuing monthly royalty payments of $10,000 pursuant to the Global Manufacturing and Marketing Licensing Agreement (the "Agreement") between the parties. By contrast, Defendants AirWater Corporation and AirWater Patent (collectively "AirWater") allege in this action that the obligation to make monthly royalty payments of $10,000 was limited to one year under the Agreement.

Reidy has recently discovered statements in annual filings made by Universal Communications Systems ("UCSY"), the parent company of both defendants,[1] with the Securities and Exchange Commission ("SEC") that explicitly state that the Agreement with Reidy requires monthly royalty payments of $10,000 per month through October, 2013.[2] Specifically, an amendment to the Form 10-KSB annual filing of UCSY filed on or about June 30, 2004 states in pertinent part:

> AirWater Minimum Royalty Payments
>
> As discussed more fully in Note 1, ***the Company's license agreement, through its AirWater subsidiary, requires monthly royalty payments of $10,000 per month through October 2013***.

(See Affidavit of James P. Hoban ("Hoban Aff."), Ex. A, p. 45, filed herewith.)

Moreover, the certification for that filing, executed by Zwebner,[3] states in pertinent part:

> 1. ***I have reviewed this amendment*** to the annual report on Form 10-KSB of Universal Communications Systems, Inc.;

---

[1] UCSY is a publicly traded company on the New York Stock Exchange. As of July 12, 2007, the per share value of its stock was listed as $0.00 on msn.com.

[2] These materials were not produced by AirWater in discovery and were only recently discovered by Reidy in the course of its own investigation and research.

[3] Zwebner is responsible as a signatory for the disclosures under the Securities Exchange Act of 1934 liability provisions and may be liable for material misstatements or omissions under general antifraud standards and under the SEC's authority to seek redress against those who cause or aid or abet securities law violations. See Howard v. Everex Systems, Inc. 228 F.3d 1057 (9th Cir. 2000) (a corporate officer who signs a Commission filing containing representations "makes" the statement in the filing and can be liable as a primary violator of Section 10(b) of the Exchange Act and subject to fraud allegations).

> 2. Based on my knowledge, *this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made*, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report..."

(See Hoban Aff., Ex. A, pp. 66-67.)

On or about January 13, 2005 UCSY made another filing with the SEC acknowledging AirWater's obligation to make monthly royalty payments under the Agreement through October 2013. That filing contains the same factual assertion that "the Company's license agreement, through its AirWater subsidiary, requires monthly royalty payments of $10,000 per month through October 2013," as well as a similar certification.[4] The certification for the January 13, 2005 filing was, once again, executed by Zwebner.

As noted above, Zwebner is the President of both defendant companies and was the Fed. R. Civ. P. 30(b)(6) designee for both companies in this action. These filings with the SEC, and Zwebner's certification of their accuracy, are further evidence that there is no genuine issue of material fact as to AirWater's continuing obligation to pay royalties to Reidy through 2013.

II.  AirWater's Fed. R. Civ. P. 30(b)(6) Deposition Establishes That Defendants Never Requested That Reidy File Any Foreign Trademark Or Trade Name Registration.

---

[4] Specifically, the January 13, 2005 filing states:

> AirWater Minimum Royalty Payments
>
> As discussed more fully in Notes 1, *the Company's license agreement, through its AirWater subsidiary, requires monthly royalty payments of $10,000 per month through October 2013.*

The certification for that filing, like the June 30, 2004 filing, provides in pertinent part:

> 1. *I have reviewed this annual report* on Form 10-KSB of Universal Communications Systems, Inc.;
>
> 2. *Based on my knowledge, this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made*, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report..."

(See Affidavit of Thomas J. Conte dated July 12, 2007 ("Conte Aff."), Ex. A, pp. 43, 59-60.)

-3-

In this action, AirWater has asserted that Reidy has breached the Agreement by failing and refusing to apply for foreign trademark registration upon their request. Even if Reidy had an obligation to apply for foreign trademarks under the Agreement upon request, which it does not, AirWater never requested that Reidy do so. This fact was recently confirmed in the Fed. R. Civ. P. 30(b)(6) deposition of AirWater. In this regard, AirWater's designee, Zwebner, testified as follows:

> Q. Okay. And at any time did you ask Mr. Reidy to make application for foreign trademark or trade name registration?
>
> A. Certainly.
>
> Q. When?
>
> A. Not foreign trademark. I'm sorry. The answer to that question is no. Not to trademark, we didn't ask Mr. Reidy that at all. ...

(See Hoban Aff., Ex. C, p. 74)

Absent a request, there can be no breach of the Agreement even if the Agreement required Reidy to make such applications, which is disputed. Accordingly, there is no genuine issue of material fact which would preclude entry of partial summary judgment in favor of Reidy on that issue.

WHEREFORE, J.J. Reidy & Co., Inc. respectfully requests that this Honorable Court allow its Motion for Partial Summary Judgment.

                                            J.J. REIDY & COMPANY, INC.
                                            By its attorneys,

                                            /s/ James P. Hoban
                                            Thomas J. Conte (BBO #566092)
                                            Maura A. Greene (BBO #547204)
                                            James P. Hoban (BBO #633929)
                                            Bowditch & Dewey, LLP
                                            311 Main Street, P.O. Box 15156
                                            Worcester, MA 01615-0156
                                            (508) 926-3415
                                            FAX: (508) 929-3006
                                            tconte@bowditch.com
                                            mgreene@bowditch.com
                                            jhoban@bowditch.com

Dated: July 12, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 12, 2007.

/s/ James P. Hoban
James P. Hoban

{Client Files\lit\304269\0002\PLD\F0415067.DOC;2}