UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| J.J. REIDY & CO., INC.,<br><br>   Plaintiff,<br><br>v.<br><br>AIRWATER CORPORATION AND AIRWATER PATENTS CORPORATION,<br><br>   Defendants. | CIVIL ACTION NO. 05-40049-FDS |
| AIRWATER PATENTS, INC.<br><br>   Plaintiff,<br><br>v.<br><br>J.J. REIDY & CO., INC.<br><br>   Defendant. | CIVIL ACTION NO. 06-10137-FDS |

REPLY OF AIRWATER CORPORATION AND
AIRWATER PATENTS, INC. TO PLAINTIFF J.J. REIDY & CO., INC.'S
SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT AND IN FURTHER SUPPORT
OF AIRWATER CORPORATION'S AND AIRWATER PATENTS,
INC.'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

   AirWater Corporation and AirWater Patents, Inc. collectively, ("AirWater") hereby submit this Reply to Plaintiff's J.J. Reidy & Co., Inc.'s Supplemental Memorandum of Law in support of Motion for Partial Summary Judgment and in further Support of AirWater Corporation's and AirWater Patents, Inc.'s Cross-Motion for Partial Summary Judgment.

## ARGUMENT

A.  **J.J. REIDY'S MOTION FOR PARTIAL SUMMARY JUDGMENT MUST BE DENIED AND AIRWATER'S CROSS-MOTION FOR SUMMARY JUDGMENT MUST BE GRANTED BECAUSE J.J. REIDY DID NOT OWN THE REIDY PATENTS AND, THEREFORE, COULD NOT LICENSE THEM TO AIRWATER**

J.J. Reidy's Motion for Partial Summary Judgment must be denied and AirWater's Cross-Motion for Summary Judgment must be granted because J.J. Reidy did not own the Reidy Patents and, therefore, could not license them to AirWater. As a result, there was a complete failure of consideration and AirWater is entitled as a matter of law to, among other things, the return of all amounts paid by AirWater totaling approximately $420,000 plus all other consequential damages, and possibly attorney's fees and costs.

Reidy Patents numbered 5,106,512, 5,149,446 and 5,203,989 were initially issued to James J. Reidy and were thereafter assigned to Janice Bethanne Reidy. As of March 21, 2003, the date of the Global Manufacturing and Marketing Licensing Agreement, the Reidy Patents numbered 5,106,512, 5,149,446 and 5,203,989 were still owned by Janice Bethanne Reidy. Zayotti Affidavit, Exhs. J-M. Similarly, the Reidy Patent numbered 5,366,705 was initially issued to James Reidy, then assigned to Janice Bethanne Reidy, and then assigned to the Bank of America National Trust & Savings Association in connection with a security agreement. There is no record of any assignment of the patent from the bank back to J.J. Reidy or to anyone else. Although Mr. Reidy testified during his deposition that he could not recall the assignment to a bank, during a telephone conversation by and between Mr. Reidy and Mr. Zwebner on June 27, 2007, Mr. Reidy admitted that after the deposition he inquired about the matter with his patent attorney, Brian Dingman, who informed Mr. Reidy that the patent is still assigned to the bank.

2

Zayotti Affidavit, Exh. I, at 100.; Zwebner Affidavit, at ¶ 7. Thus, NONE of the Reidy Patents were owned by J.J. Reidy & Co., Inc., the supposed Licensor, at the time the parties entered into the Global Manufacturing and Marketing Licensing Agreement. Further, with respect to the Reidy Patent that was assigned to the bank, J.J. Reidy & Co., Inc. has NEVER owned that patent at any time and still does not own the patent as of today.

Under circumstances virtually identical to the present case, the Court in Aqua Flame, Inc. v. Imperial Fountains, Inc., 463 F.Supp. 736, 737 (D.C.Tex., 1979) rendered judgment in favor of the defendant, noting that "[i]t is elementary that if Plaintiff never has owned the patent, it could never license it so that there would be a complete failure of consideration for Defendants' promise to pay $15,000." As in the present case, the plaintiff in Aqua Flame claimed to have licensed a patent to the defendant in exchange for the payment of $15,000, plus royalties. However, the patent that was to be licensed to the defendant had been issued by the United States Patent and Trademark Office to the individual inventor who also happened to be the president of the corporate plaintiff. Moreover, before the plaintiff and defendant had entered into their contract, the individual inventor assigned the patent to a bank as security for a loan. Under these circumstances, the court concluded that it was "quite willing to find a lack of consideration for and a fraud in the inducement to the entire contract and [that] Plaintiff has no right to collect a royalty on a patented device of which it owns no interest in the patent." 463 F.Supp. at 739.

