UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| J.J. REIDY & CO., INC.,<br><br>Plaintiff,<br><br>v.<br><br>AIRWATER CORPORATION AND AIRWATER PATENTS CORPORATION,<br><br>Defendants. | CIVIL ACTION NO. 05-40049-FDS |
| AIRWATER PATENTS, INC.<br><br>Plaintiff,<br><br>v.<br><br>J.J. REIDY & CO., INC.<br><br>Defendant. | CIVIL ACTION NO. 06-10137-FDS |

## SUPPLEMENTAL AFFIDAVIT OF MICHAEL J. ZWEBNER IN FURTHER SUPPORT OF AIRWATER'S MOTION TO ENFORCE ORAL SETTLEMENT AGREEMENT

I, MICHAEL J. ZWEBNER, do hereby state and depose as follows:

1. I am the President of AirWater Patents, Inc. and AirWater Corporation (collectively, "AirWater").

2. I am incredulous as to many of the assertions contained in Mr. James Reidy's affidavit in opposition to the Motion to Enforce to the Oral Settlement Agreement.

3. I re-iterate that during the break in his deposition, Mr. Reidy and I discussed a settlement of the litigation. His first statement to me was" Yes, I want to

settle, I want out of all this litigation." In fact, Mr. Reidy repeated this statement several times. As well as the statement of Reidy on two occasions that stated: "I agree to that!"

4. After Mr. Reidy twice stated, "I agree to that!", the attorney for Reidy took him out of the room, and had a 30 minute meeting. After they finished the meeting, Mr. Reidy and his attorney returned and substantially changed the terms of what was already agreed.

5. At approximately 4:00 p.m. Mr. Reidy's attorney stated that she had to leave. As she was rushing to leave the office, I asked Mr. Reidy why he was suddenly trying to disavow the settlement agreement we had reached. In response, Mr. Reidy stated that "T.J. [Conte] is adamant that I not settle the case on those terms", or words to that effect. Attorney Greene also indicated that she and Mr. Reidy had conferred with Attorney Conte. Based on these comments, I understood that Mr. Reidy and Attorney Greene had had a telephone conference with Attorney Conte, who was apparently out of the office, and that Attorney Conte had instructed them to disavow our settlement agreement.

6. Additionally, as Mr. Reidy and Attorney Greene were rushing toward the elevator to leave, I asked Mr. Reidy for his cellular phone number so that I could talk to him further because Attorney Greene was cutting the meeting short. Mr. Reidy began to give me his cell phone number, but Attorney Greene cut him off stating "Don't give it to him" and then ushered Mr. Reidy into the elevator.

7. On Wednesday, June 27, 2007, during a telephone conversation I had with Mr. Reidy about the settlement we had reached on June 26th, Mr. Reidy admitted that one or more of his patents are still under assignment to the Bank of America, and that Brian

Dingman, his patent attorney was going to try to get this problem resolved, but that it is a "'bear" to do that, and could take considerable time, intimating two to three weeks.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS __17th__ DAY OF JULY, 2007.

CERTIFICATE OF SERVICE
I hereby certify that this document filed though the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 18, 2007