UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| J.J. REIDY & CO., INC.,<br><br>Plaintiff,<br><br>v.<br><br>AIRWATER CORPORATION AND AIRWATER PATENTS CORPORATION,<br><br>Defendants. | CIVIL ACTION NO. 05-40049-FDS |
| AIRWATER PATENTS, INC.<br><br>Plaintiff,<br><br>v.<br><br>J.J. REIDY & CO., INC.<br><br>Defendant. | CIVIL ACTION NO. 06-10137-FDS |

**MOTION OF DEFENDANTS AIRWATER CORPORATION AND AIRWATER PATENTS, INC. FOR RECONSIDERATION OF DEFENDANTS' <u>MOTION TO ENFORCE ORAL SETTLEMENT AGREEMENT</u>**

The Defendants AirWater Corporation and AirWater Patents, Inc. (collectively, "AirWater") hereby move for reconsideration of their motion to enforce the terms of an oral settlement agreement reached by and between the parties on Tuesday, June 26, 2007. In support of this motion, AirWater states as follows:

1. "As a general rule, when the parties dispute the existence or terms of a settlement agreement, the parties must be allowed an evidentiary hearing." <u>Sheng v. Starkey Laboratories, Inc.</u>, 53 F.3d 192, 194 (8th Cir. 1995), citing, <u>TCBY Sys., Inc. v. EGB Assocs., Inc.</u>, 2 F.3d 288, 291 (8th Cir.1993) (per curiam) (stating rule in the context of a motion to enforce a settlement agreement), <u>cert. denied</u>, 511 U.S. 1108, 114

S.Ct. 2104, 128 L.Ed.2d 665 (1994). See also, Simmons, Inc. v. Koronis Parts, Inc., 2002 WL 1347401, *2 (D.Minn. 2002) ("When the parties dispute either the existence or terms of a settlement agreement, the parties must be allowed an evidentiary hearing."), citing, Sheng, 53 F.3d at 194; Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987); Kukla v. National Distillers Products, 483 F.2d 619, 622 (6th Cir.1973). See also, Bobonik v. Medina General Hosp., 126 Fed.Appx. 270, *273, 2005 WL 673474, *3 (6th Cir. 2005) (ordinarily the district court must hold an evidentiary hearing where facts material to an agreement are disputed), citing, Kukla, 483 F.2d at 621; Re Max Int'l v. Reality One, Inc., 271 F.3d 633, 645-46 (6th Cir. 2001); United States Olympic Comm. v. David Shoe Co., Inc., 1987 WL 24125 *2 (6th Cir. 1987) (holding that district court erred in dismissing case without first holding an evidentiary hearing because an apparent factual dispute existed as to the existence of a settlement agreement).

    2.    Upon filing its Motion to Enforce Oral Settlement Agreement, AirWater expected that J.J. Reidy would dispute the legal significance of what transpired on June 26, 2006, but AirWater did not anticipate that J.J. Reidy would dispute the factual substance of what actually occurred.

    3.    Contrary to AirWater's expectations, Mr. Reidy stated as follows in his affidavit in support of J.J. Reidy's Opposition to AirWater's Motion to Enforce Oral Settlement Agreement:

> "On a break, I met with Mr. Zwebner, without counsel present, and we discussed settlement terms again. I reiterated that we were willing to negotiate, but that we required a clean break from the Defendants and that I was unwilling to be a witness for or provide any documents to either Defendant or any of their affiliates in any lawsuit. Mr. Zwebner again proposed a nonexclusive license and

some other terms, which I again rejected as I had done in
our earlier settlement discussions."

<u>Reidy Affidavit</u>, at ¶ 8.

4. If Mr. Reidy's affidavit is to be believed, then there was absolutely no basis for either of the parties to have thought that there was any settlement. Yet, Mr. Reidy's affidavit is belied by his own undisputed statements, which strongly suggest that Mr. Reidy thought that he had reached agreement with Mr. Zwebner. In that regard, Mr. Reidy carefully avoids addressing these statements in his own affidavit, perhaps because they were made in the presence of, and could be independently corroborated by, various non-party witnesses such as the court reporter and the law firm receptionist.

5. Specifically, Mr. Reidy does not dispute that at the end of the meeting between himself and Mr. Zwebner, Mr. Reidy emerged from the conference room and stated that he and Mr. Zwebner had reached an agreement to settle the case. Similarly, Mr. Reidy does not dispute that when AirWater's counsel stated that he wanted to put a statement on the record regarding suspension of the deposition and resumption thereof if necessary, Mr. Reidy stated: "Why? This case is over." Mr. Reidy does not dispute that he insisted on clarifying that by agreeing to give AirWater a non-exclusive license as part of the settlement, he would not be prevented from selling the Reidy Patents to anyone he wanted. Mr. Reidy does not dispute that when Mr. Zwebner proposed that J.J. Reidy give AirWater a credit on future royalties in the amount of $300,000, Mr. Reidy stated: "I agree to that! I agree to that!" In light of these undisputed statements, Mr. Reidy's contention that the parties rejected each other's settlement proposals is simply not credible.

3

6.    Mr. Reidy's contention that the parties rejected each other's settlement proposals during their private meeting is further belied by the following statement, which AirWater's counsel put on the record and to which counsel for J.J. Reidy agreed, when the parties agreed to suspend Mr. Reidy's deposition.

> "The parties are actively engaged in settlement discussions, exploring what may be a settlement in principle. We have agreed to suspend the deposition. We'll resume tomorrow morning if necessary."

Zayotti Affidavit, Exh. A.

7.    In any event, because J.J. Reidy has raised a factual dispute as to the existence of an oral settlement agreement, AirWater is entitled to an evidentiary hearing on its Motion to Enforce Oral Settlement Agreement.

WHEREFORE, AirWater respectfully request that this Honorable Court enter an order:

1.    Reconsidering its decision denying AirWater's Motion to Enforce Oral Settlement Agreement; and

2.    Scheduling an evidentiary hearing on AirWater's Motion to Enforce Oral Settlement Agreement.

AIRWATER CORPORATION AND
AIRWATER PATENTS, INC.

By their attorneys,

*/s/ Matthew P. Zayotti*

Richard Kirby, BBO# 273600
Matthew P. Zayotti, BBO# 638265
Keegan Werlin LLP
265 Franklin Street
Boston, Massachusetts 02110-3113
(617) 951-1400

Dated: July 24, 2007

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I, Matthew P. Zayotti, hereby certify that on July 10, 2007, I conferred with Maura A. Greene, Esq. of Bowditch & Dewey, LLP, counsel for the Plaintiff J.J. Reidy & Co., Inc. in a good faith attempt to resolve or narrow the issues related to AirWater's Motion to Enforce Oral Settlement Agreement.

*/s/ Matthew P. Zayotti*

---

**CERTIFICATE OF SERVICE**
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 24, 2007.

*/s/ Matthew P. Zayotti*

---