UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-40049-FDS

(Consolidated with <u>AirWater Patents, Inc. v. J.J. Reidy & Co., Inc.</u>, a Massachusetts Corporation; United States District Court Southern District of Florida, Miami Division, Case No. 05-20650-CIV-JORDAN)

J.J. REIDY & CO., INC., )
)
    Plaintiff, )
)
v. )
)
AIRWATER CORPORATION and )
AIRWATER PATENTS CORPORATION, )
)
    Defendants. )

**PLAINTIFF J.J. REIDY & CO., INC.'S SECOND SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

In accord with the Court's (Saylor, J.) order on or about July 18, 2007, J. J. Reidy & Co., Inc. ("J. J. Reidy") files this second supplemental memorandum and the accompanying Second Affidavit of James P. Hoban with the Court in order to: (1) provide copies of the actual patent assignments executed and filed in the United Sates Patent and Trademark Office ("PTO") which establish that as of the effective date of the Global Manufacturing and Marketing Licensing Agreement (the "Agreement"), March 21, 2003, J. J. Reidy held all right, title and interest in patent numbers 5,106,512, 5,149,446, 5,203,989 and 5,366,705; (2) to provide the Court with copies of the actual security agreements filed in the PTO purporting to grant security interests in 894 different patents and patent applications to Bank of America National Trust & Savings Association, as administrative agent, dated March 30, 1998 and March 31, 1998 which demonstrate that that neither James J. Reidy ("Mr. Reidy"), Janice BethAnne Reidy ("Janice Reidy"), nor J. J. Reidy is a party to or a signatory on either of those security agreements; and (3)

to demonstrate that the Agreement does not require royalty payments beyond the expiration date of the last expiring licensed patent (June 8, 2013) and therefore the Agreement does not offend public policy and is enforceable.

I. <u>The Actual Assignment Documents Filed In The PTO Demonstrate That J. J. Reidy Held All Right, Title And Interest In Patent Numbers 5,106,512, 5,149,446, 5,203,989 And 5,366,705 As Of March 21, 2003</u>.

On April 20, 1995, Mr. Reidy executed four (4) separate assignments in favor of his daughter, Janice Reidy, assigning his entire right, title and interest in Patent Numbers 5,106,512, 5,149,446, 5,203,989 and 5,366,705 to her. Each of those assignments state in pertinent part:

> For valuable consideration, I, James J. Reidy, residing at 1260 Main Street, Holden, Massachusetts, 10520-1020 (hereinafter "the Assignor"), ***hereby assign to Janice BethAnne Reidy***, an individual residing at 1260 Main Street, Holden, Massachusetts, 10520-1020, and her successors and assigns (collectively hereinafter called "the Assignee"), ***the entire right, title and interest throughout the world in the inventions and improvements which are the subject of United States Patent No.***[ 5,106,512, 5,149,446, 5,203,989 and 5,366,705, respectively] …(emphasis added)

(See Second Affidavit of James P. Hoban dated August 1, 2007 ("2d. Hoban Aff."), Exs. A, C, E, and G.)

It is clear from the plain language of the assignments that Mr. Reidy signed <u>all</u> of his right, title and interest to his daughter. (See 2d. Hoban Aff.), Exs. A, C, E, and G.) All four of those assignments were filed in the PTO on May 5, 1995 by Brian M. Dingman ("Attorney Dingman"), Mr. Reidy's and J. J. Reidy's patent attorney. (See Id.)

Approximately three years later, on June 11, 1998, Janice Reidy executed four separate assignments, one for each of the above referenced patents, assigning her entire right, title and interest in each of those patents to J. J. Reidy. (See 2d. Hoban Aff., Exs. B, D, F, and H.) Each of those assignments state in pertinent part:

-2-

> For valuable consideration, I, Janice BethAnne Reidy, residing at 1260 Main Street, Holden, Massachusetts, 10520-1020, and being a citizen of the United States of America (hereinafter "the Assignor"), **_hereby assign to J. J. Reidy & Co., Inc._**, a Massachusetts corporation having a principal place of business at 1260 Main Street, Holden, Massachusetts, 10520-1020, and its successors and assigns (collectively hereinafter called "the Assignee"), **_the entire right, title and interest throughout the world in the inventions and improvements which are the subject of United States Patent number_**.[ 5,106,512, 5,149,446, 5,203,989 and 5,366,705, respectively] …(emphasis added)

Once again, under the plain language of the instruments all of the assignor's right, title and interest is assigned to the assignee. Each of these assignments was filed in the PTO by Attorney Dingman on June 29, 1998. As such, the assignments filed in the PTO demonstrate that as of the effective date of the Agreement, March 21, 2003, J. J. Reidy held all right, title and interest in Patent Numbers 5,106,512, 5,149,446, 5,203,989 and 5,366,705[1] by virtue of the assignments from Janice Reidy. Thus, there is no failure of consideration and no breach of J. J. Reidy's warranty that it had all right, title and interest in the patents as alleged by Defendants and the Agreement is enforceable.

