UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-40049-FDS

(Consolidated with <u>AirWater Patents, Inc. v. J.J. Reidy & Co., Inc., a Massachusetts Corporation</u>; United States District Court Southern District of Florida, Miami Division, Case No. 05-20650-CIV-JORDAN)

| | |
|---|---|
| J.J. REIDY & CO., INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| AIRWATER CORPORATION and | ) |
| AIRWATER PATENTS CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF J.J. REIDY & CO., INC.'S OPPOSITION TO MOTION OF DEFENDANTS AIRWATER CORPORATION AND AIRWATER PATENTS, INC. FOR RECONSIDERATION OF DEFENDANTS' MOTION TO ENFORCE ORAL SETTLEMENT AGREEMENT**

Plaintiff J. J. Reidy & Co., Inc. hereby opposes defendants' motion on the ground that the defendants have not brought forth any new material evidence that would change the Court's decision, and have not shown that the Court committed a manifest error of law which would require a reconsideration of the defendants' motion. The Court was not required, given the sworn affidavits submitted to the court and the lack of any documentary evidence supporting a settlement agreement, to hold an evidentiary hearing. Moreover, the defendants did not request an evidentiary hearing and, as such, have waived any right to one and are estopped from asserting that the Court should have held such a hearing. As the defendants participated in a hearing based on the submission of sworn affidavits and oral argument, they are estopped from complaining about an unfavorable result. Accordingly, defendants' motion for reconsideration should be denied.

1.     The Court's granting of a motion for reconsideration is "an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortgage, 465 F.3d 24 (1st Cir 2006), citing, Charles Alan Wright et. al. Federal Practice and Procedure § 2810.1 (2d ed. 1995).  In the case at bar, the court held a full hearing on the issue, with the review of sworn affidavits from the parties and the consideration of factual and legal issues presented at oral argument.  The "extraordinary remedy" of the granting of a motion for reconsideration is therefore not warranted.

2.     In order to obtain relief, "the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." Palmer v. Champion Mortgage, 465 F.3d 24 (1st Cir. 2006), citing Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (noting that it is very difficult to prevail on a motion for reconsideration and movant must present newly discovered evidence or establish a manifest error of law.)  In Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997), the Court stated as follows:

> "Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact and enables the court to correct its own errors and thus avoid unnecessary appellate procedures.  The rule does not provide a vehicle for a party to undo its own procedural failures or advance arguments that could and should have been presented to the district court prior to the judgment."

3.     In the case at bar, the defendants have presented no newly discovered material evidence and are merely rehashing arguments that did not prevail after a hearing on the matter. Although Reidy disputes the characterizations of its affidavit in the defendants' motion, Reidy has not submitted another affidavit with this opposition, since the issue has already been decided. In addition, the page of the deposition transcript the defendants submitted where counsel

suspended the deposition in order to "explore" settlement merely reinforces Reidy's previous position that settlement discussions were ongoing.

4.  The court did not commit a manifest error of law by failing to hold an evidentiary hearing, and deciding the defendants' motion to enforce the settlement on the basis of sworn affidavits and oral argument. See F.A.C. v. Cooperative De Seguros De Vida, 449, F.3d 185 (1st Cir. 2006). First, the defendants did not request an evidentiary hearing either in their motion, or at oral argument. Second, on the basis of the evidence presented, the court was not required to conduct an evidentiary hearing. In F.A.C. v. Cooperative De Seguros De Vida, 449 F.3d 185 (1st Cir. 2006), the court stated that while it has regularly endorsed the course of an evidentiary hearing if there is a "genuinely disputed" issue of material fact concerning a purported settlement agreement, this assumes that the party "requested such a hearing and had testimony worth presenting." F.A.C. at 194. The Court further stated with regard to the failure of the party to request an evidentiary hearing, "[p]arties are perfectly free to submit issues for resolution on whatever limited evidence they choose to present." Id.; see also, Dankese v. Defense Logistics Agency, 693 F.2d 13, (1st Cir. 1982) (Whether the court may summarily enforce a settlement agreement or should conduct an evidentiary hearing on the disputed issues depends upon the nature of the dispute and the court in exercise of its supervisory powers may determine if party has introduced sufficient evidence to entitle party to an evidentiary hearing). In the case at bar, where the parties submitted sworn affidavits, and there was no written settlement agreement or documentary evidence supporting the defendants' allegation that the case had settled, the court in the exercise of its supervisory powers did not need to hold an evidentiary hearing if the evidence before it was insufficient to require one.

5.  AirWater has waived any right to an evidentiary hearing it may have had by failing to request an evidentiary hearing in either its motion or at oral argument on the matter.

See F.A.C. v. Cooperative De Seguros De Vida, 449 F.3d 185, (1st Cir. 2006) (parties are free to submit issues for resolution on limited evidence, without evidentiary hearing); Aristech v. Chem. Corp. v. Carboline Co., 620 N.E. 2d 258 (1993) (failure to request an evidentiary hearing constitutes waiver and where a party did not object to the process being used, it is estopped from complaining about an unfavorable result).

6. Plaintiff submits to this Court that Defendants' motion for reconsideration is merely a desperate attempt by Defendants to avoid the ruling on the Plaintiff's Motion for Partial Summary Judgment, and should be denied.

7. For the reasons described more fully in Mr. Reidy's affidavit previously filed with the Court, the parties have not reached a settlement of this lawsuit. The Court conducted a full hearing on the matter and considered sworn affidavits from the parties. Defendants' motion for reconsideration is utterly devoid of merit and the arguments set forth therein do not justify the extraordinary remedy of reconsideration.

WHEREFORE, Plaintiff J. J. Reidy & Co., Inc. respectfully requests that this Court issue an order denying Defendants' Motion.

J.J. REIDY & COMPANY, INC.
By its attorneys,

/s/ Maura A. Greene
Thomas J. Conte (BBO #566092)
Maura A. Greene (BBO #547204)
James P. Hoban (BBO #633929)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511
tconte@bowditch.com
mgreene@bowditch.com
jhoban@bowditch.com

Dated: August 10, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 10, 2007.

/s/ Maura A. Greene
Maura A. Greene