UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| J. J. REIDY & CO., INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. |
| v. ) | 05-40049-FDS |
| ) | |
| AIRWATER CORPORATION AND ) | |
| AIRWATER PATENTS CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER ON MOTION OF
AIRWATER CORPORATION AND AIRWATER PATENTS, INC.
TO RECONSIDER COURT'S JULY 18, 2007 ORDER**

**SAYLOR, J.**

This matter is before the Court on defendants AirWater Corporation and Airwater Patents, Inc.'s motion for reconsideration. Defendants ask the Court to reconsider its July 18, 2007 order denying their motion to enforce an oral settlement agreement allegedly reached with plaintiff J.J. Reidy & Co., Inc. during the deposition of its president, James J. Reidy on June 26, 2007. For the reasons stated below, defendants' motion to reconsider is denied.

**I.  Factual Background**

On June 26, 2007, the parties, initially outside the presence of counsel, engaged in settlement discussions while taking a break from John J. Reidy's deposition. Affidavits filed by both parties suggest that they were able to come to agreement about certain settlement terms. Then, the parties met privately with their respective counsel. When they resumed settlement discussions, they did not reduce whatever terms they had agreed to earlier into writing. Instead,

defendants' counsel made the following statement for the court reporter: "The parties are actively engaged in settlement discussions, exploring what may be a settlement in principle. We have agreed to suspend the deposition. We'll resume tomorrow morning if necessary."

The parties' further discussions did not result in a settlement agreement. Nevertheless, on July 11, 2007, defendants moved to enforce the "oral settlement agreement," contending that the terms the parties agreed to prior to meeting with their counsel constituted a complete and binding agreement. Rejecting defendants' arguments, this Court denied their motion on July 18, 2007. On July 24, 2007, defendants filed a motion to reconsider.

## II. Analysis

In their motion for reconsideration, defendants contend that an evidentiary hearing should be held to determine whether a settlement agreement was in fact reached between the parties. They cite a number of cases suggesting that the "general rule" when there are disputed factual questions regarding a settlement agreement is to hold a hearing "to resolve the contested issues of fact." *Bandera v. City of Quincy*, 344 F.3d 47 (1st 2003). *See also Sheng v. Starkey Laboratories, Inc.*, 53 F.3d 192, 194 (8th Cir. 1995). While this may be generally true, "[t]here is no automatic entitlement to an evidentiary hearing simply because the motion concerns a settlement agreement." *Stewart v. M.D.F., Inc.*, 83 F.3d 247, 251 (8th Cir. 1996). Indeed, the "judicial policy favoring settlement rests on the opportunity to conserve judicial resources, not expend them further" by holding hearings on motions to enforce which ultimately will not be granted. For this reason, courts are given "considerable discretion to tailor the proceedings to the practical realities surrounding the particular motion." *Id.* at 54 (explaining that Rule 43(c) of the Federal Rules of Civil Procedure enables courts to hear any motion relying on facts outside the

record on affidavits, oral testimony, or on depositions). When the court determines that the evidence presented "does not establish a sufficient likelihood that [the movant] could prevail at a hearing on the question of whether to enforce the alleged agreement, there will be no hearing on the issue." *Rochester v. Fishman*, 1997 WL 24720, *3 (N.D. Ill. 1997). *See also Foodservice Marketing Associates v. O'Keefe*, 2004 WL 1527687, *1 (E.D. Pa. 2004) (holding that "where essential issues of fact are lacking, and there is little likelihood that the settlement could be upheld, it is within the court's discretion to forego a hearing").

Here, the evidence in the record fails to demonstrate that there was a meeting of the minds as to the material contract terms. Even if, as defendants suggest, the parties agreed to certain settlement terms, they ended their discussion by stating—on the record at the deposition—that they were "actively engaged in settlement discussions." Being "engaged" in settlement discussions does not constitute reaching a settlement agreement. Because defendants are not automatically entitled to a hearing by simply alleging that there was a settlement agreement, it is within this Court's discretion to decide defendants' motion based on the materials already in the record. After a review of the record, it is clear that the parties did not reach a settlement agreement and that defendants' motion to enforce the purported oral agreement must be denied.

## III. Conclusion

For the reasons state above, defendants' motion to reconsider their motion to enforce oral settlement agreement is DENIED.

**So Ordered.**

                                              /s/ F. Dennis Saylor
                                              F. Dennis Saylor IV
                                              United States District Judge

Dated: August 29, 2007