By the same token, because J.J. Reidy did not own any of the Reidy Patents at the time of the Global Manufacturing and Marketing Licensing Agreement, and since the

3

Reidy Patent numbered number 5,366,705 is still assigned to the bank, J.J. Reidy was incapable of licensing the Reidy Patents to AirWater and there was a complete failure of consideration. Additionally, in light of the foregoing, it cannot be disputed that J.J. Reidy breached its warranty that J.J. Reidy had the "entire right, title and interest" thereto and the "absolute and undisputed rights to grant" an exclusive license therein to AirWater. Zayotti Affidavit, Exh. J, at 1. Accordingly, AirWater is entitled to judgment as a matter of law on all claims, including but not limited to judgment for the return of all amounts paid to J.J. Reidy pursuant to the Global Manufacturing and Marketing Licensing Agreement in the approximate amount of $420,000.

B.  **J.J. REIDY'S MOTION FOR PARTIAL SUMMARY JUDGMENT MUST BE DENIED AND AIRWATER'S CROSS-MOTION FOR SUMMARY JUDGMENT MUST BE GRANTED BECAUSE J.J. REIDY FAILED TO DELIVER THE GLOBAL PATENTS**

J.J. Reidy's Motion for Partial Summary Judgment must be denied and AirWater's Cross-Motion for Summary Judgment must be granted because J.J. Reidy failed to deliver foreign patent registrations as required by the parties' Global Manufacturing and Marketing Licensing Agreement.

With regard to foreign patent protection, the parties' specifically agreed that the "Global Marketing and Licensing Agreement and LICENSED PROPERTY AND TECHNOLOGY AND ALL PROPRIETARY RIGHTS are to be valid all over the world without restrictions." Zayotti Affidavit, Exh. J, at 3 (emphasis in original). J.J. Reidy testified that "at that time I had a PCT application that gave me the right to file a patent in any of the 123 member countries," and that the "intent at the moment this thing was signed was that we would have patents all over the world wherever we wanted them." Zayotti Affidavit, Exh. I, at 91-92. Contrary to the terms of the parties' agreement,

4

however, J.J. Reidy never obtained any foreign patent registrations. Id., Exh. I, at 93. Accordingly, AirWater is entitled to judgment as a matter of law because J.J. Reidy committed a prior material breach of the contract and there was a complete failure of consideration.

D. **J.J. REIDY'S MOTION FOR PARTIAL SUMMARY JUDGMENT MUST BE DENIED AND AIRWATER'S CROSS-MOTION FOR SUMMARY JUDGMENT MUST BE GRANTED BECAUSE THE AGREEMENT CALLS FOR PAYMENT OF ROYALTIES BEYOND THE EXPIRATION OF THE PATENTS**

J.J. Reidy's Motion for Partial Summary Judgment must be denied and AirWater's Cross-Motion for Summary Judgment must be granted because the Global Manufacturing and Marketing Licensing Agreement calls for payment of royalties beyond the expiration of the Reidy Patents. Specifically, the Agreement provides that "[t]he term of this Agreement shall commence upon the date of execution of this agreement and shall remain binding and continue for a period of not less than 10 years, and / or for the life of the last expiring patent." Zayotti Affidavit, Exh. J, at 2. However, "a patentee's use of a royalty agreement that projects beyond the expiration date of the patent is unlawful per se." Brulotte v. Thys Co., 379 U.S. 29, 32, 85 S.Ct. 176, 179, 13 L.Ed.2d 99 (1964). Where, as here, the "bad part of the consideration is not severable from the good, the whole promise fails." Bishop v. Palmer, 146 Mass. 469, 474 (1888)".

E. **J.J. REIDY'S MOTION FOR PARTIAL SUMMARY JUDGMENT MUST BE DENIED AND AIRWATER'S CROSS-MOTION FOR SUMMARY JUDGMENT MUST BE GRANTED BECAUSE J.J. REIDY'S CLAIM FOR MINIMUM MONTHLY ROYALTIES IS BARRED BY THE ELECTION OF REMEDIES DOCTRINE**

J.J. Reidy's Motion for Partial Summary Judgment must be denied and AirWater's Cross-Motion for Summary Judgment must be granted because J.J. Reidy's claim for minimum monthly royalties is barred by the election of remedies doctrine.