II.    <u>Mr. Reidy's Alleged Assignment of His Right, Title And Interest In Patent Numbers 5,106,512, 5,149,446, 5,203,989 and 5,366,705 On August 12, 2003 Is A Nullity As Mr. Reidy Had No Interest To Assign As Of That Date.</u>

On August 12, 2003, Mr. Reidy executed a second assignment of each of the Patents in issue purporting to assign all his right title and interest in each of those patents to J. J. Reidy. (<u>See</u> 2d. Hoban Aff., Ex. I.) However, as described more fully above, Mr. Reidy had previously transferred all of his right, title and interest in those Patents to his daughter, Janice Reidy, more that eight years earlier on April 20, 1995. (<u>See</u> 2d. Hoban

---

[1] The alleged grant of a security interest in Patent Number 5,366,705 to Bank of America on or about March 30, 1998 and March 31, 1998 is addressed below.

Aff., Exs. A, C, E, and G.) Mr. Reidy simply had nothing to assign as of August 12, 2003 and, accordingly, that assignment was a nullity.

Moreover, contrary to the suggestion in Defendants' reply papers, the mere fact that the purported assignment was executed and filed, without more, is not evidence that Mr. Reidy held the rights to the Patents in August 2003. Indeed, prior filings with the PTO make it clear that he did not have any right as of August 2003. Thus, the ineffectual purported assignment in August 2003, does not provide a basis for Defendants' contention that J. J. Reidy did not hold title to the Patents and therefore the Agreement is unenforceable.

III.   Neither Mr. Reidy, Janice Reidy, nor J. J. Reidy Is A Party To Or Signatory On The Security Agreements Dated March 30, 1998 and March 31, 1998 Which Allegedly Grant A Security Interest In Patent Number 5,366,705.

On or about March 30, 1998 and March 31, 1998, Evenflo & Spalding Holdings Corporation, Spalding & Evenflo Companies, Inc., Evenflo Company, Inc., Etonic Worldwide Corporation, Lisco, Inc., S & E Finance Co., Inc., Spalding Sports Center, Inc., Etonic Lisco, Inc., Lisco Furniture, Inc., Lisco Feeding, Inc. and Lisco Sports, Inc. (the "Grantors") executed security agreements in favor of Bank of America National Trust & Savings Association, as administrative agent ("Bank of America"). (See 2d. Hoban Aff., Exs. J and K.) Those security agreements were filed in the PTO on or about May 20, 1998 and May 22, 1998, respectively. A patent title abstract filed as Exhibit H to the Affidavit of Matthew P. Zayotti in this case on July 18, 2007 ("7/18 Zayotti Aff."), suggests that Patent Number 5,366,705 is one of the 894 patents in which a lien was granted under that security agreement. This abstract is inaccurate and wholly in error.

The actual security agreements, which are filed contemporaneously with this Memorandum, list only the eleven (11) Grantors named above as parties granting security

interests to Bank of America.[2] The security agreements were executed on behalf of Evenflo & Spalding Holdings Corporation, Spalding & Evenflo Companies, Inc., Evenflo Company, Inc., Etonic Worldwide Corporation, Lisco, Inc., Spalding Sports Center, Inc., Etonic Lisco, Inc., Lisco Furniture, Inc., Lisco Feeding, Inc. and Lisco Sports, Inc. by W. Michael Kipphut, Treasurer and Vice President ("Mr. Kipphut"). Mr. Kipphut has no relationship to or affiliation with Janice Reidy, Mr. Reidy and/or J. J. Reidy.

The security agreements were executed on behalf of S & E Finance Co., Inc. by Paul L. Whiting, President and CEO ("Mr. Whiting").[3] Mr. Whiting has no relationship to or affiliation with Janice Reidy, Mr. Reidy or J. J. Reidy.

Janice Reidy, who held all right, title and interest in Patent Number 5,366,705 on March 30, 1998 is not a Grantor under either security agreement, is not listed or identified anywhere in those security agreements, and did not execute either security agreement. Similarly, neither Mr. Reidy nor J. J. Reidy are identified as Grantors under the security agreements. Neither are listed or identified in those documents and neither executed those documents.

The Grantors who are identified and who did, in fact, execute the security agreements had no right, title or interest in Patent Number 5,366,705 to grant to Bank of America. Indeed, in this regard, it is of note, Part 1 of both Form PTO-1565s indicate with respect to the names of the conveying party(ies) that there are *no* additional names of conveying parties beyond the eleven

---

[2] The security agreement provides in pertinent part on page 8 that:

> "each Grantor hereby grant to the Administrative Agent [Bank of America], for the ratable benefit of the Secured Parties, a first priority security interest in all of the following property now owned or hereinafter acquired by such Grantor, subject only to Liens permitted pursuant to Section 3.3 hereof (collectively, with respect to each Grantor, the "Collateral"):
>
> ...
>
> (h) all Intellectual Property Collateral;
>
> 0..."