J.J. Reidy has moved for summary judgment that "AirWater Patents Corporation breached the terms of the License by failing to make the required royalty payments to J.J. Reidy on November 1, 2004 and December 1, 2004 in the amount of $10,000 each" and that the "rights granted to Defendant AirWater Corporation and AirWater Patents Corporation under the License have been terminated as of January 31, 2005". J.J. Reidy's Motion for Partial Summary Judgment, at 2. Because it is undisputed that AirWater has not manufactured or sold any air-to-water machines based upon the Reidy Patents, Zayotti Affidavit, Exh. I, at 60; Exh. K, at 43-46, 116, J.J. Reidy's claim for royalties is barred as a matter of law by virtue of the fact that J.J. Reidy has elected to pursue the remedy of termination effective January 31, 2005.

F.  **AIRWATER IS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON J.J. REIDY'S CLAIM FOR FRAUD BECAUSE J.J. REIDY KNEW AIRWATER WAS IN THE PROCESS OF RAISING $2 MILLION BEFORE J.J. REIDY ENTERED INTO THE CONTRACT**

In its Second Amended Complaint, J.J. Reidy alleges that "AirWater Corporation falsely represented to J.J. Reidy that it had $2 million in financing in order to market products based upon J.J. Reidy's. AirWater Corp. also falsely represented that it had the resources available to fulfill its promise to establish and maintain the awareness and exposure of products manufactured by it base don the patents licensed by J.J. Reidy and to enhance sales and future growth." Second Amended Complaint, at ¶ 19. AirWater is entitled to judgment as a matter of law on J.J. Reidy's claim for misrepresentation because it is indisputable that before J.J. Reidy executed the Global Manufacturing and Marketing Licensing Agreement, AirWater told J.J. Reidy that AirWater was still in the process of trying to raise the $2 million. Zayotti Affidavit, Exh. L. Accordingly, J.J. Reidy did not rely upon the supposed misrepresentations in entering into the Global

6

Manufacturing and Marketing Licensing Agreement and AirWater is entitled to judgment as a matter of law.

E. **THE SEC FILINGS OF AIRWATER'S PARENT COMPANY ARE NOT NEWLY DISCOVERED EVIDENCE AND AIRWATER TESTIFIED THAT THE RELEVANT STATEMENTS WERE MADE IN ERROR AND WERE SUBSEQUENTLY CORRECTED**

In its Motion for Leave to file its Supplemental Memorandum of Law in Support of its Motion for Partial Summary Judgment, J.J. Reidy disingenuously states that it "has recently discovered filings with the SEC, which were "not produced in discovery and Reidy was not aware of these statements in the SEC filings at the time it served its motion for summary judgment." J.J. Reidy's Motion for Leave, at 2. Contrary to J.J. Reidy's statement, however, counsel for J.J. Reidy mentioned the statements in these SEC filings to AirWater's counsel during a telephone conversation in October 2005 regarding the preparation of the parties' joint statement. Zayotti Affidavit, at ¶ 15. Moreover, these SEC filings were not produced by AirWater during discovery because they were not responsive to any of J.J. Reidy's discovery requests. Id.

More importantly, however, Mr. Zwebner testified that UCSY's statements regarding minimum monthly royalties under the Global Manufacturing and Marketing Licensing Agreement were made in error by UCSY's auditors and were corrected in subsequent SEC filings. Id., Exh.K, at 107.

## CONCLUSION

WHEREFORE, based upon the foregoing supplemental points and authorities AirWater Corporation and AirWater Patents, Inc. hereby request that this Honorable Court enter an order:

7

1. Denying Plaintiff J.J. Reidy & Co., Inc.'s Motion for Partial Summary Judgment;

2. Dismissing all claims brought by J.J. Reidy against AirWater;

3. Granting summary judgment in favor of AirWater on its breach of contract claim against J.J. Reidy;

4. Awarding AirWater damages resulting from J.J. Reidy's breach of contract, including but not limited to ordering J.J. Reidy to disgorge to all amounts paid by AirWater to J.J. Reidy pursuant to the Global Manufacturing and Marketing Licensing Agreement; and

5. Awarding AirWater such other and further relief as this Honorable Court may deem just and proper.

AIRWATER CORPORATION AND
AIRWATER PATENTS, INC.

Respectfully submitted,

/s/ Matthew P. Zayotti

Richard Kirby, BBO# 273600
Matthew P. Zayotti, BBO# 638265
Keegan Werlin LLP
265 Franklin Street
Boston, Massachusetts 02110-3113
(617) 951-1400

Dated: July 18, 2007

**CERTIFICATE OF SERVICE**
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 18, 2007.

/s/ Matthew P. Zayotti