[3] It does not appear that Mr. Whiting executed the March 31, 1998 security agreement. (See 2d. Hoban Aff., Ex. K.)

(11) Grantors listed above. Thus, based on a review of the actual assignments and security agreements, rather than the erroneous abstract report, Bank of America does not have any security interest in the Patent.

Indeed, counsel to Bank of America has indicated that "[b]ased on the information we have received from the PTO thus far, it appears there was a clerical error by the PTO." (See 2d. Hoban Aff., Ex. L.) As such, Defendants contention that Patent Number 5,366,705 is subject to a lien in favor of Bank of America is inaccurate.

IV.   The Agreement, By Its Terms, Terminates On June 8, 2013 With The Expiration of Patent No. 5,366,705 And, As Such, There Is No Requirement For The Payment Of Royalties Beyond The Expiration Of The Licensed Patents.

The Agreement provides in pertinent part:

The term of this Agreement shall commence upon the date of execution of this agreement and shall remain binding and continue for a period of not less than 10 years, and/or for the life of the last expiring LICENSED PATENT, whichever comes last, unless terminated sooner as provided herein.

(See Third Affidavit of James J. Reidy, dated October 30, 2006 ("3d Reidy Aff."), ¶4, Ex. A.)

The Agreement which was effective as of March 21, 2003, was executed by Michael Zwebner, on behalf of AirWater Corporation, and by Mr. Reidy, on behalf of J. J. Reidy. See Id. As such, the Agreement terminates on March 21, 2013 or on the date of the last expiring licensed patent, whichever is later.

The patents at issue expire at the greater of 17 years from the issue date or 20 years from the earliest priority date. See 35 U.S.C. §154 (a)(2) and (c)(1). The application for Patent Number 5,106,512 was filed on August 16, 1991, was issued on April 21, 1992, and has an earliest priority date of January 30, 1991. (See 7/18 Zayotti Aff., Ex. A.) Thus, Patent Number 5,106,512 expires on January 30, 2011. See 35 U.S.C. §154 (a)(2) and (c)(1).

The application for Patent Number 5,149,446 was filed on January 30, 1991, was issued on September 22, 2009, and has an earliest priority date of January 30, 1991. (See 7/18 Zayotti Aff., Ex. B.) Accordingly, Patent Number 5,149,446 expires on January 30, 2011. See 35 U.S.C. §154 (a)(2) and (c)(1).

The application for Patent Number 5,203,989 was filed on January 30, 1992, was issued on April 20, 1993, and has an earliest priority date of January 30, 1991. (See 7/18 Zayotti Aff., Ex. C.) As such, Patent Number 5,203,989 expires on January 30, 2011. See 35 U.S.C. §154 (a)(2) and (c)(1).

The application for Patent Number 5,366,705 was filed on June 8, 1993, was issued on November 22, 1994, and has an earliest priority date of June 8, 1993. (See 7/18 Zayotti Aff., Ex. D.) Therefore, Patent Number 5,366,705 expires on June 8, 2013 and is the last expiring licensed patent under the Agreement. See 35 U.S.C. §154 (a)(2) and (c)(1).

June 8, 2013 is later than March 21, 2013 (ten years from the effective date of the Agreement) and, as such, under the plain language of the Agreement, the license expires on that date. (See 3d Reidy Aff., Ex. A.) As such, the license and the last licensed patent expire on the same date and, contrary to Defendants' contentions, the Agreement does not require payment of royalties beyond the expiration of all the patents and issue and therefore is fully enforceable. See Brulotte v. Thys Co., 379 U.S. 29, 33-34, 85 S.Ct. 176, 180, 13 L.Ed.2d. 99 (1964) ("We share the views of the Court of Appeals in Ar-Tik Systems, Inc. v. Dairy Queen, Inc., 3 Cir., 302 F.2d 496, 510, that *after expiration of the last of the patents* incorporated in the machines 'the grant of patent monopoly was spent' and that an attempt to project it into another term by continuation of the licensing agreement is unenforceable.")

WHEREFORE, J.J. Reidy & Co., Inc. respectfully requests that this Honorable Court allow its Motion for Partial Summary Judgment.

J.J. REIDY & COMPANY, INC.

By its attorneys,

_____
Thomas J. Conte (BBO #566092)
Maura A. Greene (BBO #547204)
James P. Hoban (BBO #633929)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
(508) 926-3415
FAX: (508) 929-3006
tconte@bowditch.com
mgreene@bowditch.com
jhoban@bowditch.com

Dated: August 1, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 1, 2007.

_____
James P. Hoban